KILPATRICK TOWNSEND & STOCKTON LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
RYAN BRICKER (State Bar No. 269100)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: jgilliland@kilpatricktownsend.com
       mboroumand@kilpatricktownsend.com
       rbricker@kilpatricktownsend.com

Attorneys for Plaintiff
GOPRO, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>360HEROS, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, COPYRIGHT INFRINGEMENT (INJUNCTIVE RELIEF AND DAMAGES SOUGHT) AND DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff GoPro, Inc. ("GoPro") complains against Defendant 360Heros, Inc. ("360Heros") as follows:

## JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT

1. GoPro's first and second claims arise under the Trademark Act of 1946 (the Lanham Act), 15 U.S.C. §§ 1051, *et seq.* GoPro's third claim arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* This Court has jurisdiction over such claims pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act), 17 U.S.C. § 101, *et seq.*, (Copyright Act) as well as 28 U.S.C. §§ 1338(a) and 1338(b). This Court has subject matter jurisdiction over the claim for declaratory judgment that GoPro has not infringed 360Heros' U.S. Patent No. 9,152,019 (the "'019 patent"), under 28 U.S.C. §§ 1331 and 1338(a), because that claim arises under the patent laws of the

1   United States, 35 U.S.C. §§ 101, *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201

2   and 2202.  This Court has supplemental jurisdiction over the remaining state law claims under 28

3   U.S.C. § 1367.

4       2.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because GoPro resides in this

5   district, 360Heros transacts affairs in this district and because a substantial part of the events giving

6   rise to the claims asserted arose in this district.

7       3.     Intra-district assignment to any division of the Northern District is proper under Local

8   Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

9   **PARTIES**

10       4.     GoPro is a Delaware corporation with its principal place of business at 3000 Clearview

11   Way, San Mateo, California 94402.  GoPro is a pioneer when it comes to its cameras and iconic

12   content – well known for, among other things, its innovative durable designs and its professional

13   cameras.  GoPro's trademarks are synonymous with high quality cameras, as well as related

14   accessories and services (including products and software that enable capture and creation of 360-

15   degree video).

16       5.     Upon information and belief, Defendant 360Heros is a Delaware corporation with its

17   principal place of business at 518 Queen Street, Olean, New York 14760.  360Heros manufacturers

18   and offers for sale virtual reality and 360-degree video solutions and related accessories worldwide,

19   including in this judicial district.  360Heros has authorized, directed, and/or actively participated in the

20   wrongful conduct alleged in this Complaint.

21   **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

22       6.     GoPro is an award-winning producer of versatile, mountable and wearable cameras and

23   accessories that help users capture immersive and engaging digital footage of themselves and others

24   enjoying their most meaningful life experiences.  GoPro's products are transforming the way people

25   capture, manage, share, and enjoy photo and video content.  GoPro is known for designing,

26   developing, marketing and selling innovative and durable cameras that are of the highest professional

27   quality and consumer appeal.  As a result, GoPro is a brand leader with immense popularity and its

28   product names and trademarks have achieved wide public recognition among consumers.  GoPro's

YouTube® page, which shares thousands of user-generated videos and GoPro produced videos captured with GoPro's cutting-edge products, has received over a *billion* video views since March 2009. Indeed, in March 2014, YouTube recognized GoPro as the number one most popular brand in YouTube's first-ever Brand Channel Leaderboard.

7.     By enabling both extreme sports enthusiasts and mainstream consumers to document and share their passions with the world, GoPro has become one of the most exciting and aspirational companies in recent memory. The key to GoPro's success is its dedication to delivering products whose quality matches their innovativeness. In order to continue producing innovative products, GoPro has invested significant resources and time developing its cameras and promoting its brand through thoughtful advertising and marketing strategies.

8.     GoPro enjoys a stellar reputation based on its high-quality cameras and the content recorded using those cameras. Among its many recognitions and awards, *Fast Company* named GoPro as one the "The World's 50 Most Innovative Companies" and GoPro has won four prestigious Webby awards based on the quality of the content captured using GoPro products. *Adweek* has listed GoPro as one of the "Top 10 Best Channels on YouTube," and, over the last two years, *Adweek* has repeatedly recognized GoPro and its executives for the company's branding and creative content.

9.     In September 2004, GoPro introduced its first HERO® brand camera at a trade show. In its first year of availability, GoPro's sales of these cameras totaled approximately $150,000. Due to its investment in, and promotion of, the HERO cameras, GoPro's sales of HERO cameras exceeded three million dollars a mere three years later. Today, GoPro's sales of HERO cameras and related accessories exceed one billion dollars.

10.     To market its brand, GoPro employs traditional advertising methods and also partners with well-known athletes who further promote GoPro's products and brand. GoPro also sponsors high-visibility sporting and charity events, which further increases GoPro's brand recognition. As a result of GoPro's investments, the GOPRO® and HERO marks serve as indicators of the source of goods and services provided by GoPro.

11.     GoPro licenses its proprietary content and product images ("Marketing Assets") to authorized resellers, so that they may promote the GoPro products they resell. GoPro's product

images are of the highest quality and reflect the care and attention GoPro employs when designing and promoting its goods and services. Only authorized resellers or other licensees are permitted to republish or otherwise use GoPro's content, and GoPro's website Terms of Service make clear that users are not permitted to copy or display content from GoPro's website without authorization to do so. https://gopro.com/terms.

12. For example, GoPro owns the images shown below, which it uses to promote and sell the goods depicted in the images.

**Smart Remote**



**HERO4 Black –Three Camera View**





**HERO4 Black –
Two Camera View**

**HERO4 Black-
Two Camera View-With Bow**

 



(Collectively, the "GoPro Images").

13. The GoPro Images are protected by United States Copyright Registration Nos. VA0001998390 (Smart Remote), VA0001998387 (HERO4 Black – Three Camera View); VA0001998389 (HERO4 Black – Two Camera View) and VA0001998386 (HERO4 Black Two Camera View – With Bow), which are owned by GoPro (collectively, the "GoPro Copyrights").

14. In addition to its promotional content, GoPro develops and distributes educational product usage tips and video tutorials, which are featured on its website and on its YouTube channel.

These videos are produced by and at the direction of GoPro and reflect the same care and emphasis on high-quality content as its other promotional materials.

15.     On April 28, 2015 GoPro acquired Kolor SARL, a French company and industry leader in virtual reality and spherical media solutions.  On January 31, 2014, fifteen months before the GoPro acquisition, Kolor debuted its ABYSS™ rig, which was specially designed to record underwater 360 degree videos.  The ABYSS rig is meant to hold six GoPro HERO cameras in a single arrangement or configuration, enabling users to record and then combine without distortion the underwater content through a process called "stitching."  Kolor began selling the ABYSS rig in the U.S. in July 2014.  As a consequence of promotion and sales activity in the U.S. since that time, the ABYSS trademark has come to serve as an indicator of the source of the underwater rigs, and has become a valuable asset of GoPro and a symbol of its goodwill.  As part of the acquisition, GoPro acquired all existing common law rights in the ABYSS mark and all attendant goodwill.

**The HERO and ABYSS Trademarks**

16.     GoPro owns several federal registrations and applications to register its HERO mark, for a wide variety of goods and services, including photographic equipment, as follows:

| Trademark | Reg. or App. No. | Reg. or App. Date | Goods and Services |
|---|---|---|---|
| HERO | Reg. No. 3308141 | 10/9/2007 | Cl. 9: Photographic equipment, namely, film cameras and digital camera, camera housings and cases, and camera straps |
| HERO | App. Ser. No. 86/978,246 | 8/26/2013 | A wide variety of goods and services in Classes 9, 41 and 42, including photographic equipment and photographic services |
| HERO | App. Ser. No. 86/048,213 | 8/26/2013 | Cl. 38:  Streaming of video material on the internet; broadcasting of audio and video content and programming over the internet; electronic delivery of images and photographs via a global computer network and via mobile electronic devices; electronic transmission and streaming of digital media content for others via global and local computer networks and via mobile electronic devices; streaming user generated photographic and video |

| Trademark | Reg. or App. No. | Reg. or App. Date | Goods and Services |
|---|---|---|---|
| | | | content via a website on the internet and via mobile electronic devices |
| **HERO** | App. Ser. No. 86/746,671 | 9/3/2015 | Cl. 9: Camera accessories, namely, mounts, smart mounts, straps, rigs, holders, harnesses, brackets and related equipment for holding, mounting, positioning and maneuvering cameras |
|  | App. Ser. No. 86/048,215 | 8/26/2013 | A wide variety of goods and services in Classes 9, 38, 41 and 42, including photographic equipment and photographic services |
| **BE A HERO** | App. Ser. No. 85/973,332 | 6/28/2013 | A wide variety of goods and services in Classes 9, 38, 41 and 42, including photographic equipment and photographic and video services |
| **HEROCAST** | App. Ser. No. 86/573,503 | 3/23/2015 | A wide variety of goods and services in Classes 9, 38, 41 and 42, including photographic equipment and photographic and video services |

Collectively, GoPro's HERO family of marks is referred to as the "HERO Marks."

///

///

17.     Through its acquisition of Kolor, GoPro obtained and owns common law rights in the ABYSS mark, which has been used in commerce in the United States in connection with its 360 degree camera rig since at least July 31, 2014.

18.     The HERO Marks and the ABYSS mark are distinctive, arbitrary, and entitled to the broadest scope of protection.

19.     For many years prior to the events giving rise to this Complaint and continuing to the present, GoPro has spent enormous amounts of time, money, and effort advertising and promoting the products and services with which the HERO Marks are used.  HERO brand products are advertised at trade shows, in print, on television and on the Internet.  GoPro also sponsors well-known athletes who promote the HERO Marks by wearing apparel or using equipment bearing the HERO Marks and displaying stickers bearing the HERO Marks, using HERO cameras, and sharing online with millions of fans content that they captured using HERO cameras.  In addition to advertising by GoPro, the HERO Marks are also advertised, promoted and presented at points of sale by numerous retailers. Consumers, accordingly, are exposed to the HERO Marks in a variety of commercial and post-sale contexts.

20.     Similarly, for years prior to the events giving rise to this Complaint and continuing to the present, Kolor and GoPro have invested significant resources promoting ABYSS rigs and related services.  For example, the ABYSS rig is promoted at trade shows and various online media. Consumers, accordingly, are exposed to the ABYSS Mark in a variety of commercial contexts.

**360Heros' Pattern of Infringement of GoPro's Trademark and Copyright Rights**

21.     GoPro is informed and believes that beginning as early as November 1, 2012, long after GoPro released its first HERO camera and less than one month after GoPro announced the launch of its immediately popular HERO3 model, 360Heros began using the designation 360HEROS to promote camera rigs intended to allow consumers to use GoPro HERO cameras to capture 360 degree video. The designation 360HEROS was intentionally selected in order to trade off GoPro's reputation and the goodwill associated with its well-known HERO Marks.

22.     On or around November 1, 2012, Michael Kintner, the founder and chief executive officer of 360Heros, also registered the domain <360heros.com>, which functions as the domain for

the 360Heros business and website. Making it clearer still that the 360HEROS designation was intended to reference GoPro's HERO cameras, 360Heros offered for sale video gear packages with such names as "Deluxe 2 W/Hero2," and "Deluxe3 w/Hero3" which, on information and belief, were compatible only with GoPro's HERO camera.

23.     In early 2013, GoPro is informed and believes that 360Heros also offered a product designated the "360Heros Naked H3 Pro," designed to work with the HD HERO Naked camera, sold by Woodman Labs, GoPro's predecessor company. At that time, Woodman Labs had acquired common law rights in the NAKED mark in connection with its cameras.

24.     On December 11, 2012, Mr. Kintner filed a federal trademark application on an intent-to-use basis (Serial No. 85/799,846), presumably on behalf of 360Heros, to register the designation 360HEROS for use with "mounting devices for cameras." On March 27, 2013, the United States Patent and Trademark Office ("USPTO") refused registration, citing likelihood of confusion with GoPro's registered HERO trademark. Mr. Kintner did not respond to the USPTO's refusal, and abandoned the application on October 23, 2013. Despite the USPTO's refusal of Mr. Kintner's initial application, less than two months later, on May 22, 2013, 360Heros subsequently filed a second application (Ser. No. 85/940,194) to register the 360HEROS designation. The second application claimed that 360Heros offered *services* under the 360HEROS designation (as opposed to the goods covered by the initial application), namely "providing online training courses in the field of photography and videography."

25.     At the time 360Heros' second application to register the 360HEROS designation was filed, 360Heros also began amplifying its association with GoPro and GoPro's well-known HERO Marks. 360Heros began appearing at the same trade shows and conferences as GoPro. In media appearances, in print and in press releases, 360Heros affirmatively suggested an affiliation and touted the "close relationship [its] organization and products have with GoPro," when no such affiliation existed. *See* http://www.360heros.com/2014/06/news-flash-watch-360heros-live-on-cnbcs-power-lunch-today-at-1-pm (last accessed on April 12, 2016).

26.     GoPro filed a Request for Extension of Time to Oppose the second 360HEROS application on April 21, 2014, and contacted 360Heros in an attempt to resolve the dispute directly.

360Heros refused to withdraw the application and, on July 21, 2014, GoPro filed its Notice of Opposition. 360Heros abandoned the application to register the 360HEROS designation shortly thereafter and the Trademark Trial and Appeal Board entered judgment against it. Prior to filing the Notice of Opposition, and as part of its attempts to reach a resolution without resorting to formal proceedings, GoPro made it clear to 360Heros that it objected to the application to register the 360HEROS designation, as well as 360Heros' use of GoPro's HERO Marks and 360Heros' increased efforts to associate itself with GoPro's brands. GoPro expressed concern that if 360Heros continued on its existing trajectory of developing the 360HEROS designation, such use would cause confusion among consumers. GoPro requested that Mr. Kintner and 360Heros take all necessary steps to distinguish 360Heros from GoPro, including by disclaiming any affiliation between 360Heros and GoPro. In response, 360Heros promised to remove references and links to GoPro and the GoPro website from the 360Heros website and all marketing materials and to ensure that disclaimers of affiliation were visible on all public facing marketing efforts.

27.     360Heros, however, continued to expand its use of the HERO Marks. For example, in November, 2014, the company announced the launch of the "360Heros Tour Bus," which not only features the 360HEROS designation in large font on both sides of the bus, but also displays multiple photos of GoPro's HERO cameras, as shown in the images below.



28.     Moreover, the website dedicated to the 360Heros Tour Bus (now referred to by 360Heros as the "360RV") displays a pop up offer for users to enter their email addresses to win a GoPro HERO4 camera, as shown below, further implying that 360Heros, and its products and services, are affiliated with GoPro, when they are not.  GoPro holds the registered copyright (VA0001998389) on the image displayed in the pop up offer.



29.     On information and belief, 360Heros' uses of GoPro's HERO Marks have led to actual confusion in the marketplace.  Consumers and industry reporters alike have been confused into believing that 360Heros' products are produced by GoPro, or that 360Heros is affiliated with or has otherwise been sponsored by GoPro, when no such relationship exists.  A representative example of such confusion can be seen in a press interview of Mr. Kintner at the 2015 National Association of Broadcasters conference.  In that interview, the reporter expresses his belief that Mr. Kintner chose the name 360HEROS because of the relationship to GoPro's products.  *See* https://www.youtube.com/watch?v=9_fyulenipc (at approximately 1:16) (last accessed on April 1, 2016).  In addition, GoPro employees have encountered numerous instances of actual confusion at trade shows and even with its long time partners.  For example, one GoPro partner, G-Technology, told a GoPro employee that G-Technology had reached out to 360Heros to discuss virtual reality products specifically because it believed that 360Heros was an affiliate of GoPro.

30.     On information and belief, 360Heros announced the development of a 360 degree underwater camera rig under the name "360ABYSS" on or around November 10, 2014, four months after Kolor launched its ABYSS-branded 360 degree underwater rig.  GoPro is informed and believes that 360Heros was aware of Kolor's ABYSS product and mark long before Kolor introduced the product to the public, as 360Heros had been a supplier to Kolor and had explored a product development collaboration beginning in 2012.

31.     After 360Heros announced the 360ABYSS product, Kolor, and later GoPro, employees became aware of instances of actual confusion at trade shows and other marketing events, where consumers were confused into believing that the 360ABYSS rig belonged to GoPro or that there was an affiliation between 360Heros and GoPro due to 360Heros' choices in product names.

32.     On November 5, 2013, 360Heros filed a U.S. utility patent application, which 360Heros contends covers the 360ABYSS rig.  That application matured into the '019 patent, which issued on October 6, 2015.

33.     GoPro is informed and believes that, despite his awareness of the ABYSS mark, on November 24, 2015, Mr. Kintner, on behalf of 360Heros, applied for a federal trademark registration

1   for the designation 360ABYSS, for use with "underwater cameras."  GoPro opposed that application

2   on January 13, 2016, asserting its common law rights in the ABYSS trademark among other bases.

3       34.    In further evidence of 360Heros' bad faith, and notwithstanding the pending

4   opposition, Mr. Kintner, again on behalf of 360Heros, filed a second application to register the

5   designation 360ABYSS, on February 22, 2016, for underwater camera mounts and housings.

6       35.    In addition to the conduct described above, 360Heros also displays, without

7   authorization, copies of the GoPro Images on the 360Heros website, as shown below.

8

9

10   

11

12

13

14

15   http://shop.360heros.com/product-p/gopro4remote.htm (last accessed on April 10, 2016).

16

17

18

19

20   

21

22

23

24

25

26   ///

27   ///

28   ///

COMPLAINT FOR TRADEMARK INFRINGEMENT        - 12 -
Case No.

1

2

3

4

5

6

7

8

9

10



11

12

13

14

15

16

17

18

19

20



21   http://shop.360heros.com/product-p/goproh4b.htm (last accessed on April 10, 2016).

22         36.     360Heros also shows on its website a video tutorial, produced and owned by GoPro,

23   demonstrating use of GoPro's HERO4 Black camera.

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR TRADEMARK INFRINGEMENT                                          - 13 -
Case No.

http://shop.360heros.com/product-p/goproh4b.htm (last accessed on April 10, 2016).

37.     360Heros is not an authorized reseller and, in fact, its requests to be an authorized reseller have been repeatedly declined due, in part, to the incorporation of GoPro's marks in the 360Heros company and product names.  As 360Heros is not licensed or otherwise authorized to use the GoPro Images in the manner described above, its reproduction, distribution and display of the GoPro Images for its own commercial gain constitutes copyright infringement.

38.     360Heros' use of the GoPro Images and video tutorial compounds the marketplace confusion created by 360Heros by further - and intentionally - creating the false impression that an affiliation exists between 360Heros and GoPro, or that GoPro has authorized, approved of or sponsored 360Heros or its products.

39.     Moreover, 360Heros' reproduction and misuse of the GoPro Images negatively impacts GoPro's relationships with its authorized resellers and licensees, who must go through an approval process in order to lawfully display GoPro's marketing assets.

40.     After learning of 360Heros' continued efforts to trade on GoPro's valuable goodwill and reputation, GoPro contacted 360Heros to explore a resolution.  In the course of conversations between the parties and in its follow-up correspondence, 360Heros asserted that products sold and developed by GoPro and its Kolor subsidiary infringe the '019 patent.  Mr. Kintner sent to GoPro a copy of the '019 patent, noting that he felt it was "important to share."  In January, 2016, Mr. Kintner alleged that the ABYSS brand rig infringes 360Heros' patent during a phone conference with GoPro's

representatives. On February 9, 2016, 360Heros sent to GoPro a print-out of a blog post asserting that the ABYSS brand rig was "copied from third-party manufacturers like 360Heros," and implying that 360Heros believed this assertion was true. On behalf of 360Heros, Mr. Kintner also has stated that sales by GoPro's subsidiary, Kolor, of FREEDOM360 brand rigs infringes the '019 patent.

41. GoPro is informed and believes that (a) 360Heros has manufactured, marketed, and sold substantial quantities of products in connection with the 360HEROS and 360ABYSS designations; (b) 360Heros undertook such activities in connection with a false association with GoPro; and (c) 360Heros has obtained and continues to profit from such sales.

42. 360Heros' uses of the 360HEROS and 360ABYSS designations have caused or will cause a likelihood of confusion among consumers regarding the source of 360Heros' products and whether GoPro has sponsored, authorized, or is somehow affiliated with 360Heros. GoPro, consequently, has no alternative but to protect its goodwill and trademarks by obtaining an injunction against further use by 360Heros of GoPro's marks.

43. 360Heros' actions have caused and will cause GoPro irreparable harm for which money damages and other remedies are inadequate. Unless 360Heros is restrained by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause irreparable damage and injury to GoPro by, among other things:

      a. Depriving GoPro of its statutory rights to use and control use of its trademarks and service marks;

      b. Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

      c. Causing the public falsely to associate GoPro with 360Heros and/or its products, or vice versa;

      d. Causing incalculable and irreparable damage to GoPro's goodwill in the HERO Marks and the ABYSS mark;

      e. Depriving GoPro of its statutory exclusive right to reproduce, distribute and display the GoPro Images.

///

44.     Accordingly, in addition to other relief, GoPro is entitled to injunctive relief against 360Heros and all persons acting in concert with it.

45.     Based on 360Heros' claims that GoPro's products have infringed the '019 patent, there is an actual controversy between 360Heros and GoPro concerning non-infringement of that patent.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1117)

46.     GoPro realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 45 of this Complaint.

47.     360Heros has used, in connection with the sale, offering for sale, distribution or advertising of camera-related products and services, words and symbols that infringe upon GoPro's registered HERO® trademark.

48.     These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

49.     As a direct and proximate result of 360Heros' conduct, GoPro is entitled to recover 360Heros' unlawful profits and GoPro's damages, and treble the amount of its damages and 360Heros' profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).  Alternatively, GoPro is entitled to the maximum statutory damages allowed under 15 U.S.C. §§ 1117(c).  GoPro will make its election at the appropriate time before final judgment.

50.     GoPro will suffer irreparable harm as a result of 360Heros' infringement of its HERO Marks and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description – 15 U.S.C. § 1125(a))

51.     GoPro realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 50 of this Complaint.

52.     360Heros' conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).  360Heros' conduct is likely to cause confusion, mistake, or deception by or in the

///

public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products to GoPro's detriment and in violation of 15 U.S.C. § 1125(a)(1).

53.     As a direct and proximate result of conduct by 360Heros, GoPro is entitled to recover 360Heros' unlawful profits and GoPro's damages, and treble the amount of its damages and 360Heros' profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).  Alternatively, GoPro is entitled to the maximum statutory damages allowed under 15 U.S.C. §§ 1117(c).  GoPro will make its election at the appropriate time before final judgment.

54.     GoPro will suffer irreparable harm as a result of 360Heros' infringement of GoPro's marks and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## THIRD CLAIM
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 411(c) and 501, *et seq.*)

55.     GoPro realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 54 of this Complaint.

56.     GoPro owns valid, enforceable copyrights for the GoPro Images, which are the subject of U.S. Copyright Registration Nos.  VA0001998390, VA0001998387, VA0001998389 and VA0001998386.

57.     360Heros is willfully and/or knowingly infringing GoPro's copyright rights by making unauthorized copies, displaying and distributing the GoPro Images.

58.     360Heros' activities violate 17 U.S.C. § 101 *et seq.*, and in particular § 501 *et seq.*

59.     GoPro has been damaged by 360Heros' activities, and will continue to sustain irreparable harm for which there is no adequate remedy at law unless 360Heros' infringing actions are enjoined.

60.     Pursuant to Section 504(b) and 504(c) of the Copyright Act, 17 U.S.C. § 504(b)-(c), GoPro is entitled to recover from 360Heros the damages it has sustained and will sustain and any profits obtained by 360Heros as a result of or attributable to the infringement.

61.     GoPro will suffer irreparable harm as a result of 360Heros' infringement of GoPro's copyrights and is entitled to injunctive relief pursuant to 17 U.S.C. § 502(a).

///

## FOURTH CLAIM
## CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200)

62.     GoPro realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 61 of this Complaint.

63.     360Heros' infringement of GoPro's marks and copyrights constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code Section 17200.

64.     As a consequence of 360Heros' actions, GoPro is entitled to injunctive relief and an order that 360Heros disgorge all profits on the manufacture, use, display or sale of services in connection with its 360HEROS and 360ABYSS designations.

## FIFTH CLAIM
## CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT

65.     GoPro realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 64 of this Complaint.

66.     GoPro owns protectable common law rights in its ABYSS and HERO trademarks.

67.     360Heros' conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of products and services offered by 360Heros or as to affiliation, connection, association, sponsorship, or approval of such products and services, and constitutes infringement of GoPro's common law ABYSS and HERO trademark rights.

68.     360Heros infringed and continues to infringe GoPro's trademarks with knowledge and intent to cause confusion, mistake, or deception.

69.     360Heros' conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to the rights and welfare of GoPro for which California law allows the imposition of exemplary damages.

70.     As a direct and proximate result of 360Heros' activities, GoPro has suffered substantial damage.

71.     Pursuant to California common law, GoPro is entitled to injunctive relief and compensatory and punitive damages.

### SIXTH CLAIM
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

72.     GoPro realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 70 of this Complaint.

73.     360Heros is the applicant of record and owner of U.S. Patent No. 9,152,019.  360Heros has asserted that GoPro, through its advertising, importation, sale, and offering for sale of the ABYSS rig and other similar rigs, has infringed the '019 patent.

74.     GoPro denies that it has infringed, or is now infringing, the '019 patent and asserts that none of the products it has offered for sale, sold, imported or developed – practices any claims of the '019 patent.

75.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy to warrant the issuance of a declaratory judgment.

76.     A judicial declaration is necessary so that GoPro can ascertain its rights vis-à-vis the '019 patent.  GoPro accordingly seeks a judicial declarations that it has not infringed the '019 patent.

### PRAYER FOR JUDGMENT

WHEREFORE, GoPro prays that this Court grant it the following relief:

1.     Adjudge that 360Heros has infringed the HERO Marks and the ABYSS mark in violation of GoPro's rights under the Lanham Act, common law, and/or California law;

2.     Adjudge that 360Heros has competed unfairly with GoPro in violation of GoPro's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

3.     Adjudge that 360Heros has infringed GoPro's copyright rights in the GoPro Images;

4.     Adjudge that 360Heros and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under 360Heros, be enjoined and restrained permanently from:

     a.     Offering, selling, distributing, advertising, or promoting any services that display any words or symbols that so resemble the HERO Marks or the ABYSS mark as to be likely to cause confusion, mistake or deception, on or in

1      connection with any service that is not authorized by or for GoPro;

2      b.    Using any word, term, name, symbol, device or combination thereof that causes

3            or is likely to cause confusion, mistake or deception as to the affiliation or

4            association of 360Heros or its products and services with GoPro or as to the

5            origin of 360Heros' goods and services, or any false designation of origin, false

6            or misleading description or representation of fact;

7      c.    Using without prior authorization any image, Marketing Assets or other content

8            belonging to GoPro;

9      d.    Further infringing GoPro's rights in and to any of its trademarks in its goods

10           and services, or otherwise damaging GoPro's goodwill or business reputation;

11     e.    Further infringing GoPro's rights in the GoPro Images and in any other

12           Marketing Assets belonging to GoPro;

13     f.    Otherwise competing unfairly with GoPro in any manner; and

14     g.    Continuing to perform in any manner whatsoever any of the other acts

15           complained of in this Complaint.

16     5.    Adjudge that 360Heros, within thirty (30) days after service of the judgment demanded

17     herein, be required to file with this Court and serve upon GoPro's counsel written reports under oath

18     setting forth in detail the manner in which 360Heros has complied with the judgment;

19     6.    Adjudge that GoPro recover from 360Heros its damages and lost profits in an amount

20     to be proven at trial;

21     7.    Adjudge that 360Heros be required to account for any profits that are attributable to its

22     illegal acts, and that GoPro be awarded the greater of (1) three times 360Heros' profits or (2) three

23     times any damages sustained by GoPro, under 15 U.S.C. § 1117, plus prejudgment interest;

24     8.    Order an accounting of and impose a constructive trust on all of 360Heros' funds and

25     assets that arise out of its infringing activities;

26     9.    A declaration that GoPro has not infringed and is not infringing the '019 patent;

27     10.   Adjudge that GoPro be awarded its costs and disbursements incurred in connection

28     with this action, including GoPro's reasonable attorneys' fees and investigative expenses, including

such relief provided under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

      11.     Adjudge that all such other relief be awarded to GoPro as this Court deems just and proper.


DATED:  April 13, 2016          Respectfully submitted,

                      KILPATRICK TOWNSEND & STOCKTON LLP


By     _____
                      JAMES G. GILLILAND, JR.

                      Attorneys for Plaintiff
                      GOPRO, INC.

1

## **JURY DEMAND**

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, GoPro hereby requests trial by a

3  jury on all issues so triable.

4

5  DATED:  April 13, 2016           Respectfully submitted,

6                            KILPATRICK TOWNSEND & STOCKTON LLP

7

8                          By

9                            JAMES G. GILLILAND, JR.

10                          Attorneys for Plaintiff
                            GOPRO, INC

11

12

13  68388331V.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28