**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:     (949) 553-1010
Facsimile:     (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com

Attorneys for Defendant
360HEROS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC., a Delaware corporation, | Case No.: 3:16-cv-01944-SI |
| Plaintiff, | Hon. Susan Illston |
| vs. | |
| 360HEROS, INC., a Delaware corporation, | **360HEROS, INC'S ANSWER TO COMPLAINT AND JURY DEMAND** |
| Defendant. | |

Defendant 360Heros, Inc. in response to Plaintiff's Complaint and for its affirmative defenses to the Complaint hereby admits, denies, and alleges as follows:

### JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT

1. Defendant admits that the Court has jurisdiction over these claims and supplemental jurisdiction over any related state law claims. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 1.

2. Defendant admits that it is subject to personal jurisdiction in the Northern District of California and therefore venue is proper under 28 U.S.C. § 1391(c). Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 2.

3. This is an intellectual property action and is therefore exempt from intradistrict assignment under Civil Local Rule 3-2(c). Pursuant to Civil Local Rule 3-2(c), intellectual property actions are assigned on a district-wide basis.

### PARTIES

4. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 and therefore, denies the same.

5. Defendant admits that 360Heros is a Delaware corporation with its principal place of business at 518 Queen Street, Olean, New York 14760 and that 360Heros manufactures and offers for sale virtual reality and 360-degree video solutions and related accessories worldwide, including in this judicial district. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 5.

### FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

6. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 and therefore, denies the same.

7. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 and therefore, denies the same.

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 and therefore, denies the same.

9. Defendant lacks knowledge and information sufficient to form a belief as to the truth or

1   falsity of the allegations contained in Paragraph 9 and therefore, denies the same.

2       10. Defendant lacks knowledge and information sufficient to form a belief as to the truth or

3   falsity of the allegations contained in Paragraph 10 and therefore, denies the same.

4       11. Defendant lacks knowledge and information sufficient to form a belief as to the truth or

5   falsity of the allegations contained in Paragraph 11 and therefore, denies the same.

6       12. Defendant lacks knowledge and information sufficient to form a belief as to the truth or

7   falsity of the allegations contained in Paragraph 12 and therefore, denies the same.

8       13. Defendant lacks knowledge and information sufficient to form a belief as to the truth or

9   falsity of the allegations contained in Paragraph 13 and therefore, denies the same.

10      14. Defendant lacks knowledge and information sufficient to form a belief as to the truth or

11  falsity of the allegations contained in Paragraph 14 and therefore, denies the same.

12      15. Defendant lacks knowledge and information sufficient to form a belief as to the truth or

13  falsity of the allegations contained in Paragraph 15 and therefore, denies the same.

14      16. Defendant lacks knowledge and information sufficient to form a belief as to the truth or

15  falsity of the allegations contained in Paragraph 16 and therefore, denies the same.

16      17. Defendant denies the allegations in Paragraph 17.

17      18. Defendant denies the allegations in Paragraph 18.

18      19. Defendant lacks knowledge and information sufficient to form a belief as to the truth and

19  falsity of the allegations contained in Paragraph 19 and therefore, denies the same.

20      20. Defendant lacks knowledge and information sufficient to form a belief as to the truth or

21  falsity of the allegations contained in Paragraph 20 and therefore, denies the same.

22  **360Heros' Pattern of Infringement of GoPro's Trademark and Copyright Rights**

23      21. Defendant denies the allegations in Paragraph 21.

24      22. Defendant admits that on July 27, 2007 Michael Kintner registered the Internet domain

25  www.360hero.com. Defendant further admits that on or around November 1, 2012 Michael Kintner

26  registered the Internet domain www.360heros.com. Except at expressly admitted herein, Defendant

27  denies the rest and remainder of Paragraph 22.

28      23. Defendant admits that in early 2013 360Heros offered a product designated the

2

**360HEROS ANSWER**
Case No. 3:16-cv-01944-SI

1  "360Heros Naked H3 Pro," designed to work with the HD HERO Naked camera, sold by Woodman
2  Labs. This product is no longer sold. Except as expressly admitted herein, Defendant denies the rest
3  and remainder of Paragraph 23.

4      24. Defendant admits that on December 11, 2012, Michael Kintner filed a federal trademark
5  application on an intent-to-use basis (Serial no. 85/799,846) to register the designation 360HEROS
6  for use with "mounting devices for cameras." Defendant admits that on March 27, 2013, the United
7  States Patent and Trademark Office ("USPTO") refused registration. Defendant admits that Mr.
8  Kintnter did not respond to the USPTO's refusal, and abandoned the application on October 23,
9  2013. Defendant admits that on May 22, 2013, 360Heros, Inc. filed a trademark application (Ser. No.
10 85/940,194) to register the 360HEROS designation for services, namely "providing online training
11 courses in the field of photography and videography." Except as expressly admitted herein,
12 Defendant denies the rest and remainder of the allegation in Paragraph 24.

13     25. Defendant denies the allegations in Paragraph 25.

14     26. Defendant admits that GoPro filed a Request for Extension of Time to Oppose the second
15 360HEROS application on April 21, 2014, and contacted 360Heros in an attempt to resolve the
16 dispute directly. Defendant admits that on July 21, 2014, GoPro filed its Notice of Opposition.
17 Defendant admits that on August 12, 2014 it expressly abandoned the application without prejudice.
18 Except as expressly admitted herein, Defendant denies the rest and remainder of the allegations in
19 Paragraph 26.

20     27. Defendant admits that in November 2014 it announced the launch of the "360Heros Tour
21 Bus" which features the 360HEROS designation and also displays photos of GoPro's HERO
22 cameras being used in 360Heros' patented camera mount. Except as expressly admitted herein,
23 Defendant denies the rest and remainder of the allegations in Paragraph 27.

24     28. Defendant denies the allegations in Paragraph 28.
25     29. Defendant denies the allegations in Paragraph 29.
26     30. Defendant denies the allegations in Paragraph 30.
27     31. Defendant denies the allegations in Paragraph 31.
28     32. Defendant admits the allegations in Paragraph 32.

33. Defendant admits that on November 24, 2015 360Heros applied for a federal trademark registration for the designation 360ABYSS for use with "underwater cameras." Defendant admits that GoPro opposed that application on January 13, 2016. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 33.

34. Defendant admits that on February 22, 2016 360Heros filed an application to register the designation 360ABYSS for "Nautical and photographic apparatus and instruments, namely, underwater housings for cameras and underwater enclosures for cameras." Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 34.

35. Defendant denies the allegation in Paragraph 35.

36. Defendant admits that it shows a video tutorial on its product page selling GoPro's HERO4 Black camera. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 36.

37. Defendant admits that GoPro has not expressly authorized it to be a distributor of GoPro products and Defendant further admits that it is authorized by law to sell GoPro products. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant admits that 360Heros and GoPro engaged in discussions during which 360Heros asserted that products sold and developed by GoPro and its Kolor subsidiary infringe the `019 patent. Defendant admits that in January 2016 it alleged to GoPro representatives that the ABYSS brand rig infringes the 360Heros' patent. Defendant admits that on February 9, 2016, 360Heros sent to GoPro a print-out of a bog post asserting that the ABYSS brand rig was "copied from third-party manufacturers like 360Heros." Defendant admits that 360Heros stated that sales by GoPro's subsidiary, Kolor, of FREEDOM360 brand rigs infringes the '019 patent. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 40.

41. Defendant admits that 360Heros has sold products in connection with the 360HEROS and 360ABYSS designations. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

    a. Defendant denies the allegations in Paragraph 43(a);

    b. Defendant denies the allegations in Paragraph 43(b);

    c. Defendant denies the allegations in Paragraph 43(c)

    d. Defendant denies the allegations in Paragraph 43(d);

    e. Defendant denies the allegations in Paragraph 43(e).

44. Defendant denies the allegation in Paragraph 44.

45. Defendant admits the allegation in Paragraph 45.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGMENT
## (15 U.S.C. §§ 1114-1117)

46. In answer to Paragraph 46, Defendant incorporates and realleges the specific answers to all preceding Paragraphs, as if set forth within.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
## (False Designation of Origin and False Description - 15 U.S.C. § 1125(a))

51. In answer to Paragraph 51, Defendant incorporates and realleges the specific answers to all preceding Paragraphs, as if set forth within.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

## THIRD CLAIM
## COPYRIGHT COMPETITION
## (17 U.S.C. §§ 411(c) and 501, *et seq.*)

55. In answer to Paragraph 55, Defendant incorporates and realleges the specific answers to

1  all preceding Paragraphs, as if set forth within.

2      56. Defendant lacks knowledge and information sufficient to form a belief as to the truth or
3  falsity of the allegations contained in Paragraph 56.

4      57. Defendant denies the allegations in Paragraph 57.

5      58. Defendant denies the allegations in Paragraph 58.

6      59. Defendant denies the allegations in Paragraph 59.

7      60. Defendant denies the allegations in Paragraph 60.

8      61. Defendant denies the allegations in Paragraph 61.

**FOURTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

    62. In answer to Paragraph 62, Defendant incorporates and realleges the specific answers to all preceding Paragraphs, as if set forth within.

    63. Defendant denies the allegations in Paragraph 63.

    64. Defendant denies the allegations in Paragraph 64.

**FIFTH CLAIM**
**CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT**

    65. In answer to Paragraph 65, Defendant incorporates and realleges the specific answers to all preceding Paragraphs, as if set forth within.

    66. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66.

    67. Defendant denies the allegations in Paragraph 67.

    68. Defendant denies the allegations in Paragraph 68.

    69. Defendant denies the allegations in Paragraph 69.

    70. Defendant denies the allegations in Paragraph 70.

    71. Defendant denies the allegations in Paragraph 71.

**SIXTH CLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

    72. In answer to Paragraph 72, Defendant incorporates and realleges the specific answers to

all preceding Paragraphs, as if set forth within.

73. Defendant admits the allegations in Paragraph 73.

74. Defendant admits the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Paragraph 76 contains legal conclusions and allegations to which no answer is required.

77. Defendant denies all allegations of the Complaint that are not expressly admitted herein.

## PRAYER FOR JUDGMENT

Answering Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11, Defendants deny that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the Complaint in this case, Defendant alleges:

### First Affirmative Defense
(Failure to State Cause of Action)

78. The Complaint fails to state facts sufficient to constitute any cause of action against Defendants.

### Second Affirmative Defense
(Statutes of Limitation)

79. The Plaintiff's complaint and its causes of action are barred by the applicable statutes of limitation, including but not limited to, California Code of Civil Procedure section 335, California Government Code section 12965, 42 U.S.C. section 2000e-5(f)(1), and 29 Code of Federal Regulations section 1601.28(e)(1).

### Third Affirmative Defense
(Laches)

80. The Plaintiff unreasonably delayed in the commencement of this action and the assertion of the claims therein. Defendant is prejudiced by Plaintiff's unjustified delay, and therefore allege that Plaintiff's Complaint is barred by the equitable doctrine of laches.

### Fourth Affirmative Defense
(Consent/Acquiescence)

81. The Plaintiff acknowledged, ratified, consented to and acquiesced in the alleged acts or

omissions, if any, of this Defendant, thus barring Plaintiff's recovery.

**Fifth Affirmative Defense**
(Waiver)

82. The Plaintiff engaged in conduct and activities with respect to the subject matter of this action so as to waive any claims for damages, or any other relief whatsoever from Defendant.

**Sixth Affirmative Defense**
(Estoppel)

83. By virtue of Plaintiff's conduct, Plaintiff is barred by the doctrine of estoppel from seeking the relief prayed for in the Complaint.

**Seventh Affirmative Defense**
(Trademark Infringement)

84. The Plaintiff has infringed Defendant's trademark and its claim for trademark infringement is barred by its infringing conduct.

**Eighth Affirmative Defense**
(No Ownership of Asserted Trademark)

85. The Plaintiff's claims are barred because it does not own a valid trademark asserted in this suit.

**Ninth Affirmative Defense**
(Unfair Competition)

86. The Plaintiff's claims are barred because of its violation of California's Unfair Competition law in connection with obtaining and using the trademark it claims in this lawsuit and because of its unlawful conduct in the assertion and use of its claimed trademark, including its actions to create consumer confusion as to the lawful ownership of trademarks.

**Tenth Affirmative Defense**
(Unclean Hands)

87. The Plaintiff engaged in wrongful conduct regarding the underlying transactions, incidents, or occurrences, resulting in Plaintiff's unclean hands, and therefore bars the relief sought in this action.

**Eleventh Affirmative Defense**
(Fair Use)

88. The Complaint, and each cause of action, is barred by the doctrine of fair use.

**Twelfth Affirmative Defense**
(No Standing)

89. The Plaintiff's claims are barred to the extent that it lacks standing to assert claims for each claimed trademark and trade dress.

**Thirteenth Affirmative Defense**
(Naked Licensing)

90. The Plaintiff's claims are barred because Plaintiff has engaged in naked licensing of its trademark resulting in the abandonment of its mark.

**Fourteenth Affirmative Defense**
(Pleading is Uncertain)

91. The Complaint and each of its causes of action are barred because the Pleading is uncertain, defining "uncertain" as ambiguous, vague, or unintelligible.

**Sixteenth Affirmative Defense**
(Proper Conduct by Defendant)

92. The Defendants' conduct was lawful, justified, privileged, and, appropriate, and Defendants' conduct was neither intentional, unreasonable, nor outrageous.

**Sixteenth Affirmative Defense**
(Fault of Plaintiff / Others)

93. Other persons or entities were themselves at fault with regard to matters alleged in the Complaint and such fault proximately caused the injuries and damages complained of, if any.

**Seventeenth Affirmative Defense**
(No Damages)

94. The Plaintiff has not suffered any damages as a result of any actions taken by Defendant and Plaintiff is thus barred from asserting any cause of action against Defendant.

**Eighteenth Affirmative Defense**
(No Infringement)

95. The Defendant has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid and enforceable right, whether under state or federal law, and has not otherwise committed any acts in violation of Plaintiff's rights.

**Nineteenth Affirmative Defense**
(No Right to Attorneys' Fees)

96. The Plaintiff's Complaint fails to set forth any right to attorneys' fees, and hence any such claims should be barred.

### Twentieth Affirmative Defense
(Violation or Attempt to Violate Antitrust Law)

97. The Plaintiff's trademark claims are barred because Plaintiff has used or is using the mark itself as a basic and fundamental vehicle to accomplish an antitrust violation.

### Twenty-First Affirmative Defense
(No Valid Registration)

98. The Plaintiff's claims are barred to the extent that it lacks valid registrations of the trademarks alleged in the Complaint.

### Twenty-Second Affirmative Defense
(Just Tertii)

99. The Plaintiff's claims are barred because Plaintiff has no rights in the asserted trademarks, and is merely raising the rights of a third party.

### Twenty-Third Affirmative Defense
(First Amendment)

100. The Plaintiff's claims are barred by the First Amendment of the United States Constitution.

### Twenty-Fourth Affirmative Defense
(Reservation of Rights)

101. The Defendant has insufficient knowledge and information on which to form a belief as to whether additional, but as yet unstated, affirmative defenses are available. Defendant, therefore, reserves its right to assert additional defenses in this matter in the event that discovery indicates doing so would be appropriate.

Dated: _August 22, 2016                    **GAUNTLETT & ASSOCIATES**
                                           By:   /s/ James A. Lowe
                                                 David A. Gauntlett
                                                 James A. Lowe

                                           Attorneys for Defendant
                                           360HEROS, INC.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, 360Heros hereby requests trial by a jury on all issues so triable.

Dated: _August 22, 2016

**GAUNTLETT & ASSOCIATES**
By: /s/ James A. Lowe
      David A. Gauntlett
      James A. Lowe

Attorneys for Defendant
360HEROS, INC.