UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC., <br><br> Plaintiff, <br><br> v. <br><br> 360HEROS, INC., <br><br> Defendant. | Case No. 16-cv-01944-SI <br><br> **ORDER RE: DISCOVERY** <br> Re: Dkt. No. 39 |

The parties have filed two joint statements concerning discovery issues. Dkt. Nos. 39, 41. In the first joint letter (Dkt. No. 39), GoPro asks the Court to: (1) strike 360Heros' additional infringement contentions; and (2) exclude *Markman* testimony of two 360Heros witnesses, Mr. Peter Bilinski and Dr. Randall King, due to untimely and inadequate disclosure. This order concerns only the first joint letter; the second joint letter, Dkt. No. 41, will be addressed by separate order.

First, approximately two weeks after the parties filed this joint letter, 360Heros filed a motion for leave to amend its infringement contentions. *See* Dkt. No. 42. Because the Court's decision on 360Heros' motion will fully resolve the parties' dispute regarding 360Heros' new infringement contentions, the Court disregards these portions of the parties' joint letter.

Second, GoPro asks the Court to exclude claim construction testimony -- presumably live testimony -- from two 360Heros witnesses due to untimely disclosure. GoPro states that 360Heros failed to disclose its reliance on this witness testimony in its January 6, 2017 Patent Local Rule 4-2 preliminary claim construction materials, disclosing the witnesses a month later during a meet-and-confer call. First Joint Letter (Dkt. No. 39) at 2. 360Heros does not dispute these facts, but argues that its failure to disclose these witnesses in the Patent Local Rule 4-2 preliminary exchange of extrinsic evidence is not fatal. *Id.* at 5. 360Heros argues that the parties are not "locked forever into their preliminary claim constructions under Pat. L.R. 4-2," which would "ignore[] the obligation to meet and confer thereafter. . . . [and] the need to develop facts responding to claim construction arguments . . . ." *Id.*

The Patent Local Rules provide a framework through which parties begin the claim construction process early, and gradually refine their positions. *See* N.D. Cal. Pat. L.R. 4. Parties must first exchange proposed terms for construction, and meet and confer to resolve differences. *Id.* 4-1. The parties then exchange their proposed constructions of each term and identify the intrinsic and extrinsic support for their positions, including "testimony of percipient and expert witnesses." *Id.* 4-2(a)-(b). "With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony . . . ." *Id.* 4-2(b). The parties must again meet and confer to finalize their Joint Claim Construction and Prehearing Statement. *Id.* 4-2(c); *see id.* 4-3 (providing for filing of the Joint Claim Construction and Prehearing Statement).

This Court does not disallow live testimony during claim construction, but finds that it takes up a significant amount of the parties' limited time in court and is often unhelpful. The Court holds a strong preference for *Markman* testimony, where necessary, to be submitted by declaration. 360Heros' initial failure to identify its *Markman* witnesses under Patent Local Rule 4-2 does not automatically preclude it from using live witness testimony during claim construction. However, as the claim construction discovery period has expired, *see* N.D. Cal. Patent L.R. 4-4, insufficient time remains for GoPro to depose 360Heros' two witnesses or to offer its own live rebuttal witnesses before *Markman* briefing begins.

Accordingly, it is hereby ORDERED that: (i) 360Heros may offer its proposed testimony by sworn declaration only; (ii) GoPro may submit expert or percipient declarations of its own if it so chooses; (iii) GoPro's request for fees and costs associated with these disputes is DENIED.

This order resolves Dkt. No. 39.

**IT IS SO ORDERED**.

Dated: March 22, 2017

SUSAN ILLSTON
United States District Judge