UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC.,<br>   Plaintiff,<br>  v.<br>360HEROS, INC.,<br>   Defendant. | Case No. 16-cv-01944-SI<br><br>**ORDER RE: DISCOVERY**<br>Re: Dkt. No. 41 |

The Court is in receipt of the parties' joint discovery letter. Dkt. No. 41. The parties dispute: (i) the sufficiency of GoPro's document productions in response to 360Heros' requests for production; and (ii) the sufficiency of GoPro's answers to interrogatories 3, 4, 6, 7, 10, and 11. The Court addresses these disputes in turn.

**I.     Document Productions**

360Heros served its First Request for Production of Documents on October 27, 2016. *See* Joint Statement (Dkt. No. 41), Ex. A. GoPro served objections to 360Heros' request on November 29, 2016. *Id.*, Ex. B. The parties met and conferred; GoPro served its first document production on February 1, 2017 and its second production on February 17, 2017. Joint Statement at 2.

360Heros argues that GoPro has not yet produced documents responsive to many of its requests, and that the productions GoPro has made do not sufficiently identify the extent of those productions or state whether GoPro is withholding responsive documents. 360Heros asks the Court to order GoPro to produce, "within ten days[,] all documents responsive to 360Heroes' Requests for Production and indicate in the Responses the extent of GoPro's production and whether GoPro has withheld documents . . . ." Joint Statement at 2.

360Heros states that GoPro has failed to produce documents pursuant to Requests 4, 5, 6-13, 19-20, 22, and "many other[s] . . . including" Requests 30-38, 41-42, 45-55, 57-61, and 69. GoPro contends that submitting this dispute to the Court is premature because the parties have not attempted to resolve their disagreements informally and in good faith, and because "360Heros itself has insisted on delaying discovery of Electronically Stored Information ('ESI')." Joint Statement at 3, 5. GoPro further argues that, in a March 3, 2017 response to 360Heros' complaints, it explained to 360Heros that: (i) GoPro had produced all responsive non-ESI documents for Requests 19-20, 22, 45, and 57-61; (ii) GoPro was unaware of any documents responsive to Requests 6-13 and 52; (iii) GoPro had already produced, or 360Heros could obtain without significant effort, responsive non-ESI documents for Requests 30-34, 38, and 69; (iv) by March 8, 2017, GoPro would produce additional responsive non-ESI documents for Requests 32, 35-38, 41-42, 46-48, 51, and 53-55; and (v) by March 22, 2017, GoPro would produce additional responsive non-ESI documents for Requests 30-31 and 33-34.

Based on the parties' joint statement, the Court cannot determine the status of GoPro's productions to date. It appears that since February 2017, GoPro has worked in earnest to provide responsive documents on a rolling basis; GoPro has responded to many, but not all, of 360Heros' requests for production. And until the parties have found a way forward with respect to productions of ESI, the Court agrees with GoPro that disputes related to ESI are premature. To the extent it has not already done so in its responses, GoPro is hereby **ORDERED** to clearly indicate the extent of its productions, any objections, and whether it "has withheld documents responsive to any portions of" 360Heros' requests.[1]  *Loop AI Labs Inc. v. Gatti*, No. 15-0798-HSG (DMR), 2016 U.S. Dist. Lexis 58820, at *10-11 (N.D. Cal. May 3, 2016); Fed. R. Civ. P. 34(b)(2)(B)-(C).

The Court suspects that the parties will have resolved many of these issues by the date of this order. If, in another 30 days, 360Heros is not satisfied with GoPro's responses to its first set of requests for production, the parties may file an updated joint letter that specifically describes

---

[1] This applies to both past and future document productions.

1  what remains outstanding, and articulates why GoPro should be ordered to respond. In the
2  meantime, the Court hereby **ORDERS** the parties to meet and confer in good faith regarding
3  360Heros' requests for production.

## II.  Answers to Interrogatories

360Heros served its First Set of Interrogatories on October 28, 2016. *See* Joint Statement, Ex. C. GoPro responded on November 30, 2016 without verification, and served amended responses with verification on January 13, 2017. *Id.*, Exs. D, E. 360Heros seeks an order compelling GoPro's responses to interrogatories 3, 4, 6, 7, 10 and 11.

### A.  Interrogatories 3, 4, 6, and 7

Interrogatory 3 asks for GoPro to state

> GoPro's computation of money damages under the Lanham Act as alleged in the FIRST CLAIM in the Complaint, including (a) any lost profits GoPro seeks including the amount of the alleged lost profits, (b) all revenue, income, and costs associated with the manufacture, sales and offers for sale of any product GoPro contends is the subject of GoPro's FIRST CLAIM in the Complaint, (c) identify all DOCUMENTS on which GoPro relies to support GoPro's computation of monetary damages under the Lanham Act as alleged in the FIRST CLAIM, and (d) identify all PERSONS with knowledge of GoPro's alleged monetary damages as alleged in the FIRST CLAIM.

Ex. C, First Set of Interrogatories, at 5. Interrogatories 4, 6, and 7 ask GoPro for similar information with respect to GoPro's second, third, and fourth causes of action. *See id.* at 5-7. GoPro objected to all four interrogatories on the basis that they were premature, overbroad, vague and ambiguous, and based on discovery that had yet to occur. *See* Ex. E, Amended Responses to Interrogatories, at 6-10. In the parties' joint statement, GoPro states that on March 3, 2017, it promised to serve its amended responses to these interrogatories by March 22, 2017. Joint Statement at 5. To the extent GoPro has done so, 360Heros' request for an order compelling amended responses is moot. To the extent GoPro has not served these amended responses, GoPro is hereby **ORDERED** to answer these interrogatories within ten days of the date of this order.

3

**B.     Interrogatory 10**

Interrogatory 10 asks GoPro to "[s]tate the basis for GoPro's Fourth Affirmative Defense that 'The equitable doctrine of unclean hands bars 360Heros' claim for damages or other relief' and identify all DOCUMENTS on which GoPro relies to support its Fourth Affirmative Defense." Ex. C, First Set of Interrogatories, at 7.  GoPro appears to have meaningfully responded in its amended responses to interrogatories. *See* Ex. E, Amended Responses to Interrogatories, at 11-13. 360Heros states that the response is inadequate because it "reflects that [GoPro's] pleaded unclean hands defense lacks factual support."  Whether that argument proves to be true at a later point, the Court does not see why GoPro should be compelled to amend its current response.  360Heros' request to compel an amended response to Interrogatory 10 is DENIED.

**C.     Interrogatory 11**

Interrogatory 11 asks GoPro to

> State the date GoPro first obtained actual notice of the published patent application for the '019 patent and identify all DOCUMENTS CONCERNING the date GoPro first obtained actual notice of the published patent application for the '019 patent. For purposes of this Interrogatory, the term actual notice is defined pursuant to 35 USC § 154(d).

Exhibit C, First Set of Interrogatories, at 7.  GoPro's response identifies when it had actual notice of the patent itself, not the application.  Ex. E, Amended Responses to Interrogatories, at 14. GoPro claims notice of the patent application is irrelevant for purposes of 35 U.S.C. § 154(d).

Section 154(d) provides, in relevant part, that a patentee may "obtain a reasonable royalty from any person who," "makes, uses, offers for sale, or sells in the United States the invention as claimed in [a] published patent application," and "had actual notice of the published patent application," "during the period beginning on the date of publication of the application for such patent."   35  U.S.C.  § 154(d)(1).   This right "to obtain a reasonable royalty shall not be available . . . unless the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application."  *Id.* § 154(d)(2).  GoPro argues that because "the issued claims of the '019 patent are not 'substantially identical to the invention as claimed in the

4

published patent application,'" the date that GoPro received notice of the published application is irrelevant. Joint Statement at 3. Whether that argument proves to be true at a later point, at this point the Court orders to identify when it first had notice of the published application for the '019 Patent. Accordingly, GoPro is hereby **ORDERED** to amend its interrogatory response to provide this information within ten days of the date of this order.

Going forward, the parties are reminded to make every effort to resolve these disputes informally by meet and confer. If the parties bring future discovery disputes to this Court, they must clearly delineate what is in dispute and their respective positions on each point.

This order resolves Dkt. No. 41.

**IT IS SO ORDERED**.

Dated: March 23, 2017

SUSAN ILLSTON
United States District Judge