KILPATRICK TOWNSEND & STOCKTON LLP
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
RYAN BRICKER (State Bar No. 269100)
BYRON R. CHIN (State Bar No. 259846)
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: mboroumand@kilpatricktownsend.com
       rbricker@kilpatricktownsend.com
       bchin@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
MEGAN M. CHUNG (State Bar No. 232044)
ERWIN L. CENA (State Bar No. 272960)
12730 High Bluff Drive, Suite 400
San Diego, California 92130
Telephone: (858) 350-6100
Facsimile: (858) 350-6111
Email: mchung@kilpatricktownsend.com
       ecena@kilpatricktownsend.com

Attorneys for Plaintiff
GOPRO, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> 360HEROS, INC., a Delaware corporation, <br><br> Defendant. | Case No. 16-1944 (SI) <br><br> **PLAINTIFF GOPRO, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL** <br><br> Date: November 3, 2017 <br> Time: 9:00 a.m. <br> Ctrm.: 1, 17th Floor <br> Hon. Susan Illston |

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT .................................................................................................................... 2

    A.   360Heros' Continued Gamesmanship Regarding Third Party Documents Warrants Granting GoPro's Motion to Compel ........................................... 2

        1.   360Heros Improperly Withheld Documents It Was Ordered to Produce ................................................................................................................ 2

        2.   360Heros' Document Production with Respect to Third Parties is Indisputably Incomplete ................................................................................. 4

        3.   360Heros May Not Hide Behind the ESI Order .................................................. 6

    B.   Mr. Kintner Should Be Deposed Again at 360Heros' Expense ........................................ 9

    C.   GoPro is Entitled to Its Expenses for This Motion ......................................................... 10

III. CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*E.E.O.C. v. Albion River Inn, Inc.*,
    No. C 06-05356 SI, 2007 WL 2560718 .................................................................................. 10

*Ghorbanian v. Guardian Life Ins. Co. of Am.*,
    No. C14-1396RSM, 2016 WL 1077251 (W.D. Wash. Mar. 18, 2016) ........................................ 7

*Humphreys v. Regents of Univ. of California*,
    No. C 04-03808 SI, 2006 WL 1140907 (N.D. Cal. Apr. 3, 2006) .............................................. 10

*Salazar v. McDonald's Corp.*,
    No. 14-CV-02096-RS (MEJ), 2016 WL 736213 (N.D. Cal. Feb. 25, 2016) ........................ 8, 9, 10

*In re SPECS*,
    No. C 10-04250 YGR (DMR), 2012 WL 4120246 (N.D. Cal. Sept. 18, 2012) ............................ 11

*Stewart v. Cont'l Cas. Co.*,
    No. CV 12-00532-KD-B, 2014 WL 12600282 (S.D. Ala. Jan. 9, 2014) ...................................... 7

*Synthes USA, LLC v. Spinal Kinetics, Inc.*,
    No. C09-01201 RMW HRL, 2011 WL 811731 (N.D. Cal. Mar. 2, 2011) .................................. 10

**Other Authorities**

Fed. R. Civ. P. 26(b)(2) .................................................................................................................. 9

Fed. R. Civ. P. 26(b)(2)(B) ............................................................................................................. 7

Fed. R. Civ. P. 30(b)(6) .................................................................................................................. 3

Fed. R. Civ. P. 30(d)(3) ................................................................................................................ 10

Fed. R. Civ. P. 37 ......................................................................................................................... 11

Fed. R. Civ. P. 37(a)(5) ................................................................................................................ 11

Patent L.R. 2-2 ............................................................................................................................... 9

## I.     INTRODUCTION

It is clear from 360Heros' Opposition Brief that 360Heros has violated, and continues to violate, this Court's orders regarding discovery of documents relating to third parties. On June 27, 2017, the Court ordered 360Heros to produce responsive documents by June 30, 2017, in advance of the deposition of its founder, Michael Kintner. (Dkt. 74.) After 360Heros ignored the Court's order, on July 27, 2017, the Court again ordered 360Heros to produce documents within ten days and provide written confirmation to GoPro that its production was complete. (Dkt. 80 at 2.) 360Heros claims it "complied with [the Court's July 27 Order re: Discovery] with its August 7 Seventh supplemental production." (Dkt. 100 at 2; *cf*. Dkt. 80 at 2.) Yet the facts establish that 360Heros' representations of compliance are false. 360Heros did not produce documents that Mr. Kintner testified were in its possession, custody and control as required by the Court. Instead, it waited until September 22, 2017, after GoPro was forced to file this Motion to Compel (Dkt. 88, hereinafter "Motion), to produce a small subset of the responsive documents. Consequently, there is no dispute that 360Heros disregarded the Court's orders when it failed to produce relevant documents by the June 30 and August 7 deadlines.

Moreover, not only did 360Heros produce documents over six weeks after a Court-ordered deadline, 360Heros continues to withhold responsive documents in violation of the Court's orders. To defend its sanctionable conduct, 360Heros contends that it is entitled to withhold responsive documents under the guise of the ESI Order. It makes this argument despite the fact that (a) the Court ordered 360Heros to produce these documents (Dkt. 80 at 2), (b) Mr. Kintner has testified that all emails and documents that he had, including those with third parties, had been turned over to counsel prior to his deposition on July 25, 2017, and (c) 360Heros has had no issue producing ESI documents that it believes supports its positions. 360Heros, for example, has not produced documents that would allow GoPro to understand 360Heros' relationship with its distributors in terms of prices and costs, or marketing materials that use GoPro's marks and images. All of these details are highly relevant to 360Heros' claimed lost profits patent damages, as well as trademark and copyright infringement. Moreover, entire categories of documents and communications that should exist between 360Heros and third parties are still missing. 360Heros may have produced some technical documents it

exchanged with third party manufacturers and testers, but absent are the communications or emails that would provide relevant information regarding with whom, when, and under what circumstances these technical documents were exchanged. As detailed in the Motion and below, 360Heros production continues to be incomplete.

Consequently, GoPro requests for the third time that the Court compel 360Heros to produce relevant documents pursuant to GoPro's Request for Production Nos. 7, 9, 27, 28, 37, 38, 42, 70, 71, 72, 82, and 83 (collectively "GoPro's Requests"). GoPro further requests that Michael Kintner be available for a further deposition, and that 360Heros pay the costs and fees for this motion and the second deposition of Mr. Kintner.

## II. ARGUMENT

### A. 360Heros' Continued Gamesmanship Regarding Third Party Documents Warrants Granting GoPro's Motion to Compel

In its July 27, 2017 Order, the Court rejected 360Heros' contentions that it was not obligated to produce third-party documents, remarking that 360Heros' position "smacks of gamesmanship." (Dkt. 80 at 1.) 360Heros' defense of its decision to disregard the Court's subsequent order likewise smacks of gamesmanship.

#### 1. 360Heros Improperly Withheld Documents It Was Ordered to Produce

The Court has twice ordered 360Heros to produce the documents at issue in this Motion. (Dkt. 74, 80.) In its Opposition Brief, 360Heros never states that it has fully complied with the two orders. Instead, 360Heros contends it has produced "*majority* of documents that GoPro now complains about." (Dkt. 100 at 2) (emphasis added). That is an admission that 360Heros defied the June 27th Order requiring production by June 30. To this day, 360Heros has not produced *all* of the relevant documents that it has. 360Heros next contends that it complied with the July 27 Order "with its August 7 Seventh Supplemental production" and provided "the required language as directed by the Court" by stating that its production was complete. (*Id.*) However, 360Heros admits it produced documents nearly six weeks after the Court's Order, and after GoPro filed its Motion to Compel. (*See* Dkt. 100 at 5, 8.) On September 22, 2017, 360Heros produced its Ninth Supplemental Response and document production confirming that 360Heros was withholding responsive documents it could have

previously produced. (Reply Declaration of Byron R. Chin in Support of GoPro, Inc.'s Reply in Support of Motion to Compel ("Chin Reply Decl.") Ex. Z (identifying additional documents responsive to, *inter alia*, Request Nos. 9 and 27).)

There is no reason why documents produced with the Ninth Supplemental Response could not have been produced by the first deadline of June 30, let alone the second deadline of August 7, 2017. Mr. Kintner testified during his deposition on July 25, 2017, that these documents existed and that he had provided those documents previously to his counsel.[1] One of the documents from the September 22nd production is the Manfrotto Distribution Agreement that Mr. Kintner testified about at his deposition. (*See* Motion at 10, 18.) This Distribution Agreement was executed in *February 2017*. (Chin Reply Decl. ¶ 5.) The other three documents in this production are purchase orders for Keystone Tool and Die, and 360Heros' previously undisclosed manufacturers Fresh View and LCH Manufacturing. (*Id.*) Although 360Heros half-heartedly suggests that it "just began doing business" with Fresh View and LCH (Dkt. 100 at 11), the first purchase orders for all of these companies are dated months or years before this dispute arose, with the *latest* set starting in February 2017. (*Id.*) Thus, all these documents existed before the Court's first deadline of June 30, 2017, and second deadline of August 7, 2017.

360Heros offers no explanation for why it failed to produce these documents after the Court's Orders, or in advance of Mr. Kintner's deposition. At his deposition, Mr. Kintner testified that he had given to counsel "anything that [he] had," including email, Skype chats, and all other documents. (Dkt. 88-3 Ex. R at 85:5-88:19.) Mr. Kinter also testified that these documents would include communications with Manfrotto, LCH, and Fresh View. (*Id.* at 87:6-88:19.) 360Heros contended that its production in response to the requests for production at issue in this motion was complete. Yet, now, in support of the Opposition Brief, Mr. Kintner states in his declaration that he waited until *September 8 and 22* to provide the Distribution Agreement and the Fresh View/LCH purchase orders

---

[1] 360Heros inexplicably claims that Mr. Kintner's deposition was a Rule 30(b)(6) deposition, when it was not. (Dkt. 100 at 1; Chin Reply Decl. Ex. Y.) Regardless, this would not have affected 360Heros' Court-ordered obligation to produce documents in advance of Mr. Kintner's deposition. (Dkt. 74.)

to counsel. (Dkt. 100-3 at ¶¶ 3-9.) 360Heros and Mr. Kintner have not provided any excuses for these inconsistent statements.

What is clear is that 360Heros failed to comply with the Court's previous Orders. Its September document production contains documents 360Heros should have produced in advance of Mr. Kintner's deposition. Furthermore, this belated production of responsive documents severely undercuts 360Heros' contention that GoPro is "simply speculating that more documents *must* exist to be produced." (Dkt. 100 at 13). In fact, clear deficiencies still exist in 360Heros' production of documents and communications related to third parties.

### 2. 360Heros' Document Production with Respect to Third Parties is Indisputably Incomplete

360Heros attempts to hide deficiencies in its production by referring to its production as "substantial" and consisting of "more than 17,000 [pages of] documents." (Dkt. 100 at 5.) 360Heros conflates quantity with relevant quality. A significant majority of the 17,000 pages consists of two documents: a 6,208-page collection of invoices, and a *duplicate* of that same document. (Chin Reply Decl. ¶ 6.) As GoPro noted in its Opening Motion, GoPro has been aware of these invoices since the outset of this dispute. (*See* Dkt. 79 at 1-2; Dkt. 88-3 Ex. N at 2, Ex. P at 3; Dkt. 88 at 17.) Thus, GoPro has not moved to compel those invoices, but rather has focused on obtaining communications, agreements, sales reports, and other documents. Quantity does not excuse 360Heros' failure to produce entire categories of other responsive documents.

The most blatant example of 360Heros' incomplete production consists of gaps in the documents about its distributors, e.g., Manfrotto, Broadfield, and B&H. (*See* Motion at 18-19 (explaining relevance).) While 360Heros argues that it had produced the documents (Dkt. 100 at 11), 360Heros outright failed to produce any documents even mentioning Manfrotto until after Mr. Kintner's deposition.[2] Even still, 360Heros has yet to produce any communications, or sales reports even though Mr. Kintner testified that Manfrotto would send sales reports to 360Heros. (Dkt. 88-3

---

[2] The Distribution Agreement discloses many details of 360Heros' relationship with Manfrotto, including, for example, how revenue is shared. GoPro should have had the benefit of having the Distribution Agreement before Mr. Kintner's deposition and should be allowed to ask Mr. Kintner about specifics of the Distribution Agreement.

Ex. R at 116:9-117:25.) Those sales reports would also help to show what products 360Heros sold through Manfrotto, which in turn will help determine the accurate margins on different products.

360Heros production with regard to Broadfield and B&H is also incomplete. Although, 360Heros has produced the invoices for Broadfield and B&H, it has not produced any agreements or other communications discussing the details of 360Heros' contractual relationship with either Broadfield or B&H. Not only does this impact the damages analysis, communications with B&H are relevant for Mr. Kintner's claim that he obtained some type of permission from B&H to use GoPro's marks and images.[3] (*See* Motion at 19.) 360Heros does not address these types of documents in its Opposition Brief. Accordingly, due to 360Heros' failure to make a complete document production, GoPro is unable to fully understand 360Heros' relationship with its product distributors. The same problems infect 360Heros' partial document productions with respect to all other third parties at issue here. (*See* Motion at 17-20.)

360Heros further contends that it need not produce the actual communications when it produced the underlying technical documents, such as STL and step files that it exchanged with third parties. (Dkt. 100 at 11 ("As Mr. Kintner indicated in his deposition any communication exchanged with these companies might have included sending the STL and step files [] and these were also produced.").) 360Heros obfuscates the issues. GoPro is not seeking the technical files that it acknowledged were produced[4] by 360Heros. (Motion at 17; Dkt 79.) Rather, GoPro seeks, and is entitled to receive the actual communications through which the technical files were exchanged. Such communications may contain relevant descriptions or characterizations of the content. The dates of the communications may further be relevant. (*See* Motion at 16 (explaining relevance of prototyping

---

[3] In its Opposition, 360Heros argues that somehow GoPro's requests are overbroad and seek information in the possession of third parties. (Dkt. 100 at 10-11). That is not true. GoPro seeks 360Heros' marketing material and communications with third parties that mention GoPro's products. (*See* Motion at 5-6, 18-19.) For example, B&H at least markets the 360Heros's products with images of GoPro products. GoPro should know whether 360Heros provided those images to B&H or, as Mr. Kintner claims, that B&H provided permission to use such images, and any other details of the marketing arrangement with B&H.

[4] GoPro does not concede that all technical files were produced. With all of the inconsistencies in 360Heros' production and discovery responses, it is unclear whether 360Heros' production is complete.

"to the date of the invention, inventorship, and patent validity and enforceability); *see also id.* (importance of potential use of "Abyss" mark).) 360Heros, however, attempts to shield production of the actual communications – and, it appears, virtually all other relevant and non-privileged communications with third parties that it has already collected – under the ESI Order.

### 3.   360Heros May Not Hide Behind the ESI Order

As GoPro anticipated in its Motion, 360Heros attempts to hide behind the ESI Order in its latest attempt to refuse to comply with its discovery obligations. (Motion at 10.) 360Heros repeatedly contends that it is entitled to withhold emails, despite admitting that "many communications that might exist are likely in the form of emails (as is customary in a 21st Century business)" (Dkt. 100 at 5), and having produced emails prior to entry of the ESI Order.

First, 360Heros' position ignores its Court-ordered discovery obligations. The dispute over third party documents and communications arose concurrently, but separately from the protracted negotiation of the ESI Order. (*See* Dkt. 65 (joint discovery letter addressing history of ESI Order); Dkt. 67 at 2-5 (addressing dispute regarding documents for Kintner deposition).) At the June 23, 2017 status conference, 360Heros did not raise any arguments about ESI with respect to third party communications, and the Court cautioned the parties not to use ESI to avoid their discovery obligations. Subsequently, the Court ordered 360Heros to produce documents for Mr. Kintner's deposition *concurrently* with entry of the ESI Order. (Dkt. 74.)

After the ESI Order had been entered, the parties filed the joint discovery letter resulting in the Court's July 27 Order. (Dkt. 78, 79.) At no point during this earlier briefing did 360Heros even discuss ESI discovery. (*See* Dkt. 79.) Accordingly, the Court's July 27 Order directed 360Heros to produce "*all non-privileged, responsive documents in its possession* with respect to GoPro's Requests 7, 9, 27, 37, 38, 42, 70, 71, 72, 82, and 83." (Dkt. 80 at 2 (emphasis added).) Notably absent from this order was any caveat allowing 360Heros to withhold ESI responsive to these requests.[5] Having

---

[5] To the extent that 360Heros contends that paragraph 6 of the ESI Order strictly forbids "[g]eneral ESI production requests" from including "email or other forms of electronic correspondence," the July 27 Order should modify this provision. (*See* Dkt 78 at ¶ 2 ("This Order may be modified in the Court's discretion.").)

failed to raise an ESI argument at either earlier stage, 360Heros' current assertion that the ESI Order excuses it from producing any ESI is gamesmanship, and should be rejected as waived. *See Ghorbanian v. Guardian Life Ins. Co. of Am.*, No. C14-1396RSM, 2016 WL 1077251, at *3 (W.D. Wash. Mar. 18, 2016) (holding party waived objections to ESI when it failed to bring them "as specific objections to individual discovery requests").

Second, 360Heros should not be allowed to use ESI as a belated dilatory tactic. 360Heros has had no issue collecting and producing ESI that it believes supports its positions, such as Skype chat transcripts and emails. (*See, e.g.*, Dkt. 88-3 Ex. T; Chin Decl ¶ 7.) 360Heros began producing emails as early as its November 23, 2016 production, and its recent August 31, 2017 production included a folder titled "MK Emails." (Chin Decl. ¶ 7.) Indeed, based on Mr. Kintner's testimony, there is only one ESI custodian for most issues raised in the Motion—Mr. Kintner. Thus, 360Heros has, and could have produced emails before the Court ordered deadlines, and Mr. Kintner's deposition.

Third, 360Heros makes no effort to "show that the information is not reasonably accessible because of undue burden or cost" as it was required to do under Rule 26(b)(2)(B); *see also Stewart v. Cont'l Cas. Co.*, No. CV 12-00532-KD-B, 2014 WL 12600282, at *3 (S.D. Ala. Jan. 9, 2014) (party ordered to produce relevant ESI that was considered reasonably accessible despite contention that "it is likely to cost in excess of $13,000 to retrieve the information from computer hard drives that are no longer in use"). Based on meet-and-confer calls and correspondence leading up to the case management conference and joint letter on discovery, GoPro had identified a tangible category of documents: documents and communications with third parties that 360Heros worked with for manufacturing, prototyping, testing, marketing, and product distribution. (*See* Motion at 7-8.) As GoPro previously noted, Mr. Kintner testified at his deposition that he had given all documents and communications that he had to counsel, including all emails, Skype chat transcripts, a list of all vendors, purchase orders, and even agreements with third parties. (Motion at 9-10.) In his Declaration filed with 360Heros' Opposition Brief, Mr. Kintner confirmed that "most of my communications with third parties that 360Heros works with is via email or telephone," or via Skype. (Dkt. 100-3 at ¶ 17.) Mr. Kintner also represented that he had "conducted repeated searches between October 2016 and June 2017" for documents, "providing all possibly responsive documents to counsel

for further review."[6] (Dkt. 100-3 at ¶¶ 6, 7.) Accordingly, 360Heros claims to have already completed its document collection before Mr. Kintner's deposition. Yet, they failed to produce the documents that existed.

Moreover, 360Heros cannot claim hardship due to accessibility or review costs. 360Heros' production of emails, portions of Skype chat, and thousands of pages of invoices indicate it is not unduly burdensome for 360Heros to identify third parties, review the documents collected from Mr. Kintner, and produce for relevant documents. (*See* Dkt. 100 at 6 ("360Heros provided thousands of invoices showing companies involved in testing or prototyping…."); Chin Reply Decl. ¶¶ 6, 7.)

Finally, proportionality considerations warrant compelling 360Heros to produce highly relevant emails that it has already collected. Proportionality requires weighing factors including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Salazar v. McDonald's Corp.*, No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016) (quoting Fed. R. Civ. P. 26(b)(1).)[7] In its Motion, GoPro explained in detail the importance of the third party discovery to the issues in the case. With respect to LCH and Fresh View, for example, GoPro explained that because these are foreign entities, discovering information from 360Heros was the most proportional and reasonable method because "it would be unduly burdensome and nearly impossible to obtain third-party discovery." (Motion at 17 n. 15; *see also id*. at 16.) Furthermore, 360Heros has now made clear that almost all of its documents with some third parties such as Jamie Bowen or Jim Weiser are email communications. Therefore, requiring 360Heros, which repeatedly characterizes itself as "a small company with a one-man office staff" (Dkt. 100 at 2) to produce

---

[6] It is impossible to reconcile this statement with the statements in the succeeding paragraphs where, as discussed above, Mr. Kintner admits he failed to provide documents relating to Manfrotto, Fresh View, and LCH to counsel until September. (*See id*. at ¶¶ 8-9.)

[7] Contrary to 360Heros' conclusory assertion (Dkt. 100 at 12), GoPro directly addressed the relevance and proportionality of the discovery at issue in the opening Motion. (*See, e.g.*, Motion at 15-20.) In any event, GoPro did not have an affirmative "burden of addressing all proportionality considerations." *Salazar*, 2016 WL 736213, at *2 (quotation omitted).

responsive third party documents is more convenient and less burdensome to all parties than if GoPro were to try to obtain the same materials via subpoenas to each of these third parties. Moreover, 360Heros does not provide any credible explanation as to why any of the discovery at issue here is not proportional, particularly when it only points to its boilerplate objections to GoPro's discovery requests.[8] (*See* Dkt. 100 at 12.) *See Salazar*, 2016 WL 736213, at *2 ("Nor is [Rule 26(b)] intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional.") (quoting Advisory Committee Notes to Fed. R. Civ. P. 26). Accordingly, requiring 360Heros to produce electronic documents and communications with the third parties is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(2).

### B. Mr. Kintner Should Be Deposed Again at 360Heros' Expense

360Heros' contention that "GoPro has no need to inquire about the handful of new documents it has received" is ridiculous. (Dkt. 100 at 14.) 360Heros' noncompliance with its discovery obligations severely prejudiced GoPro at Mr. Kintner's first deposition. The most egregious example of this prejudice is reflected by 360Heros' production of the Manfrotto Distribution Agreement two months after Mr. Kintner's deposition. As a direct consequence of this late production – and the fact that 360Heros had not produced any documents even referencing its main distributor Manfrotto at the time – GoPro was unable to review or meaningfully question Mr. Kintner about the terms of his agreement with Manfrotto. Likewise, 360Heros produced a document referencing (but not including) a Joint Marketing Plan with camera manufacturer Yi Technology only after GoPro deposed Mr. Kintner. (*See* Motion at 10-11.) Even if this were truly "the only relevant document currently available" as 360Heros represents (Dkt. 100 at 9), GoPro should have been able to question Mr. Kintner about the substance of this document, the circumstances of when he gave this alleged "power point presentation to Yi" (*id.*), and any discussions of a "joint marketing plan" with Yi Technology.

---

[8] 360Heros' contention that it refused to produce documents earlier "because of…the need for [a] protective order" (Dkt. 100 at 12-13) only underscores the baselessness of its objections throughout this case, as 360Heros has consistently ignored the fact that there has always been a Protective Order in force in this case under the Patent Local Rules. *See* Patent L.R. 2-2 ("Discovery cannot be withheld on the basis of confidentiality absent Court order. The Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order.").

1    GoPro repeatedly warned 360Heros that it needed 360Heros' document production to be
2    completed before Mr. Kintner's deposition. This Court agreed, and ordered 360Heros to produce
3    documents in advance of Mr. Kintner's deposition, which it failed to do. (Dkt. 74.) Likewise, as the
4    Court in *Salazar v. McDonald's Corp.* explained, "the Court agrees with Plaintiffs that to be able to
5    adequately prepare for the Haynes Defendants' depositions, they should have the documents to be able
6    to fully question those witnesses and potentially pursue other lines of inquiry, such as authenticating
7    documents, etc." *Salazar* 2016 WL 736213, at *4 (ordering expedited production of ESI in advance
8    of depositions). Because 360Heros' misconduct prevented GoPro from having all the documents it
9    should have had for Mr. Kintner's deposition, the Court should order 360Heros to make Mr. Kintner
10   available for another deposition, but only *after* 360Heros has actually produced all third party
11   materials. See *E.E.O.C. v. Albion River Inn, Inc.*, No. C 06-05356 SI, 2007 WL 2560718, at *2
12   (ordering further deposition after production of improperly withheld documents); *Humphreys v.*
13   *Regents of Univ. of California*, No. C 04-03808 SI, 2006 WL 1140907, at *2 (N.D. Cal. Apr. 3, 2006)
14   (ordering further deposition where defending counsel improperly limited scope of discovery); *see also*
15   *Synthes USA, LLC v. Spinal Kinetics, Inc.*, No. C09-01201 RMW HRL, 2011 WL 811731, at *1 (N.D.
16   Cal. Mar. 2, 2011) ("A court *must* grant leave [to take another deposition] unless it finds that … (b)
17   the party seeking discovery has had ample opportunity to obtain the information through discovery.")
18   (emphasis added).
19       Finally, 360Heros should bear the costs of any further deposition. 360Heros has only itself to
20   blame for the present situation, and GoPro is entitled to a further deposition of Mr. Kintner on the
21   improperly withheld documents. Furthermore, because this additional deposition was made necessary
22   by 360Heros' misconduct, 360Heros should be ordered to bear GoPro's fees and costs in re-deposing
23   Mr. Kintner. See *Humphreys*, 2006 WL 1140907, at *2 (ordering offending party to pay depositions
24   costs under Fed. R. Civ. P. 30(d)(3)).
25       **C.    GoPro is Entitled to Its Expenses for This Motion**
26       As GoPro explained in its Motion and above, 360Heros has failed to produce relevant third
27   party documents, and is willfully withholding ESI that it has already collected, failing to even contend
28   that it would be unduly burdensome or costly to produce. 360Heros' baseless arguments, and

noncompliance with the Court's prior Order justify sanctions under Rule 37. Furthermore, 360Heros' contention that this Motion "achieved nothing but increased litigation expense" (Dkt. 100 at 18) ignores the fact that after GoPro filed this Motion, 360Heros belatedly produced an (incomplete) set of responsive documents. *See In re SPECS*, No. C 10-04250 YGR (DMR), 2012 WL 4120246, at *1 (N.D. Cal. Sept. 18, 2012). The fact that 360Heros served this document production only after GoPro filed its Motion to Compel further warrants sanctions, as Fed. R. Civ. P. 37(a)(5) specifically contemplates awarding fees and costs if "the disclosure or requested discovery is provided *after the motion was filed*." (emphasis added).

### III. CONCLUSION

For the foregoing reasons, and for reasons set forth in GoPro's Motion to Compel, GoPro respectfully requests that the Court compel 360Heros to produce documents responsive to Request Nos. 7, 9, 27, 28, 37, 38, 70-72, 82, 83), order 360Heros to make Mr. Kintner available for an additional deposition, and order 360Heros to reimburse GoPro for its fees and costs in bringing this motion and re-deposing Mr. Kintner.

DATED: October 4, 2017     Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By  /s/ *Byron R. Chin*
    BYRON R. CHIN

    Attorneys for Plaintiff
    GOPRO, INC

70230668V.3