KILPATRICK TOWNSEND & STOCKTON LLP
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
RYAN BRICKER (State Bar No. 269100)
BYRON R. CHIN (State Bar No. 259846)
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: mboroumand@kilpatricktownsend.com
       rbricker@kilpatricktownsend.com
       bchin@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
MEGAN M. CHUNG (State Bar No. 232044)
ERWIN L. CENA (State Bar No. 272960)
12730 High Bluff Drive, Suite 400
San Diego, California 92130
Telephone: (858) 350-6100
Facsimile: (858) 350-6111
Email: mchung@kilpatricktownsend.com
       ecena@kilpatricktownsend.com

Attorneys for Plaintiff
GOPRO, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>360HEROS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 16-1944 (SI)<br><br>**REPLY DECLARATION OF BYRON R. CHIN IN SUPPORT OF GOPRO, INC.'S MOTION TO COMPEL**<br><br>Date: October 27, 2017<br>Time: 9:00 a.m.<br>Ctrm.: 1, 17th Floor<br>Hon. Susan Illston |

/ / /

/ / /

/ / /

/ / /

/ / /

I, Byron R. Chin, upon personal knowledge or information and belief, state as follows:

1. I am an attorney and a member of the bar of the State of California. I am an associate with Kilpatrick Townsend & Stockton LLP, and represent GoPro, Inc. in this litigation. I am over the age of 18 and otherwise competent to make this declaration.

2. I make this declaration on my own knowledge, except where otherwise noted. If called upon to testify regarding the contents of this declaration, I could and would competently testify to its accuracy.

3. Attached as **Exhibit Y** is a true and correct copy of Plaintiff's Notice of Deposition of Michael Kintner, dated July 11, 2017.

4. Attached as **Exhibit Z** is a true and correct copy of Defendant 360Heros, Inc.'s Ninth Supplemental Response to Plaintiff GoPro's First Set of Requests for Production of Documents, dated September 22, 2017.

5. Although 360Heros served its Ninth Supplemental Response to GoPro's Requests for Production on September 22, 2017, because 360Heros sent the documents by mail, GoPro did not receive them until September 27, 2017. This production contained four discrete documents:

- 360H-17183 to 17209 is a Distribution Agreement between 360Heros, Inc. and Manfrotto Distribution, Inc., and was executed on February 7, 2017. This document contains the revenue sharing arrangement between 360Heros and Manfrotto.
- 360H-17210 to 17213 is a vendor report and a set of purchase orders for Fresh View, with the purchase orders dated between February and June 2017.
- 360H-17214 to 17230 is a set of purchase orders for Keystone Tool & Die, with the purchase orders dated between April 2013 and February 2016.
- 360H-17231 to 17327 is a vendor report and a set of purchase orders for LCH, with the purchase orders dated between October 2016 and September 2017.

6. I have reviewed the remainder of 360Heros' document production to GoPro. 360H-02798 to 360H-9005 is a 6,208 page document containing only 360Heros invoices. 360H-08912 to 360H-15119 is a 6,208 page identical copy of 360H-02798 to 360H-09005.

7\. 360Heros has voluntarily produced many emails with its document productions. Its November 23, 2016 production, for example, included native format emails such as those found at 360H-01703, 1706, 1707, 1714, and 1715. Likewise, its August 31, 2017 document production included a folder that was labeled "MK [Michael Kintner] Emails." This folder contains nine documents in the Bates range 360H 17138 to 17182. All of these documents appear to be printouts of emails.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 4th day of October, 2017, at San Francisco, California.

/s/ *Byron R. Chin*
BYRON R. CHIN

70236213V.1

EXHIBIT Y

KILPATRICK TOWNSEND & STOCKTON LLP
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
RYAN BRICKER (State Bar No. 269100)
BYRON R. CHIN (State Bar No. 259846)
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email:    mboroumand@kilpatricktownsend.com
          rbricker@kilpatricktownsend.com
          bchin@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
MEGAN M. CHUNG (State Bar No. 232044)
ERWIN L. CENA (State Bar No. 272960)
12730 High Bluff Drive, Suite 400
San Diego, California 92130
Telephone: (858) 350-6100
Facsimile: (858) 350-6111
Email:    mchung@kilpatricktownsend.com
          ecena@kilpatricktownsend.com

Attorneys for Plaintiff
GOPRO, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOPRO, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>360HEROS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:16-cv-01944-SI<br><br>**PLAINTIFF'S NOTICE OF DEPOSITION OF MICHAEL KINTNER**<br><br>Honorable Susan Illston<br>Complaint filed April 13, 2016 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30, Plaintiff GoPro, Inc., by and through their attorneys, will take the deposition of Michael Kintner on July 25, 2017. The deposition will commence at 9:00 a.m. at Park Center Development, One Blue Bird Square in Olean, NY 14760. The deposition will take place upon oral examination before an officer duly authorized by law to administer oaths and record testimony. The testimony will be recorded by

stenographic means and will be videotaped. The deposition will continue from day to day if necessary until completed or adjourned.

Dated: July 11, 2017

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____
                Byron R. Chin

Attorneys for Plaintiff
GOPRO, INC.

# PROOF OF SERVICE

I, Byron Chin, declare:

I am employed in the City and County of San Francisco, California; I am over the age of eighteen years and not a party to the within action; my business address is Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center, Suite 1900, San Francisco, California 94111.

On the date set forth below, I served a true and accurate copy of the foregoing document entitled **PLAINTIFF'S NOTICE OF DEPOSITION OF MICHAEL KINTNER** on the parties in this action, as follows:

<u>Attorneys for Defendant 360HEROS, INC.</u>:

David A. Gauntlett
James A. Lowe
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:  (949) 553-1010
Facsimile:  (949) 553-2050
Email:  info @gauntlettlaw.com
        jal@gauntlettlaw.com

☑ [<u>By E-Mail</u>] I caused said document to be sent by electronic transmission to the e-mail addresses indicated for the parties listed above.

☐ [<u>By First Class Mail</u>] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service.  On the date listed herein, following ordinary business practice, I served the within document at my place of business, by placing a true copy thereof, enclosed in sealed envelope with postage thereon fully prepaid, addressed as set forth above, for collection and mailing with the United States Postal Service where said envelope would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [<u>By Overnight Courier</u>] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressees.

☐ [<u>By Hand Delivery</u>] I directed each envelope to the parties so designated on the service list to be delivered by courier this date.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 11, 2017, at San Francisco, California.

*/s/ Byron Chin*
Byron Chin

69692823V.1

PLAINTIFF'S NOTICE OF DEPOSITION OF MICHAEL KINTNER
Case No. 3:16-cv-01944-SI

EXHIBIT Z

**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:   (949) 553-1010
Facsimile:   (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com

Attorneys for Defendant
360HEROS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>   vs.<br><br>360HEROS, INC., a Delaware corporation,<br><br>                    Defendant. | Case No.: 16-cv-01944-SI<br><br>Honorable Susan Illston<br><br>**DEFENDANT 360HEROS, INC.'S NINTH SUPPLEMENTAL RESPONSE TO PLAINTIFF GOPRO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

213403_4.doc-10798-002-9/22/2017 4:42 PM

Def 360Heros' Ninth Suppl. Resps to Pltff's RFPs
– Case No. 16-cv-01944-SI

1   Defendant 360Heros, Inc. hereby supplements its responses to Plaintiff's First Set of Request
2   for Production of Documents Nos. 9 and 27 pursuant to Rule 34 of the Federal Rules of Civil
3   Procedure and the Court's July 27, 2017 Order [Dkt. 80] subject to the following General
4   Objections.

### GENERAL OBJECTIONS

6   1.   360Heros objects to Plaintiff's Definitions and Instructions to the extent those
7   Definitions and Instructions seek to impose obligations on 360Heros beyond that permitted under
8   Fed.R.Civ.P. 26 and 34 or under the Civil Local Rules for the Northern District of California.
9   360Heros responds to the First Set of Requests for Production to the extent required by the Federal
10  Rules of Civil Procedure and the applicable Civil Local Rules.

11  2.   360Heros objects to Plaintiff's Definitions, Instructions and Requests for Production
12  to the extent they seek disclosure of information protected from disclosure by the attorney client
13  privilege. Communications with 360Heros' attorneys or related to the advice of 360Heros' attorneys
14  are protected by the attorney-client privilege and 360Heros will not produce documents protected by
15  the attorney-client privilege. To the extent any Request seeks disclosure of information protected by
16  the attorney-client privilege, an objection is asserted on each such discovery request.

17  3.   360Heros objects to Plaintiff's Definitions, Instructions and Requests for Production
18  on the grounds that they seek documents that are protected by the attorney-work product doctrine, or
19  other applicable privileges or protections, and would require the disclosure of mental impressions,
20  conclusions, and theories of 360Heros' attorneys and other representatives or are otherwise immune
21  from discovery. 360Heros will not produce documents protected by the attorney-work product
22  doctrine or other applicable privileges or protections. To the extent any Request seeks disclosure of
23  information protected by the work product doctrine or another applicable privilege or immunity, an
24  objection is asserted on each such discovery request.

25  4.   360Heros objects to the Requests for Production to the extent any Request seeks
26  disclosure of trade secret or other proprietary or confidential research, development or commercial
27  information including highly confidential commercial information of 360Heros for which special
28  protection from public disclosure and from use for any purpose other than prosecuting this litigation

is warranted. To the extent a Request seeks disclosure of such information, 360Heros will respond and produce such information pursuant to the June 26, 2017 Protective Order entered in this Action (Dkt. 73) and the applicable Federal Rules of Civil Procedure.

5.  360Heros objects to the Requests for Production to the extent the Requests seek discovery beyond that allowed under the July 10, 2017 Stipulation and Order Regarding Discovery of Electronically Stored Information For Patent Litigation [Dkt. 78].

6.  360Heros' General Objections are applicable to, and included in, 360Heros' specific responses set forth below. 360Heros bases its responses and production of documents on its current knowledge, understanding and belief as to the facts and information available on the date of these responses and on documents located by 360Heros.

## NINTH SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION

Each of the above General Objections is applicable to and included in 360Heros' specific responses set forth below. A specific response may repeat a General Objection for emphasis or some other reasons. The failure to include any General Objection in any specific response does not waive any General Objection to that Request.

**REQUEST NO. 9:**

All DOCUMENTS RELATING TO the design, research, development, testing, operation, manufacturing, and distribution of products and processes RELATING TO the alleged invention of the ASSERTED PATENT.

**RESPONSE:**

Objection: Defendant objects to this Request No. 9 as overbroad and not proportional to the needs of the case because it requests "All Documents Relating To" which encompasses documents not relevant to any party's claim or defense and places no limitation on document custodians and data locations.

Objection: Defendant objects to this Request because it seeks disclosure of confidential commercial information of Defendant. Defendant will respond and produce such information pursuant to the June 26, 2017 Protective Order entered in this Action because this information would

1  unnecessarily provide Defendant's confidential commercial information to Plaintiff and its
2  personnel.
3      Subject to and without waiver of objections, following a reasonable search by Defendant for
4  documents in its possession, custody or control, Defendant identifies the following additional
5  nonprivileged documents related to "distribution and manufacturing" responsive to this Request:
6  360H 17183-17237.
7      Subject to and without waiver of objections, Defendant has produced all non-privileged
8  responsive documents currently in its possession for Request No. 9.

**REQUEST NO. 23:**

All DOCUMENTS RELATING TO the design, development, and manufacturing of products or processes that 360Heros contends embodies any claim of the ASSERTED PATENT regardless of whether such products or processes were actually marketed or sold.

**RESPONSE:**

Objection: Defendant objects to this Request No. 23 as overbroad and not proportional to the needs of the case because it requests "All Documents Relating To" which encompasses documents not relevant to any party's claim or defense and places no limitation on document custodians and data locations.

Subject to and without waiver of objections, following a reasonable search by Defendant for documents in its possession, custody or control, Defendant identifies the following nonprivileged documents related to "manufacturing" responsive to this Request: 360H 17183-17237.

Subject to and without waiver of objections, Defendant has produced all non-privileged responsive documents currently in its possession for Request No. 23.

**REQUEST NO. 25:**

All DOCUMENTS describing the sale, offer for sale, revenues, costs, or profits of any products or processes of 360Heros that 360Heros contends practices or embodies any claim of the ASSERTED PATENT.

**RESPONSE:**

Objection: Defendant objects to this Request No. 25 as overbroad and not proportional to the

1  needs of the case because it requests "All Documents" which encompasses documents not relevant to
2  any party's claim or defense and places no limitation on document custodians and data locations.
3  Objection: Defendant objects to this Request because it seeks disclosure of highly
4  confidential commercial information of Defendant.
5  Subject to and without waiver of objections, Defendant already produced confidential
6  attorneys' eyes only documents: 360H 8911-15143, 360H 15268-15271; and 360H 15756-15759.
7  Following additional reasonable search by Defendant for documents in its possession, custody or
8  control, Defendant identifies the following nonprivileged documents responsive to this Request:
9  360H 17183-17237.
10  Subject to and without waiver of objections, Defendant has produced all non-privileged
11  responsive documents currently in its possession for Request No. 25.

12  **REQUEST NO. 27:**
13  All DOCUMENTS sufficient to IDENTIFY any third parties that 360Heros uses in the
14  design, development, testing, manufacture, sale, distribution, advertisement, and marketing of
15  products that 360Heros contends practice or embody claims of the ASSERTED PATENT.

16  **RESPONSE**
17  Objection: Defendant objects to this Request No. 27 as overbroad and not proportional to the
18  needs of the case because it requests "All documents" which encompasses documents not relevant to
19  any party's claim or defense and places no limitation on document custodians and data locations.
20  Subject to and without waiver of objections, following a reasonable search by Defendant for
21  documents in its possession, custody or control, Defendant identifies the following additional
22  nonprivileged documents related to "distribution," "manufacture" and "marketing" responsive to this
23  Request: 360H 17183-17237.
24  Subject to and without waiver of objections, Defendant has produced all non-privileged
25  responsive documents currently in its possession for Request No. 27.

26  **REQUEST NO. 93:**
27  All organizational charts and other documents sufficient to identify the persons within
28  360Heros, including current and former employee and consultants, involved in the design,

development, testing, manufacture, quality control, marketing, sale, licensing, and distribution of products or processes RELATING TO the subject-matter of the ASSERTED PATENT.

**RESPONSE**

Objection: Defendant objects to this Request No. 93 as overbroad and not proportional to the needs of the case because it requests documents not relevant to any party's claim or defense and places no limitation on document custodians and data locations.

Objection: Defendant objects to this Request because it seeks proprietary confidential commercial information of Defendant.

Subject to and without waiver of objections, Defendant previously produced the following confidential documents (in Third Suppl. Response): 360H 8891, 360H 15204. Following a reasonable search by Defendant for documents in its possession, custody or control, Defendant identifies the following additional nonprivileged documents related to "distribution and manufacture" responsive to this Request: 360H 17183-17237.

Subject to and without waiver of objections, Defendant has produced all non-privileged responsive documents currently in its possession for Request No. 93.

Dated: September 22, 2017.

GAUNTLETT & ASSOCIATES

By: _____
David A. Gauntlett
James A. Lowe

Attorneys for Defendant,
360HEROS, INC.

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is: Gauntlett & Associates, 18400 Von Karman, Suite 300, Irvine, California 92612.

On September 22, 2017, the undersigned served the foregoing document described as: **DEFENDANT 360HEROS,M INC.'S NOTICE OF RULE 30(b)(6) DEPOSITION TO PLAINTIFF GOPRO, INC.** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Mehrnaz Boroumand Smith, Esq.<br>mboroumand@kilpatricktownsend.com<br>Ryan T. Bricker, Esq.<br>rbricker@kilpatricktownsend.com<br>Bryan Chin, Esq.<br>bchin@kilpatricktownsend.com<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>Two Embarcadero Center, Suite 1900<br>San Francisco, CA  94111<br><br>Erwin Cena, Esq.<br>ecena@kilpatricktownsend.com<br>Megan Chung, Esq.<br>mchung@kilpatricktownsend.com<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>12730 High Bluff Dr., #400<br>San Diego, CA  92130 | Attorneys for Plaintiff,<br>GoPro, Inc. |

[X]  **(BY MAIL)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]  **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** I caused the document to be sent to the respective e-mail addresses of the parties as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]  **(FEDERAL)**  I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 22, 2017, at Irvine, California.

Shannon Allison
(Print Name)


(Signature)