**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:     (949) 553-1010
Facsimile:     (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com

Attorneys for Defendant
360HEROS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC., a Delaware corporation, | Case No.: 16-cv-01944-SI |
| Plaintiff, | Honorable Susan Illston |
| vs. | |
| 360HEROS, INC., a Delaware corporation, | **DECLARATION OF JAMES A. LOWE IN OPPOSITION TO GOPRO'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | Date:  November 3, 2017 |
| | Time: 9:00 a.m. |
| | Ctrm: 1, 17th Floor |

JAMES A LOWE, pursuant to 28 U.S.C. § 1746, declares:

1.     I am a partner with Gauntlett & Associates ("G&A"), and I am lead defense counsel for Defendant and Counterclaimant 360Heros, Inc. in this case.

2.     I know the facts set forth in this declaration to be true and correct based on my personal knowledge thereof and, if called to testify, I could and would testify competently thereto.

3.     I am licensed to practice law in California and Colorado. I have practiced law for more than forty-five years, thirty-five of them focusing on intellectual property litigation. I am admitted to practice before all federal district courts in California and Colorado, and several other U.S. District Courts. I am admitted to practice before the U.S. Supreme Court and nine U.S. Courts of Appeal including the Tenth, Ninth, Eighth, Seventh, Sixth, Fourth, Second, and Federal Circuits. I have appeared before state and federal courts in twenty-five states. I have litigated thousands of lawsuits in my career and have tried several hundred cases, mostly to juries.

4.     On September 15, 2017, GoPro filed a Motion for Summary Judgment (the "MSJ") for Copyright Infringement, Lack of Standing for Patent Infringement, and Non-Infringement of U.S. Patent 9,152,019 (the "'019 Patent"). [Dkt. 90-9].

***Patent Standing***

5.     On April 3, 2013 Michael Kintner entered into a License Agreement with 360Heros, Inc., authorizing that corporation to practice his patents and giving 360Heros, Inc. the exclusive right to sue for any infringement of the patents once sixty days has passed after an infringement is discovered. The agreement requires Michael Kintner to cooperate with 360Heros, Inc. in pursuing any patent infringement action. A copy of this License Agreement is being filed under seal as **Exhibit 276**.

6.     On November 5, 2013 prosecuting patent attorney, Peter Bilinski, as an agent and on behalf of Michael Kintner, filed with the United States Patent and Trademark Office ("USPTO"), as

part of the application that would mature into the `019 Patent, a Patent Application Data Sheet which identified "360 Heros, Inc." as the assignee of the application and any patent that matured from the application, which included the `019 patent. A copy of this Patent Application Data Sheet is attached as **Exhibit 277**.

7. On August 12, 2015 Peter Bilinski filed with the USPTO the Inventor's Declaration personally signed and dated by Michael Kintner in which he declared that the application, which would mature into the `019 Patent, was "authorized to be made by [him]." A copy of this Inventor's Declaration is attached as **Exhibit 278**.

8. On October 6, 2015 the `019 Patent was issued by the USPTO to 360Heros, Inc. A copy of this `019 Patent is attached as **Exhibit 207.**

9. Michael Kintner executed an assignment form on October 21, 2016 for the `019 Patent which recited that the assignment was "as previously confirmed." That assignment form was recorded with the USPTO on October 24, 2016. A copy of this assignment form is attached as **Exhibit 279**.

10. GoPro filed the Complaint in this case against 360Heros, Inc. on April 13, 2016 seeking a declaration that none of its products infringed the `019 patent [Dkt. 1:19].

11. 360Heros, Inc. filed a compulsory Counterclaim for patent infringement against GoPro on August 22, 2016 [Dkt. 25].

12. 360Heros, Inc. served GoPro on October 21, 2016 with its Disclosure of Asserted Claims and Infringement Contentions. A copy of this Infringement Contentions is attached as **Exhibit 202**.

13. The Patent Local Rules in effect as of October 21, 2016 are different from the Patent Local Rules that went into effect as of January 1, 2017. A copy of the 9-26-2016 Patent Local Rules Public Comment Draft that illustrates the old rules and the proposed changes for the 2017 version, is

attached as **Exhibit 280.**

*Copyright Infringement*

14.     GoPro produced in discovery to 360Heros, Inc. a document bearing Bates No. GP 17352 – GP 17356, an April 4, 2016 signature claimed to be of Carter Dow asserting that he took photographic images identified as Hero4 Black 3 Camera View (H4B 3), Hero4 Black 2 Camera View (H4B 2), Hero4 Black 2 Camera View with Bow (H4B 2 Bow), and Smart Remote (SR). That document purports to assign copyrights in those images to GoPro, Inc. but the effective date of the assignment is only a blank line. A copy of that document is attached as **Exhibit 281**.

15.     GoPro produced in discovery to 360Heros, Inc. a document bearing Bates No. GP 17346 – GP 17351, an April 4, 2016 signature claimed to be of Lee Dralle asserting that he retouched the photographic images identified as Hero4 Black 3 Camera View (H4B 3), Hero4 Black 2 Camera View (H4B 2), Hero4 Black 2 Camera View with Bow (H4B 2 Bow), and Smart Remote (SR). That document purports to assign Mr. Dralle's copyrights in those images to GoPro, Inc. A copy of that document is attached as **Exhibit 282**.

16.     GoPro filed a copyright registration with the U.S. Copyright Office on April 4, 2016 claiming to register the photographic image of the Hero4 Black 2 Camera View image (H4B 2) and asserted that Carter Dow and Lee Dralle were co-authors of the work who did not make the work for hire but who had assigned their copyrights to GoPro. A copy of the Registration Application for H4B 2 is attached as **Exhibit 283**.

17.     GoPro filed a copyright registration with the U.S. Copyright Office on April 4, 2016 claiming to register the photographic image of the Smart Remote image (SR), listing Mr. Dow and Mr. Dralle as co-authors who did not make the work for hire but who had already assigned their copyrights to GoPro. A copy of the Registration Application for SR is attached as **Exhibit 284**.

18.     GoPro filed a copyright registration with the U.S. Copyright Office on April 5, 2016

claiming to register the photographic image of the Hero4 Black 3 Camera View image (H4B 3), listing Mr. Dow and Mr. Dralle as co-authors who did not make the work for hire but who assigned their copyrights to GoPro. A copy of the Registration Application for H4B 3 is attached as **Exhibit 285**.

19.     GoPro filed a copyright registration with the U.S. Copyright Office on April 5, 2016 claiming to register the photographic image of the Hero4 Black 2 Camera View with Bow image, listing Mr. Dow and Mr. Dralle as co-authors who did not make the work for hire but who assigned their copyrights to GoPro. A copy of the registration for H4B 2 Bow is attached as **Exhibit 286**.

### *Discovery Is Needed To Oppose Copyright Claim*

20.     On August 11, 2017, 360Heros served GoPro with a Rule 30(b)(6) Deposition Notice requesting, on page 1, deposition of a witness that could speak on the "[f]actual bases and evidence supporting [GoPro's] allegations in its COMPLAINT'S Third Claim for Copyright Infringement." A copy of this Deposition Notice is attached as **Exhibit 287**.

21.     GoPro responded and objected to the Deposition Notice on August 28, 2017 in which, with respect to Topic 3 on page 3, referring to the copyright infringement claim, GoPro stated that it "will identify one or more witnesses to testify concerning this Topic." A copy of these Objections to 30(b)(6) Notice is attached as **Exhibit 288**.

22.     GoPro served on September 8, 2017 Amended Objections and Responses to 360Heros' Notice of Rule 30(b)(6) Deposition and continued to state, in regard to Topic 3 on page 3, that GoPro "will identify one or more witnesses to testify concerning GoPro's copyrighted works that are the subject of this case." But it did not do so until September 21, six days after it filed its Motion for Summary Judgment that GoPro finally identified Justin Wilkenfeld as a witness who would address "Topic Nos. 1-5." This witness, however, would only be made "available for deposition in [opposing counsel's] office on October 17[,]" eleven days after the extended filing date

for 360Heros' Opposition to the MSJ. A copy of GoPro's e-mail is attached as **Exhibit 367**.

### *Declaration of Undisclosed Expert Mr. John Pratt*

23. GoPro's Summary Judgment Motion filed on September 15, 2017 is significantly supported by a Declaration from John D. Pratt. Mr. Pratt has apparently "been retained by GoPro as a technical expert to assist it in this litigation." (Dkt 91-7, ¶ 2).

24. On April 26, 2017, GoPro filed their First Amended Initial Disclosures, a copy of which is attached as **Exhibit 290**. GoPro listed eight people as "individuals likely to have discoverable information that GoPro may use to support its claims and defense. Mr. Pratt is not listed among these individuals, and GoPro has not filed further amendments or supplements to their Initial Disclosures, nor has GoPro disclosed any expert witness.

25. The Court's June 27, 2017 Pretrial Preparation Order [Dkt. 74:1] ordered the parties to "conform to Rule 26(a)(2).".

### *Patent Infringement*

26. **Exhibit 325** is a copy of the GoPro video of the ABYSS rig produced by GoPro with GoPro production no. GP 2555 and identified by GoPro as a document produced pursuant to Pat. L.R. 3-4(a). This Exhibit is being submitted to the Court in a manual filing.

27. **Exhibit 356** is a copy of 360Heros' Infringement Diagrams for the ODYSSEY rig showing the accused ODYSSEY rig in photographs taken on August 22, 2017 by counsel for 360Heros with annotations included on the documents.

28. **Exhibit 357** is a copy of 360Heros' ABYSS Infringement Diagrams showing the accused ABYSS rig in photographs of the ABYSS rig taken by counsel for 360Heros on August 22, 2017 with annotations included on the documents.

29. **Exhibit 358** is a copy of the December 2, 2016 letter from GoPro's counsel that identified the GoPro documents at GoPro Bates ranges GP 2508-2529 and GP 2555 are produced by

GoPro pursuant to Patent L.R. 3-4(a).

30. **Exhibit 359** is copy of a video of the 360Heros' inspection of the accused ODYSSEY rig with 360Heros' production no. 360H 17055 that was recorded at the August 22, 2017 inspection of the accused ODYSSEY rig by counsel for 360Heros. This Exhibit is being submitted to the Court in a manual filing.

31. **Exhibit 360** is a copy of the referenced non-confidential pages from the rough transcript of the October 3, 2017 deposition of GoPro's Mr. Alexandre Jenny.

Executed under penalty of perjury at Irvine, California on this 6th day of October 2017.


_____
James A. Lowe

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2017, I electronically filed the foregoing **DECLARATION OF JAMES A. LOWE IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

_/s/James A. Lowe_
James A. Lowe

**EXHIBIT 278**

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | 360 Degree Camera Mount and Related Photographic and Video System |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to:

☐ The attached application, or

☒ United States application or PCT international application number 14/072,656

filed on November 5, 2013.

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: Michael J. Kintner        Date (Optional): 8/11/2015

Signature:

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed. Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

360H-00070

**EXHIBIT 279**

EXHIBIT AA

# SOLE ASSIGNMENT

I, **Michael J. Kintner**, believe that I am the inventor of the subject matter disclosed in the application for patent (hereinafter "the invention or inventions") identified herein as

**360 Degree Camera Mount and Related Photographic and Video System**

and further identified by Attorney Docket Number **3062545 US01**

☐   for which the undersigned have executed an application for patent in the United States of America on _____ and transmitted herewith.

☒   which application for patent was filed on <u>**November 5, 2013**</u> and has been assigned Serial No. <u>**14/072,656**</u> by the United States Patent and Trademark Office.

In consideration of the sum of One Dollar ($1.00) and other good and valuable consideration paid to each of the undersigned, the receipt and sufficiency of which is hereby acknowledged, the undersigned agrees to assign, as previously confirmed, and hereby does assign, transfer and set over to **360 Heros, Inc.,** and having a principal place of business at **518 Queen Street, Olean, NY 14760** (hereinafter designated as the Assignee) his or her entire right, title and interest in the invention or inventions as represented by the application for patent identified herein (the 'application") in the United States, its territories, dependencies and possessions, his or her entire right, title, and interest in the application, and his or her entire right, title and interest in the invention or inventions as regards all other national jurisdictions and international entities that have the power to grant patents, wherever situated, including without limitation all applications for patent which claim priority to and/or the benefit of the subject matter disclosed in the application for patent identified herein, including any provisional application, utility application, design application, and/or plant application, as well as any continuation application, divisional application, continuation-in-part application, reissue application, reexamination application, patent interference proceeding, foreign national application and/or any application filed or to be filed under a patent treaty such as the International Convention for Protection of Industrial Property and/or the Patent Cooperation Treaty, and any Letters Patent which may be granted therefor in any jurisdiction, including the right to sue for past infringement and collect damages therefor.

In addition to the above assignment, the undersigned agrees to execute all papers necessary in connection with the application and any continuing applications, divisional applications, or continuations-in-part thereof, and also to execute separate assignments in connection with such applications as the Assignee may deem necessary or expedient.

The undersigned agrees to execute all papers necessary in connection with any interference which may be declared concerning this application or continuation or division thereof and to cooperate with the Assignee in every way possible in obtaining evidence and going forward with such interference.

7627170.1

Sole Assignment
US Serial No. 14/072,656
Attorney Docket No. 3062545 US01

The undersigned agrees to execute all papers and documents and perform any act which may be necessary in connection with claims or provisions of the International Convention for Protection of Industrial Property or similar agreements.

The undersigned agrees to perform all affirmative acts which may be necessary to obtain a grant of a valid United States patent to the Assignee.

The undersigned hereby authorizes and requests the Commissioner of Patents to issue any and all Letters Patents of the United States resulting from said application or any divisions or continuing applications thereof to the said Assignee, as Assignee of the entire interest, and hereby covenants that he or she has full right to convey the entire interest herein assigned, and that he or she has not executed and will not execute, any agreement in conflict herewith.

The undersigned hereby grants to any duly empowered legal representative, including specifically all patent practitioners associated with at least one of the Customer Nos. 44,331, 72,742 and 88,750, the power to insert on this assignment any further identification which may be necessary or desirable in order to comply with the rules of the United States Patent and Trademark Office or with the rules of any other national or international Patent Office for recordation of this document or a true copy thereof.

In witness whereof, this instrument has been executed by the undersigned on the date opposite the respective name of the undersigned.

This assignment should preferably be signed before: (a) a Notary Public if within the U.S.A. or (b) a U.S. Consul if outside the U.S.A. If neither, then it should be signed before at least two witnesses.

Date __10/21/2016__   Signature _____ (SEAL)
                                 Michael J. Kintner

Date __10/21/2016__   Notary/Witness _____

Date __10/21/2016__   Notary/Witness _____

2

360H-00059

**EXHIBIT 280**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

# PATENT LOCAL RULES

## TABLE OF CONTENTS

1. SCOPE OF RULES ...................................................................................................... 1
   1-1.   Title .................................................................................................................... 1
   1-2.   Scope and Construction ...................................................................................... 1
   1-3.   Modification of these Rules ................................................................................ 1
   1-4.   Effective Date ..................................................................................................... 1
2. GENERAL PROVISIONS ............................................................................................ 2
   2-1.   Governing Procedure .......................................................................................... 2
      (a)   Notice of Pendency of Other Action Involving Same Patent ......................... 2
      (b)   Initial Case Management Conference ............................................................ 2
   2-2.   Confidentiality .................................................................................................... 2
   2-3.   Certification of Disclosures ................................................................................ 3
   2-4.   Admissibility of Disclosures ............................................................................... 3
   2-5.   Relationship to Federal Rules of Civil Procedure .............................................. 3
3. PATENT DISCLOSURES ............................................................................................ 4
   3-1.   Disclosure of Asserted Claims and Infringement Contentions ........................... 4
   3-2.   Document Production Accompanying Disclosure ............................................... 4
   3-3.   Invalidity Contentions ........................................................................................ 5
   3-4.   Document Production Accompanying Invalidity Contentions ............................ 6
   3-5.   Disclosure Requirement in Patent Cases for Declaratory Judgment of Invalidity ....... 6
      (a)   Invalidity Contentions If No Claim of Infringement ..................................... 6
      (b)   Inapplicability of Rule ................................................................................... 6
   3-6.   Amendment to Contentions ................................................................................ 6
   3-7.   Advice of Counsel ............................................................................................... 7
   3-8.   Damages Contentions ......................................................................................... 7
   3-9.   Responsive Damages Contentions ...................................................................... 7
4. CLAIM CONSTRUCTION PROCEEDINGS .............................................................. 8
   4-1.   Exchange of Proposed Terms for Construction ................................................... 8
   4-2.   Exchange of Preliminary Claim Constructions and Extrinsic Evidence ............. 8
   4-3.   Joint Claim Construction and Prehearing Statement .......................................... 8
   4-4.   Completion of Claim Construction Discovery .................................................... 9
   4-5.   Claim Construction Briefs .................................................................................. 9
   4-6.   Claim Construction Hearing ............................................................................... 9
   4-7.   Good Faith Participation ..................................................................................... 9

# 1. SCOPE OF RULES

## 1-1. Title

These are the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California. They should be cited as "Patent L.R. __."

## 1-2. Scope and Construction

These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a utility patent is not infringed, is invalid or is unenforceable. The Civil Local Rules of this Court shall also apply to such actions, except to the extent that they are inconsistent with these Patent Local Rules. If the filings or actions in a case do not trigger the application of these Patent Local Rules under the terms set forth herein, the parties shall, as soon as such circumstances become known, meet and confer for the purpose of agreeing on the application of these Patent Local Rules to the case and promptly report the results of the meet and confer to the Court.

## 1-3. Modification of these Rules

The Court may modify the obligations or deadlines set forth in these Patent Local Rules based on the circumstances of any particular case, including, without limitation, the simplicity or complexity of the case as shown by the patents, claims, products, or parties involved. Such modifications shall, in most cases, be made at the initial case management conference, but may be made at other times upon a showing of good cause. In advance of submission of any request for a modification, the parties shall meet and confer for purposes of reaching an agreement, if possible, upon any modification.

## 1-4. Effective Date

These Patent Local Rules take effect on December 1, 2009. They govern patent cases filed on or after that date. For actions pending prior to December 1, 2009, the provisions of the Patent Local Rules that were in effect on November 30, 2009, shall apply, except that the time periods for actions pending before December 1, 2009 shall be those set forth in and computed as in the Federal Rules of Civil Procedure and the Patent Local Rules that took effect on December 1, 2009.

## 2. GENERAL PROVISIONS

### 2-1. Governing Procedure

**(a)** **Notice of Pendency of Other Action Involving Same Patent.**

**(1)** When actions concerning the same patent are filed within two years of each other by the same plaintiff, they will be deemed related.

**(2)** Whenever a party knows or learns that actions concerning the same patent have been filed within two years of each other by the same plaintiff, the party must promptly file in each such case A Notice of Pendency of Other Action Involving Same Patent.

**(3)** Pursuant to the Assignment Plan, the Clerk will reassign the related higher-numbered cases to the Judge assigned to the lowest-numbered case and will file the appropriate notification on the docket of each reassigned case.

**(4)** If the Judge determines that the reassignment is not in compliance with subsection (1), the Judge may refer the matter to the Executive Committee for resolution.

**(5)** Even if a case is not deemed related to a pending case pursuant to this rule, a party may still seek a related case determination pursuant to Civil L.R. 3-12.

**(6)** If the lowest-numbered case is assigned to a magistrate judge to whom the parties have consented to preside over the action, the magistrate judge will retain that case even if consent is not entered in higher-numbered cases deemed related pursuant to subsection (1).

**(b)** **Initial Case Management Conference**. When the parties confer pursuant to Fed. R. Civ. P. 26(f), in addition to the matters covered by Fed. R. Civ. P. 26, the parties shall discuss and address in the Case Management Statement filed pursuant to Fed. R. Civ. P. 26(f) and Civil L.R. 16-9, the following topics:

**(1)** Proposed modification of the obligations or deadlines set forth in these Patent Local Rules to ensure that they are suitable for the circumstances of the particular case (see Patent L.R. 1-3);

**(2)** The scope and timing of any claim construction discovery (-including disclosure of and discovery from any expert witness permitted by the court) and damages discovery;

**(3)** The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing; and

**(4)** How the parties intend to educate the court on the technology at issue.

**(4)(5)** The parties shall provide the court with a non-binding, good-faith estimate of the damages range expected for the case along with an explanation for the estimates. If either party is unable to provide such information, that party shall explain why it cannot and what specific information is needed before it can do so. Such party shall also state the time by which it should be in a position to provide that estimate and explanation.

### 2-2. Confidentiality

Discovery cannot be withheld on the basis of confidentiality absent Court order. The Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order. The approved Protective Order can be found on the Court's website.

## 2-3. Certification of Disclosures

All statements, disclosures, or charts filed or served in accordance with these Patent Local Rules shall be dated and signed by counsel of record. Counsel's signature shall constitute a certification that to the best of his or her knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the information contained in the statement, disclosure, or chart is complete and correct at the time it is made.

## 2-4. Admissibility of Disclosures

Statements, disclosures, or charts governed by these Patent Local Rules are admissible to the extent permitted by the Federal Rules of Evidence or Procedure. However, the statements and disclosures provided for in Patent L.R. 4-1 and 4-2 are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by these Patent Local Rules shall be taken.

## 2-5. Relationship to Federal Rules of Civil Procedure

Except as provided in this paragraph or as otherwise ordered, it shall not be a ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Local Rules, absent other legitimate objection. A party may object, however, to responding to the following categories of discovery requests (or decline to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) on the ground that they are premature in light of the timetable provided in the Patent Local Rules:

**(a)**   Requests seeking to elicit a party's claim construction or damages positions;

**(b)**   Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

**(c)**   Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

**(d)**   Requests seeking to elicit from an accused infringer the identification of any advice of counsel, and related documents.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to be provided to an opposing party under these Patent Local Rules or as set by the Court, unless there exists another legitimate ground for objection.

## 3. PATENT DISCLOSURES

### 3-1. Disclosure of Asserted Claims and Infringement Contentions

Not later than 14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

**(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;

**(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)** A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

**(d)** For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

**(e)** Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**(f)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

**(g)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**(h)** Identify the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

**(h)(i)** If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

### 3-2. Document Production Accompanying Disclosure

With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

**(a)** Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit. A party's production of a

document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

**(b)** All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier;

**(c)** A copy of the file history for each patent in suit; and

**(d)** All documents evidencing ownership of the patent rights by the party asserting patent infringement.;

**(e)** If a party identifies instrumentalities pursuant to Patent L.R. 3-1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims.;

**(f)** All agreements, including licenses, transferring an interest in any patent-in-suit.;

**(g)** All agreements that the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation.;

**(h)** All agreements that otherwise may be used to support the party asserting infringement's damages case.;

**(i)** If a party identifies instrumentalities pursuant to Patent L.R. 3-1(g), documents sufficient to show marking of such embodying accused instrumentalities and if it wants to preserve the right to recover lost profits based on such products, sales, revenues, costs and profits of such embodying accused instrumentalities."; and

**(j)** All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s).

The producing party shall separately identify by production number which documents correspond to each category.

## 3-3. Invalidity Contentions

Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions" which shall contain the following information:

**(a)** The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Each alleged sale or public usePrior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. For pre-AIA claims, Prior prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims, Prior prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

**(b)** Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

**(c)** A chart identifying specifically where and how specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**(d)** Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

### 3-4. Document Production Accompanying Invalidity Contentions

With the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying:

**(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart; and

**(b)** A copy or sample of the prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.;

**(c)** All agreements that the party opposing infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation.;

**(d)** Documents sufficient to show the sales, revenue, cost, and profits for accused instrumentalities identified pursuant to Patent L.R. 3-1(b) for any period of alleged infringement; and

**(b)(e)** All agreements that may be used to support the party denying infringement's damages case.

The producing party shall separately identify by production number which documents correspond to each category.

### 3-5. Disclosure Requirement in Patent Cases for Declaratory Judgment of Invalidity

**(a)** **Invalidity Contentions If No Claim of Infringement**. In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is invalid Patent L.R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 14 days after the defendant serves its answer, or 14 days after the Initial Case Management Conference, whichever is later, the party seeking a declaratory judgment of invalidity shall serve upon each opposing party its Invalidity Contentions that conform to Patent L.R. 3-3 and produce or make available for inspection and copying the documents described in Patent L.R. 3-4.

**(b)** **Inapplicability of Rule**. This Patent L.R. 3-5 shall not apply to cases in which a request for a declaratory judgment that a patent is invalid is filed in response to a complaint for infringement of the same patent.

### 3-6. Amendment to Contentions

Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:

**(a)** A claim construction by the Court different from that proposed by the party seeking amendment;

**(b)** Recent discovery of material, prior art despite earlier diligent search; and

**(c)**   Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

### 3-7.  Advice of Counsel

Not later than 3~~5~~0 days after service by the Court of its Claim Construction Ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall:

**(a)**   Produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client and work product protection have been waived;

**(b)**   Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

**(c)**   Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with the requirements of this Patent L.R. 3-7 shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

### 3-8.  Damages Contentions

Not later than 50 days after service of the Invalidity Contentions, each party asserting infringement shall:

**(a)**  Identify each of the category(-ies) of damages it is seeking for the asserted infringement, as well as ~~specifics regarding~~ its theories of recovery, factual support for those theories, and computations of damages within each category, including:

1.   lost profits;

2.   price erosion;

3.   convoyed or collateral sales;

4.   reasonable royalty; and

5.   any other form of damages

~~Identify:~~

~~the timing of the point of first infringement;~~

~~the timing of the start of claimed damages;~~

1.   ~~the timing of the end of claimed damages; and~~

**(b)**  To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

### 3-9.  Responsive Damages Contentions

Not later than 30 days after service of the Damages Contentions served pursuant to Patent L.R. 3-8, each party denying infringement shall identify specifically how and why it disagrees with those contentions.  This should include the party's affirmative position on each issue.  To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

# 4. CLAIM CONSTRUCTION PROCEEDINGS

## 4-1. Exchange of Proposed Terms for Construction

**(a)** Not later than 14 days after service of the "Invalidity Contentions" pursuant to Patent L.R. 3-3, not later than 42 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" in those actions where validity is not at issue (and Patent L.R. 3-3 does not apply), or, in all cases in which a party files a complaint or other pleading seeking a declaratory judgment not based on validity, not later than 14 days after the defendant serves an answer that does not assert a claim for patent infringement (and Patent L.R. 3-1 does not apply), each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court, and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6).

**(b)** The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement. The parties shall also jointly identify the 10 terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive.

## 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence

**(a)** Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1, the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function.

**(b)** At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.

**(c)** The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

## 4-3. Joint Claim Construction and Prehearing Statement

Not later than 60 days after service of the "Invalidity Contentions," the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

**(a)** The construction of those terms on which the parties agree;

**(b)** Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c)    An identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 10. The parties shall also identify any term among the 10 whose construction will be case or claim dispositive. If the parties cannot agree on the 10 most significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed 10. For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify only one additional term as most significant.

(d)    The anticipated length of time necessary for the Claim Construction Hearing; ~~Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.~~

(e)    Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.

~~(e)~~(f)    An identification of any factual findings requested from the Court related to claim construction.

## 4-4.   Completion of Claim Construction Discovery

Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Preliminary Claim Construction statement (Patent L.R. 4-2) or Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3).

## 4-5.   Claim Construction Briefs

(a)    Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file an opening brief and any evidence supporting its claim construction.

(b)    Not later than 14 days after service upon it of an opening brief, each opposing party shall serve and file its responsive brief and supporting evidence.

(c)    Not later than 7 days after service upon it of a responsive brief, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

## 4-6.   Claim Construction Hearing

Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c), the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

## 4-7.   Good Faith Participation

A failure to make a good faith effort to narrow the instances of disputed terms or otherwise participate in the meet and confer process of any of the provisions of section 4 may expose counsel to sanctions, including under 28 U.S.C. § 1927.

**EXHIBIT 281**

# COPYRIGHT ASSIGNMENT AND LICENSE

This copyright assignment and license ("Assignment") is effective as of _____ ("Effective Date") by and between GoPro, Inc. ("GoPro"), a Delaware corporation with a primary place of business in San Mateo, California, on the one hand, and Carter Dow, a resident of San Francisco, on the other hand.

WHEREAS GoPro and Carter Dow have contractually agreed that Carter Dow would provide photography services ("Services") to GoPro on an "as needed" basis and as part of that agreement, Carter Dow jointly created the works shown in Exhibit A-D ("Works") and was compensated in accordance with his invoice(s) for the Services; and

WHEREAS Carter Dow owns rights in the joint Works, and corresponding rights in the intellectual property rights therein;

NOW THEREFORE, for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, Carter Dow hereby grants, transfers and assigns to GoPro, its successors and assigns, the entirety of his interest in the rights, title and interest in and to the Works, including his interest in the rights to all derivative works created from the Works, the Copyrights and the Registrations and Applications in the Work and derivative works, and his interest in all intellectual property rights therein including, without limitation, all corresponding rights incidental, subsidiary, ancillary or allied thereto, and all corresponding renewals and extensions thereof, regardless of whether such rights arise under the law of the United States or any other state, country or jurisdiction.

GoPro hereby grants to Carter Dow a non-exclusive, irrevocable, royalty free license to copy, display and/or otherwise use copies of the Works for the sole purpose of promoting his services, on his website and in other Carter Dow marketing materials, now or hereafter known.


By:    Carter Dow
Date:   4/4/2016

By:    Eve Saltman
Title:   Deputy General Counsel, GoPro, Inc.
Date:   4/4/2016

CONFIDENTIAL



CONFIDENTIAL




GP (360) 00017354






GP (360) 00017356

**EXHIBIT 282**

# COPYRIGHT ASSIGNMENT

This copyright assignment ("Assignment") is effective as of ____4/5/16_____ ("Effective Date") by and between GoPro, Inc. ("GoPro"), a Delaware corporation with a primary place of business in San Mateo, California, on the one hand, and Lee Dralle, a resident of __CA__, on the other hand.

WHEREAS GoPro and Lee Dralle have contractually agreed that Lee Dralle would provide photography retouching services ("Services") to GoPro on an "as needed" basis and as part of that agreement, Lee Dralle jointly created the works shown in Exhibit A-D ("Works") and was compensated in accordance with his invoice(s) for the Services; and

WHEREAS Lee Dralle owns rights in the joint Works and corresponding rights in the intellectual property rights therein;

NOW THEREFORE, for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, Lee Dralle hereby grants, transfers and assigns to GoPro, its successors and assigns, the entirety of his interest in the rights, title and interest in and to the Works, including his interest in the rights to all derivative works created from the Works, the Copyrights and the Registrations and Applications in the Works and derivative Works, and his interest in all intellectual property rights therein including, without limitation, all corresponding rights incidental, subsidiary, ancillary or allied thereto, and all corresponding renewals and extensions thereof, regardless of whether such rights arise under the law of the United States or any other state, country or jurisdiction.

_(signature)_

_____
By:      Lee Dralle
Date:    4/5/16

**EXHIBIT A**

68340215V.1

2

                                                                 GP (360) 00017347










**EXHIBIT 283**

EXHIBIT M

**Registration #:**   *-APPLICATION-*
**Service Request #:**   1-3271954327

## Mail Certificate _____

Kilpatrick Townsend & Stockton LLP
Tali Alban
2 Embarcadero Center
8th Floor
San Francisco, CA 94111

**Priority:**   Special Handling   **Application Date:**   April 04, 2016

## Correspondent _____

**Organization Name:**   Kilpatrick Townsend & Stockton LLP
**Name:**   Tali Alban
**Email:**   tlalban@kilpatricktownsend.com
**Address:**   2 Embarcadero Center
8th Floor
San Francisco, CA 94111

Registration Number

**\*-APPLICATION-\***

## Title

| | |
|---|---|
| **Title of Work:** | HERO4 Black - Two Camera View |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2014 |
| **Date of 1st Publication:** | September 29, 2014 |
| **Nation of 1ˢᵗ Publication:** | United States |

## Author

| | |
|---|---|
| ∞    **Author:** | Carter Dow |
| **Author Created:** | photograph |
| **Work made for hire:** | No |
| **Domiciled in:** | United States |

| | |
|---|---|
| ∞    **Author:** | Lee Dralle |
| **Author Created:** | Photograph Retouching |
| **Work made for hire:** | No |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | GoPro, Inc. |
| | 3000 Clearview Way, San Mateo, CA, 94402 |
| **Transfer statement:** | By written agreement |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | GoPro, Inc. |
| | Copyrights |
| **Email:** | copyright@gopro.com |
| **Address:** | 3000 Clearview Way |
| | San Mateo, CA 94402 |

## Certification

GP (360) 00017344

**Name:**   Tali Alban
**Date**:   April 04, 2016
**Applicant's Tracking Number**:   097995-0944599

GP (360) 00017345

Message
_____

**From**:        Copyright Office [cop-rc@loc.gov]
**Sent**:        4/5/2016 1:04:50 AM
**To**:          Alban, Tali [/o=KC/ou=USA/cn=Recipients/cn=tlalban1]
**Subject**:     Acknowledgement of Uploaded Deposit


THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

 The following files were successfully uploaded for service request 1-3271954327

File Name :hero4_black_two_camera_view.png
File Size :1534847 KB
Date/Time :4/4/2016 9:00:04 PM


[THREAD ID: 1-1I42LDI]

United States Copyright Office




GP (360) 00017714

**EXHIBIT 284**

EXHIBIT N

**Registration #:** *-APPLICATION-*
**Service Request #:** 1-3271903101

## Mail Certificate

Kilpatrick Townsend & Stockton LLP
Tali Alban
2 Embarcadero Center
8th Floor
San Francisco, CA 94111

**Priority:** Special Handling    **Application Date:** April 04, 2016

## Correspondent

**Organization Name:** Kilpatrick Townsend & Stockton LLP
**Name:** Tali Alban
**Email:** tlalban@kilpatricktownsend.com
**Address:** 2 Embarcadero Center
8th Floor
San Francisco, CA 94111

Registration Number
**\*-APPLICATION-\***

## Title _____

        **Title of Work:**   Smart Remote

## Completion/Publication _____

       **Year of Completion:**   2014
   **Date of 1st Publication:**   September 29, 2014
   **Nation of 1ˢᵗ Publication:**   United States

## Author _____

    ∞      **Author:**   Carter Dow
     **Author Created:**   photograph
  **Work made for hire:**   No
       **Domiciled in:**   United States

    ∞      **Author:**   Lee Dralle
     **Author Created:**   Photograph Retouching
  **Work made for hire:**   No
       **Domiciled in:**   United States

## Copyright Claimant _____

   **Copyright Claimant:**   GoPro, Inc.
                    3000 Clearview Way, San Mateo, CA, 94402
   **Transfer statement:**   By written agreement

## Rights and Permissions _____

   **Organization Name:**   GoPro, Inc.
                    Copyrights
           **Email:**   copyright@gopro.com
       **Address:**   3000 Clearview Way
                    San Mateo, CA 94402

## Certification _____

GP (360) 00017338

**Name:** Tali Alban
**Date**: April 04, 2016
**Applicant's Tracking Number**: 097955-0944599

GP (360) 00017339

Message

| | |
|---|---|
| **From**: | Copyright Office [cop-rc@loc.gov] |
| **Sent**: | 4/5/2016 12:53:42 AM |
| **To**: | Alban, Tali [/o=KC/ou=USA/cn=Recipients/cn=tlalban1] |
| **Subject**: | Acknowledgement of Uploaded Deposit |

THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

 The following files were successfully uploaded for service request 1-3271903101

File Name :gopro_smart_remote.png
File Size :372609 KB
Date/Time :4/4/2016 7:57:37 PM


[THREAD ID: 1-1I42J7S]

United States Copyright Office

GP (360) 00017330



GP (360) 00017712

**EXHIBIT 285**

EXHIBIT L

**Registration #:** *-APPLICATION-*
**Service Request #:** 1-3271993161

## Mail Certificate _____

Kilpatrick Townsend & Stockton LLP
Tali Alban
2 Embarcadero Center
8th Floor
San Francisco, CA 94111

**Priority:** Special Handling   **Application Date:** April 05, 2016

## Correspondent _____

**Organization Name:** Kilpatrick Townsend
**Name:** Tali Alban
**Email:** tlalban@kilpatricktownsend.com
**Telephone:** (415)576-0200
**Address:** 2 Embarcadero Center
8th Floor
San Francisco, CA 94111

Registration Number
# *-APPLICATION-*

## Title _____

**Title of Work:**  HERO4 Black - Three Camera View

## Completion/Publication _____

**Year of Completion:**  2014
**Date of 1st Publication:**  September 29, 2014
**Nation of 1st Publication:**  United States

## Author _____

∞   **Author:**  Carter Dow
**Author Created:**  photograph
**Work made for hire:**  No
**Domiciled in:**  United States

∞   **Author:**  Lee Dralle
**Author Created:**  Photograph Retouching
**Work made for hire:**  No
**Domiciled in:**  United States

## Copyright Claimant _____

**Copyright Claimant:**  GoPro, Inc.
3000 Clearview Way, San Mateo, CA, 94402
**Transfer statement:**  By written agreement

## Rights and Permissions _____

**Organization Name:**  GoPro, Inc.
Copyrights
**Email:**  copyright@gopro.com
**Address:**  3000 Clearview Way
San Mateo, CA 94402

## Certification _____

GP (360) 00017341

**Name:** Tali Alban
**Date**: April 05, 2016
**Applicant's Tracking Number**: 097955. 0944599

GP (360) 00017342

Message
_____

**From**:          Copyright Office [cop-rc@loc.gov]
**Sent**:          4/5/2016 4:20:55 AM
**To**:            Alban, Tali [/o=KC/ou=USA/cn=Recipients/cn=tlalban1]
**Subject**:       Acknowledgement of Uploaded Deposit


THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

 The following files were successfully uploaded for service request 1-3271993161

File Name :hero4_black_three_camera_view.png
File Size :1526423 KB
Date/Time :4/5/2016 12:17:41 AM


[THREAD ID: 1-1I46AB2]

United States Copyright Office





GP (360) 00017713

**EXHIBIT 286**

EXHIBIT K

**Registration #:** *-APPLICATION-*
**Service Request #:** 1-3272180207

## Mail Certificate

Kilpatrick Townsend & Stockton LLP
Tali Alban
2 Embarcadero Center
8th Floor
San Francisco, CA 94111

**Priority:** Special Handling    **Application Date:** April 05, 2016

## Correspondent

**Organization Name:** Kilpatrick Townsend & Stockton LLP
**Name:** Tali Alban
**Email:** tlalban@kiltown.com
**Address:** 2 Embarcadero Center
8th Floor
San Francisco, CA 94111

GP (360) 00017334

Registration Number

**\*-APPLICATION-\***

## Title

| | |
|---|---|
| **Title of Work:** | HERO4 Black Two Camera View - With Bow |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2014 |
| **Date of 1st Publication:** | September 29, 2014 |
| **Nation of 1ˢᵗ Publication:** | United States |

## Author

| | |
|---|---|
| ∞ **Author:** | Carter Dow |
| **Author Created:** | photograph |
| **Work made for hire:** | No |
| **Domiciled in:** | United States |

| | |
|---|---|
| ∞ **Author:** | Lee Dralle |
| **Author Created:** | Photograph retouching |
| **Work made for hire:** | No |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | GoPro, Inc. |
| | 3000 Clearview Way, San Mateo, CA, 94402 |
| **Transfer statement:** | By written agreement |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | GoPro, Inc. |
| | Copyrights |
| **Email:** | copyright@gopro.com |
| **Address:** | 3000 Clearview Way |
| | San Mateo, CA 94402 |

## Certification

GP (360) 00017335

**Name:**   Tali Alban
**Date**:   April 05, 2016
**Applicant's Tracking Number**:   097955-0944599

GP (360) 00017336

Message

| | |
|---|---|
| **From**: | Copyright Office [cop-rc@loc.gov] |
| **Sent**: | 4/5/2016 4:44:56 AM |
| **To**: | Alban, Tali [/o=KC/ou=USA/cn=Recipients/cn=tlalban1] |
| **Subject**: | Acknowledgement of Uploaded Deposit |


THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

 The following files were successfully uploaded for service request 1-3272180207

File Name :hero4_black_two_cameras_-_bow.pdf
File Size :28047 KB
Date/Time :4/5/2016 12:36:44 AM


[THREAD ID: 1-1I46AOB]

United States Copyright Office




GP (360) 00017715

**EXHIBIT 287**

1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   18400 Von Karman, Suite 300
3  Irvine, California 92612
   Telephone:     (949) 553-1010
4  Facsimile:     (949) 553-2050
   info@gauntlettlaw.com
5  jal@gauntlettlaw.com

6  Attorneys for Defendant
   360Heros, Inc.
7

8

9

                    **UNITED STATES DISTRICT COURT**
10
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11

12
   GOPRO, INC., a Delaware corporation,      )   Case No.: 16-cv-01944-SI
13                                           )
                            Plaintiff,       )
14                                           )   Honorable Susan Illston
                                             )
15            vs.                            )   **DEFENDANT 360HEROS, INC.'S**
                                             )   **NOTICE OF RULE 30(b)(6) DEPOSITION**
16                                           )   **TO PLAINTIFF GOPRO, INC.**
   360HEROS, INC., a Delaware corporation,   )
17                                           )
                            Defendant.       )
18                                           )
                                             )
19 _____ )

20

21

22

23

24

25

26

27

28

1    PLEASE TAKE NOTICE that Defendant 360Heros, Inc., through its counsel, will take the

2    deposition upon oral examination of Plaintiff GoPro, Inc. pursuant to F.R.Civ.P. 30 on August 30,

3    2017 commencing at 9:30 a.m. at 201 California St., Suite 375, San Francisco, CA.

4        The testimony of the deponent will be recorded by stenographic means before an officer

5    authorized to administer oaths. Defendant reserves the right to record the proceedings by means of

6    videotape in accordance with F.R.Civ.P. 30.

7        Pursuant to F.R.Civ.P. 30(b)(6) Plaintiff shall designate one or more officers, directors, or

8    managing agents, or other persons who consent to testify on its behalf on the matters set forth herein

9    and for each person designated, the matters on which the person will testify:

10

11                                  **DEFINITIONS**

12   A.       COMPLAINT means the complaint filed in this Action on or about April 13, 2016.

13

14               **TOPICS ON WHICH EXAMINATION IS REQUESTED**

15   1.       Factual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S

16   First Claim for Federal Trademark Infringement.

17   2.       Factual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S

18   Second Claim for Federal Unfair Competition.

19   3.       Factual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S

20   Third Claim for Copyright Infringement.

21   4.       Factual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S

22   Fourth Claim for California Unfair Competition.

23   5.       Factual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S

24   Fifth Claim for California Common Law Trademark Infringement.

25   6.       Factual bases and evidence supporting Plaintiff's allegations in its Plaintiff's

26   COMPLAINT'S Sixth Claim for a Declaratory Judgment of Non-infringement of U.S. Patent No.

27   9,152,019.

28   7.       Plaintiff's relationship with Defendant 360Heros, Inc. or its principal Michael Kintner

1  during the events alleged in support of Plaintiff's allegations in its claims for relief in the

2  COMPLAINT.

3        8.     Factual bases and evidence supporting Plaintiff's allegations and affirmative defenses

4  in Plaintiff's Answer to Defendant 360Heros, Inc.'s Counterclaim for Infringement of U.S. Patent

5  No. 9,152,019.

6        9.     Factual bases and evidence supporting Plaintiff's denial that GoPro's infringement of

7  U.S. Patent No. 9,152,019 is willful.

8       10.    Factual bases and evidence supporting Plaintiff's Invalidity Contentions including,

9  but not limited to, each ground of invalidity asserted by GoPro in this action.

10       11.    Factual bases and evidence supporting Plaintiff's documents re damages disclosed

11  pursuant to the Court's June 26, 2017 Order (Dkt. 74) including but not limited to their description,

12  creation, location, author, custodian and whether they were produced and kept in the ordinary course

13  of business.

14       12.    The Accused Instrumentalities identified in this action, the ODYSSEY and the

15  ABYSS rigs.

16       13.    GoPro's distribution of the accused ODYSSEY and the ABYSS rigs, including all

17  sales and loans of the ODYSSEY and the ABYSS rigs.

18       14.    GoPro's relationship with Google for the ODYSSEY rig and the ABYSS rig.

19       15.    Plaintiff GoPro's acquisition of Kolor SARL as alleged in paragraph 15 of the

20  COMPLAINT.

21       16.    The ABYSS rig as alleged in paragraph 15 of the Complaint including, but not

22  limited to, the development of the ABYSS rig, the debut of the ABYSS rig and sales of the ABYSS

23  rig in the U.S.

24       17.    Communications regarding the ODYSSEY rig with representatives of Defendant

25  360Heros, Inc.

26       18.    Communications regarding the ABYSS rig with representatives of Defendant

27  360Heros, Inc.

28       19.    Communications between Kolor SARL and representatives of Defendant 360Heros,

Inc. including, but not limited to, communications relating to the non-disclosure agreement between Kolor SARL and 360Heros, Inc.

20.   Plaintiff GoPro's Disclosures.

21.   Plaintiff GoPro's relationship with Joergen Geerds and Freedom360.

22.   The factual bases and evidence from Joergen Geerds reflecting or evidencing alleged prior art for U.S. Patent No. 9,152,019.

23.   The factual bases and evidence from Joergen Geerds reflecting or evidencing the alleged invalidity of one or more claims of U.S. Patent No. 9,152,019.

24.   The factual bases and evidence from Joergen Geerds reflecting or evidencing GoPro's alleged infringement of one or more claims of U.S. Patent No. 9,152,019.

25.   The nature and extent of the search or searches conducted by or for Plaintiff GoPro for documents and things responsive to Defendant's Interrogatories and Defendant's Requests for Production.

26.   The identification and production of documents and things responsive to Defendant's Interrogatories and Defendant's Requests for Production.

27.   Plaintiff GoPro's Responses to Defendant's Interrogatories and Defendant's Requests for Production.

28.   The authentication of documents and things responsive to Defendant's Interrogatories and Defendant's Requests for Production including but not limited to their description, creation, location, author, custodian and whether they were produced and kept in the ordinary course of business.

You are invited to attend and cross examine.

Dated: August 11, 2017.

GAUNTLETT & ASSOCIATES

By: _____
David A. Gauntlett
James A. Lowe
Attorneys for Defendant,
360Heros, Inc.

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is: Gauntlett & Associates, 18400 Von Karman, Suite 300, Irvine, California 92612.

On August 11, 2017, the undersigned served the foregoing document described as: **DEFENDANT 360HEROS, INC.'S NOTICE OF RULE 30(b)(6) DEPOSITION TO PLAINTIFF GOPRO, INC.** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mehrnaz Boroumand Smith, Esq.
Ryan T. Bricker, Esq.
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111

Erwin Cena, Esq.
Megan Chung, Esq.
KILPATRICK TOWNSEND & STOCKTON LLP
12730 High Bluff Dr., #400
San Diego, CA 92130

[X]   **(BY MAIL)**   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **(BY FACSIMILE)**   The document was transmitted by facsimile transmission to the above fax number with the transmission reported as complete and without error.

[X]   **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** I caused the document to be sent to the respective e-mail addresses of the parties as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **(BY UPS NEXT DAY AIR)**   I caused such package to be deposited with the UPS Drop Box or UPS Air Service Center located at one of the following locations: 18400 Von Karman, Irvine, California 92612 or 2222 Michelson Drive, #222, Irvine, California 92612.

[ ]   **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 11, 2017, at Irvine, California.

Shannon Allison
(Print Name)                                        (Signature)

**EXHIBIT 288**

1  KILPATRICK TOWNSEND & STOCKTON LLP
   MEHRNAZ BOROUMAND SMITH (SBN 197271)
2  RYAN BRICKER (SBN 269100)
   BYRON R. CHIN (SBN 259846)
3  Two Embarcadero Center, Suite 1900
   San Francisco, California 94111
4  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
5  Email:    mboroumand@kilpatricktownsend.com
             rbricker@kilpatricktownsend.com
6             bchin@kilpatricktownsend.com

7  KILPATRICK TOWNSEND & STOCKTON LLP
   MEGAN M. CHUNG (SBN 232044)
8  ERWIN L. CENA (SBN 272960)
   12730 High Bluff Drive, Suite 400
9  San Diego, California 92130
   Telephone: (858) 350-6100
10 Facsimile: (858) 350-6111
   Email:    mchung@kilpatricktownsend.com
11            ecena@kilpatricktownsend.com

12 Attorneys for Plaintiff
   GOPRO, INC.

13

                    **UNITED STATES DISTRICT COURT**
14
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
15
                        **SAN FRANCISCO DIVISION**
16

17 GOPRO, INC., a Delaware corporation,          Case No. 3:16-cv-01944-SI

18              Plaintiff,                        **GOPRO'S OBJECTIONS AND RESPONSES
                                                  TO 360HEROS' NOTICE OF RULE 30(b)(6)**
       v.                                         **DEPOSITION**
19
   360HEROS, INC., a Delaware corporation,
20                                                Honorable Susan Illston
                Defendant.                        Complaint filed April 13, 2016
21

22        Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff GoPro, Inc.

23 ("GoPro"), by and through its attorneys, provides its Objections and Responses to Defendant

24 360HEROS' ("360Heros") Notice of Rule 30(b)(6) Deposition to Plaintiff GoPro, Inc.

25                              **General Objections**

26        1.     GoPro objects to 360Heros' Notice of Deposition to the extent it seeks to schedule

27 depositions without meeting and conferring in good faith (*see* L.R. 30-1) with GoPro's counsel

28 regarding the scope of the topics and timing of such depositions. GoPro will provide witnesses for

1  deposition, subject to its objections and the agreed-upon topics and at a time that is mutually
2  agreeable to the parties.

3      2.      GoPro objects to 360Heros' Notice of Deposition to the extent it seeks information
4  that is not in the possession, custody, or control of GoPro.

5      3.      GoPro objects to 360Heros' Notice of Deposition to the extent it seeks information
6  that is protected from disclosure by the attorney-client privilege, work product, or any other
7  privilege.

8      4.      GoPro objects to the extent the noticed topics seek information prematurely including
9  but not limited to seeking expert opinions, particularly because since the deadline for serving expert
10 reports is not until January 2018. Dkt. 74. GoPro will provide expert invalidity reports and make its
11 experts available for depositions in accordance with the timeline ordered by the Court for expert
12 discovery. *Id.*

13     5.      GoPro objects to the extent the Topics do not provide a timeframe, let alone a
14 reasonable timeframe, and are therefore overbroad rendering it difficult if not impossible for GoPro
15 to meaningfully investigate and identify possible witnesses.

16     6.      GoPro objects to the extent the Topics provided by 360Heros are subsequently
17 modified from the Topics served by 360Heros on August 11, 2017, and thus, would require
18 additional meet and confers on the timing and scope of the modified Topics and would further
19 require additional time by GoPro to identify additional custodians. GoPro reserves the right to
20 amend its Objections and Responses based on the outcome of these meet and confers.

21     7.      To the extent GoPro is unable to identify a custodian because it is unaware, based on
22 its current investigation, of any witnesses who have knowledge of the subject matter of the Topic,
23 GoPro reserves the right to identify one or more witnesses for that Topic should its ongoing
24 investigation uncover an appropriate witness(es).

25 **Specific Objections and Responses**

26 **Topic No. 1**

27     Factual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S First
28 Claim for Federal Trademark Infringement.

1 **Objections and Response to Topic No. 1**

2      GoPro objects to this Topic to the extent it seeks a legal conclusion regarding "[f]actual bases

3 and evidence supporting Plaintiff's allegations in its COMPLAINT'S First Claim for Federal

4 Trademark Infringement." Subject to its specific objections and GoPro's General Objections

5 incorporated herein, GoPro will identify one or more witnesses to testify concerning this Topic.

6 **Topic No. 2**

7      Factual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S Second

8 Claim for Federal Unfair Competition.

9 **Objections and Response to Topic No. 2**

10      GoPro objects to this Topic to the extent it seeks a legal conclusion regarding "[f]actual bases

11 and evidence supporting Plaintiff's allegations in its COMPLAINT'S Second Claim for Federal

12 Unfair Competition." Subject to its specific objections and GoPro's General Objections incorporated

13 herein, GoPro will identify one or more witnesses to testify concerning this Topic.

14 **Topic No. 3**

15      Factual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S Third

16 Claim for Copyright Infringement.

17 **Objections and Response to Topic No. 3**

18      GoPro objects to this Topic to the extent it seeks a legal conclusion regarding "[f]actual bases

19 and evidence supporting Plaintiff's allegations in its COMPLAINT'S Third Claim for Copyright

20 Infringement." Subject to its specific objections and GoPro's General Objections incorporated herein,

21 GoPro will identify one or more witnesses to testify concerning this Topic.

22 **Topic No. 4**

23      Factual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S Fourth

24 Claim for California Unfair Competition.

25 **Objections and Response to Topic No. 4**

26      GoPro objects to this Topic to the extent it seeks a legal conclusion regarding "[f]actual bases

27 and evidence supporting Plaintiff's allegations in its COMPLAINT'S Fourth Claim for California

28 Unfair Competition." Subject to its specific objections and GoPro's General Objections incorporated

1 herein, GoPro will identify one or more witnesses to testify concerning this Topic.

2 **Topic No. 5**

3      Factual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S Fifth

4 Claim for California Common Law Trademark Infringement.

5 **Objections and Response to Topic No. 5**

6      GoPro objects to this Topic to the extent it seeks a legal conclusion regarding "[f]actual bases

7 and evidence supporting Plaintiff's allegations in its COMPLAINT'S Fifth Claim for California

8 Common Law Trademark Infringement." Subject to its specific objections and GoPro's General

9 Objections incorporated herein, GoPro will identify one or more witnesses to testify concerning this

10 Topic.

11 **Topic No. 6**

12      Factual bases and evidence supporting Plaintiff's allegations in its Plaintiff's COMPLAINT'S

13 Sixth Claim for a Declaratory Judgment of Non-infringement of U.S. Patent No. 9,152,019.

14 **Objections and Response to Topic No. 6**

15      GoPro objects to this Topic to the extent it seeks a legal conclusion regarding "[f]actual bases

16 and evidence supporting Plaintiff's allegations in its Plaintiff's COMPLAINT'S Sixth Claim for a

17 Declaratory Judgment of Non-infringement of U.S. Patent No. 9,152,019." Subject to its specific

18 objections and GoPro's General Objections incorporated herein, GoPro will identify one or more

19 witnesses to testify concerning this Topic.

20 **Topic No. 7**

21      Plaintiff's relationship with Defendant 360Heros, Inc. or its principal Michael Kintner during

22 the events alleged in support of Plaintiff's allegations in its claims for relief in the COMPLAINT.

23 **Objections and Response to Topic No. 7**

24      GoPro objects to this Topic as vague, ambiguous, and overbroad as to "relationship" and

25 "events alleged in support of Plaintiff's allegations in its claims for relief." Subject to its specific

26 objections and GoPro's General Objections incorporated herein, GoPro will identify one or more

27 witnesses to testify concerning this Topic.

28

1   **Topic No. 8**

2       Factual bases and evidence supporting Plaintiff's allegations and affirmative defenses in

3   Plaintiff's Answer to Defendant 360Heros, Inc.'s Counterclaim for Infringement of U.S. Patent No.

4   9,152,019.

5   **Objections and Response to Topic No. 8**

6       GoPro objects to this Topic as overbroad and failing to provide GoPro with reasonable

7   particularity in order for GoPro to meaningfully respond to this Topic. GoPro further objects to the

8   extent this Topic calls for a legal conclusion regarding "[f]actual bases and evidence supporting

9   Plaintiff's allegations and affirmative defenses in Plaintiff's Answer to Defendant 360Heros, Inc.'s

10  Counterclaim for Infringement of U.S. Patent No. 9,152,019."

11      Subject to its specific objections and GoPro's General Objections incorporated herein, GoPro

12  GoPro will identify one or more witnesses to testify concerning this Topic.

13  **Topic No. 9**

14      Factual bases and evidence supporting Plaintiff's denial that GoPro's infringement of U.S.

15  Patent No. 9,152,019 is willful.

16  **Objections and Response to Topic No. 9**

17      GoPro objects to this Topic since 360Heros has not made any factual allegations supporting

18  willful infringement of the '019 Patent in its Countercomplaint or in its Infringement Contentions

19  served on October 21, 2016. In those Infringement Contentions, 360Heros identified acts before the

20  issuance of the '019 Patent and acts allegedly involving trademarks and copyrights. GoPro objects to

21  this Topic as it requires GoPro to prove a negative of a claim for which 360Heros has not provided the

22  basis for the allegation. GoPro further objects to this Topic to the extent it seeks a legal conclusion

23  regarding "[f]actual bases and evidence supporting Plaintiff's denial that GoPro's infringement of U.S.

24  Patent No. 9,152,019 is willful." GoPro further objects to the extent the Topic improperly shifts the

25  burden to GoPro to prove 360Heros' allegation that GoPro willfully infringes claims of the '019

26  patent and to the extent it demonstrates that 360Heros did not have a basis under Federal Rule of Civil

27  Procedure 11 to allege that GoPro willfully infringes claims.

28      GoPro will meet and confer with Plaintiff on Topic No. 9, but as written, GoPro will not

1  provide a witness other than the witness(es) provided in response to Topic No. 6 (non-infringement)

2  above.

3  **Topic No. 10**

4  Factual bases and evidence supporting Plaintiff's Invalidity Contentions including, but not

5  limited to, each ground of invalidity asserted by GoPro in this action.

6  **Objections and Response to Topic No. 10**

7  GoPro objects to this Topic because it seeks attorney work product and attorney-client

8  information. GoPro further objects to this Topic because GoPro already served its Invalidity

9  Contentions on December 2, 2016 and thus, this information is equally available to 360Heros. GoPro

10  further objects to the extent the Topic calls for a legal conclusion regarding "[f]actual bases and

11  evidence supporting Plaintiff's Invalidity Contentions including, but not limited to, each ground of

12  invalidity."

13  Subject to its specific objections and GoPro's General Objections incorporated herein, GoPro

14  will not identify a 30(b)(6) witness for this Topic.

15  **Topic No. 11**

16  Factual bases and evidence supporting Plaintiff's documents re damages disclosed pursuant to

17  the Court's June 26, 2017 Order (Dkt. 74) including but not limited to their description, creation,

18  location, author, custodian and whether they were produced and kept in the ordinary course of

19  business.

20  **Objections and Response to Topic No. 11**

21  GoPro objects to this Topic as vague and ambiguous since it purports to seek "factual bases

22  and evidence" of documents produced, which are themselves facts and evidence. GoPro further

23  objects as vague and ambiguous "Plaintiff's documents re damages" and mischaracterizing documents

24  required to be produced pursuant to Dkt. No. 74. GoPro objects to this Topic to the extent it asks

25  GoPro to provide its responsive damages contentions before the timeline required by the Court. Dkt.

26  74 at 2. GoPro further objects as vague, ambiguous and premature to the extent this Topic seeks

27  information concerning any expert analysis which has a different timeline under the Court's Order

28  from GoPro's responsive damages contentions. GoPro objects to the extent the Topic seeks a legal

1  conclusion regarding "[f]actual bases and evidence supporting...damages disclosed..."

2      Subject to its specific objections and GoPro's General Objections incorporated herein, GoPro

3  will identify one or more witnesses to testify concerning this topic as requesting information about the

4  description, creation, location, author, and custodian of the financial documents produced by GoPro in

5  response to Dkt. No. 74 on June 30, 2017.

6  **Topic No. 12**

7      The Accused Instrumentalities identified in this action, the ODYSSEY and the ABYSS rigs.

8  **Objections and Response to Topic No. 12**

9      GoPro objects as vague and ambiguous "Accused Instrumentalities," to the extent it seeks

10  information beyond the Odyssey and Abyss rigs. GoPro further objects to this Topic as overbroad and

11  to the extent it is seeking irrelevant information that is not likely to lead to admissible evidence.

12      Subject to its specific objections and GoPro's General Objections incorporated herein, GoPro

13  will identify one or more witnesses to testify concerning the technical operation and any sales of the

14  Odyssey and Abyss rigs as set forth in its responses to the remaining topics. Otherwise, GoPro is

15  willing to meet and confer to discuss the scope of this Topic.

16  **Topic No. 13**

17      GoPro's distribution of the accused ODYSSEY and the ABYSS rigs, including all sales and

18  loans of the ODYSSEY and the ABYSS rigs.

19  **Objections and Response to Topic No. 13**

20      GoPro objects to this request as vague, overbroad, and to the extent it seeks a legal conclusion

21  regarding "distribution" and "sales and loans." Subject to its specific objections and GoPro's General

22  Objections incorporated herein, GoPro will identify one or more witnesses to testify concerning how

23  GoPro distributes the Odyssey and Abyss rigs since the '019 patent issued.

24  **Topic No. 14**

25      GoPro's relationship with Google for the ODYSSEY rig and the ABYSS rig.

26  **Objections and Response to Topic No. 14**

27      GoPro objects as vague and ambiguous "relationship ... for the ODYSSEY rig and the

28  ABYSS rig." GoPro objects to this Topic to the extent it calls for a legal conclusion regarding any

1    "relationship" that GoPro may have with a non-party to this litigation, Google. GoPro further objects

2    to this Topic to the extent it seeks information irrelevant and unlikely to lead to admissible evidence.

3         Subject to its specific objections and GoPro's General Objections incorporated herein, GoPro

4    will identify one or more witnesses to testify on Google as a customer of any Odyssey or Abyss, but

5    will not provide any witness on irrelevant topics such as software. GoPro is willing to meet and

6    confer on this Topic.

7    **Topic No. 15**

8         Plaintiff GoPro's acquisition of Kolor SARL as alleged in paragraph 15 of the COMPLAINT.

9    **Objections and Response to Topic No. 15**

10        GoPro objects to this Topic as vague and overbroad and not relevant to the claims or defenses

11   of either party to this litigation. GoPro further objects to the extent this Topic seeks information that

12   is protected by the attorney-client privilege and/or attorney work product. Subject to these specific

13   objections and GoPro's General Objections incorporated herein, GoPro will identify one or more

14   witnesses to testify concerning this topic.

15   **Topic No. 16**

16        The ABYSS rig as alleged in paragraph 15 of the Complaint including, but not limited to, the

17   development of the ABYSS rig, the debut of the ABYSS rig and sales of the ABYSS rig in the U.S.

18   **Objections and Response to Topic No. 16**

19        Subject to GoPro's General Objections incorporated herein, GoPro will identify one or more

20   witnesses to testify concerning this Topic.

21   **Topic No. 17**

22        Communications regarding the ODYSSEY rig with representatives of Defendant 360Heros,

23   Inc.

24   **Objections and Response to Topic No. 17**

25        GoPro objects to this Topic as vague, calling for a legal conclusion, and calling for speculation

26   regarding "representatives of Defendant 360Heros, Inc." GoPro further objects to this Request to the

27   extent it seeks information equally available to 360Heros and thus, creates unnecessary burden and

28   expense on GoPro where such burden or expense is unlikely to outweigh any potential benefit.

1  Subject to these specific objections and GoPro's General Objections incorporated herein, GoPro is

2  currently unaware of any communications between its employees with "representatives of Defendant

3  360Heros" regarding the Odyssey and thus, is unable at this time to identify a corporate witness to

4  testify on this Topic.

5  **Topic No. 18**

6     Communications regarding the ABYSS rig with representatives of Defendant 360Heros, Inc.

7  **Objections and Response to Topic No. 18**

8     GoPro objects to this Topic as vague, calling for a legal conclusion, and calling for speculation

9  regarding "representatives of Defendant 360Heros, Inc." GoPro further objects to this Request to the

10  extent it seeks information equally available to 360Heros and thus, creates unnecessary burden and

11  expense on GoPro where such burden or expense is unlikely to outweigh any potential benefit.

12  Subject to these specific objections and GoPro's General Objections incorporated herein, GoPro will

13  identify one or more witnesses to testify concerning this Topic.

14  **Topic No. 19**

15     Communications between Kolor SARL and representatives of Defendant 360Heros, Inc.

16  including, but not limited to, communications relating to the non-disclosure agreement between Kolor

17  SARL and 360Heros, Inc.

18  **Objections and Response to Topic No. 19**

19     GoPro objects to this Topic as vague, calling for a legal conclusion, and calling for speculation

20  regarding "representatives of Defendant 360Heros, Inc." GoPro further objects to this Request to the

21  extent it seeks information equally available to 360Heros and thus, creates unnecessary burden and

22  expense on GoPro where such burden or expense is unlikely to outweigh any potential benefit. GoPro

23  objects to the extent this Topic seeks a legal conclusion regarding any agreement between Kolor

24  SARL and 360Heros and any rights and responsibilities of the parties pursuant to such agreements.

25     Subject to these specific objections and GoPro's General Objections incorporated herein,

26  GoPro will identify one or more witnesses to testify concerning this Topic.

27  **Topic No. 20**

28     Plaintiff GoPro's Disclosures.

1 **Objections and Response to Topic No. 20**

2 GoPro objects to this Topic as vague, overbroad, harassing and not providing reasonable

3 particularity to afford GoPro an opportunity to reasonably investigate and identify relevant witnesses,

4 if any. GoPro further objects to the extent this Topic seeks information that is protected by the

5 attorney-client privilege and/or attorney work product. Subject to its specific objections and GoPro's

6 General Objections incorporated herein, GoPro is willing to meet and confer to discuss the scope of

7 this Topic.

8 **Topic No. 21**

9 Plaintiff GoPro's relationship with Joergen Geerds and Freedom360.

10 **Objections and Response to Topic No. 21**

11 GoPro objects to this Topic as vague and overbroad regarding any "relationship" that GoPro

12 may have with non-parties to this litigation, Joergen Geerds and Freedom 360. GoPro further objects

13 to this Topic to the extent it seeks information irrelevant and unlikely to lead to admissible evidence.

14 GoPro further objects to the extent this Topic seeks information that is protected by the attorney work

15 product privilege. Subject to its specific objections and GoPro's General Objections incorporated

16 herein, GoPro is willing to meet and confer to discuss the scope of this Topic.

17 **Topic No. 22**

18 The factual bases and evidence from Joergen Geerds reflecting or evidencing alleged prior art

19 for U.S. Patent No. 9,152,019.

20 **Objections and Response to Topic No. 22**

21 GoPro objects to this Topic as vague and calling for a legal conclusion due to "reflecting or

22 evidencing alleged prior art" of the '019 patent. GoPro further objects to the extent this Topic seeks

23 information that is protected by the attorney work product privilege. GoPro objects to this Topic to

24 the extent it asks GoPro to speculate as to what third-party Joergen Geerds thinks is prior art to the

25 '019 patent. Subject to its specific objections and GoPro's General Objections incorporated herein,

26 GoPro will not identify a corporate deponent under Rule 30(b)(6) because it is unaware of any of its

27 corporate representatives who can testify to either Mr. Geerds' thoughts on prior art to the '019 patent

28 or evidence that may be in Mr. Geerds' possession, custody or control.

1 **Topic No. 23**

2      The factual bases and evidence from Joergen Geerds reflecting or evidencing the alleged

3 invalidity of one or more claims of U.S. Patent No. 9,152,019.

4 **Objections and Response to Topic No. 23**

5      GoPro objects to this Topic as vague and calling for a legal conclusion due to "reflecting or

6 evidencing the alleged invalidity of one or more claims of" the '019 patent. GoPro further objects to

7 the extent this Topic seeks information that is protected by the attorney work product privilege.

8 GoPro objects to this Topic to the extent it asks GoPro to speculate as to how Joergen Geerds thinks

9 claims of the '019 patent are invalid. Subject to its specific objections and GoPro's General

10 Objections incorporated herein, GoPro will not identify a corporate deponent under Rule 30(b)(6)

11 because it is unaware of any of its corporate representatives who can testify to either Mr. Geerds'

12 thoughts on the invalidity of the '019 patent or evidence that may be in Mr. Geerds' possession,

13 custody or control.

14 **Topic No. 24**

15      The factual bases and evidence from Joergen Geerds reflecting or evidencing GoPro's alleged

16 infringement of one or more claims of U.S. Patent No. 9,152,019.

17 **Objections and Response to Topic No. 24**

18      GoPro objects to this Topic as vague and calling for a legal conclusion due to "reflecting or

19 evidencing GoPro's alleged infringement of one or more claims of U.S. Patent No. 9,152,019" and to

20 the extent it seeks a legal conclusion regarding "infringement of one or more claims" of the '019

21 patent. GoPro further objects to the extent this Topic seeks information that is protected by the

22 attorney work product privilege. GoPro objects to this Topic to the extent it asks GoPro to speculate

23 as to Joergen Geerds' thoughts on the issue of infringement of the '019 patent. Subject to its specific

24 objections and GoPro's General Objections incorporated herein, GoPro will not identify a corporate

25 deponent under Rule 30(b)(6) because it is unaware of any of its corporate representatives who can

26 testify to either Mr. Geerds' thoughts on GoPro's alleged infringement of the '019 patent or evidence

27 that may be in Mr. Geerds' possession, custody or control.

28

1 **Topic No. 25**

2 The nature and extent of the search or searches conducted by or for Plaintiff GoPro for

3 documents and things responsive to Defendant's Interrogatories and Defendant's Requests for

4 Production.

5 **Objections and Response to Topic No. 25**

6 GoPro objects to this Topic to the extent it seeks information protected by the attorney-client

7 privilege and attorney work product. GoPro further objects to this Topic as vague, overbroad, and not

8 providing sufficient particularity for GoPro to be able to meaningfully investigate and respond.

9 Subject to its specific objections and GoPro's General Objections incorporated herein, GoPro

10 will identify one or more witnesses to testify in response to general questions on this Topic that is not

11 protected by attorney-client privilege and attorney work product.

12 **Topic No. 26**

13 The identification and production of documents and things responsive to Defendant's

14 Interrogatories and Defendant's Requests for Production.

15 **Objections and Response to Topic No. 26**

16 GoPro objects to this Topic to the extent it seeks information protected by the attorney-client

17 privilege and attorney work product. GoPro objects to the extent this Topic calls for a legal

18 conclusion regarding the "identification and production of documents and things responsive to

19 Defendant's Interrogatories and Defendants' Requests for Production." GoPro further objects to this

20 Topic as vague, overbroad, and not providing sufficient particularity for GoPro to be able to

21 meaningfully investigate and respond. Subject to its specific objections and GoPro's General

22 Objections incorporated herein, this Topic seeks privileged information and thus, GoPro will not

23 identify a corporate witness under Rule 30(b)(6).

24 **Topic No. 27**

25 Plaintiff GoPro's Responses to Defendant's Interrogatories and Defendant's Requests for

26 Production.

27 **Objections and Response to Topic No. 27**

28 GoPro objects to this Topic to the extent it seeks information protected by the attorney-client

1 privilege and attorney work product. GoPro further objects to this Topic as vague, overbroad, and not
2 providing sufficient particularity for GoPro to be able to meaningfully investigate and respond.

3 Subject to its specific objections and GoPro's General Objections incorporated herein, this
4 Topic seeks privileged information and thus, GoPro will not identify a corporate witness under Rule
5 30(b)(6).

6 **Topic No. 28**

7 The authentication of documents and things responsive to Defendant's Interrogatories and
8 Defendant's Requests for Production including but not limited to their description, creation, location,
9 author, custodian and whether they were produced and kept in the ordinary course of business.

10 **Objections and Response to Topic No. 28**

11 GoPro objects to this Topic to the extent it seeks information protected by the attorney-client
12 privilege and attorney work product. GoPro objects to the extent this Topic calls for a legal
13 conclusion regarding the "authentication of documents and things responsive to Defendant's
14 Interrogatories and Defendants' Requests for Production." GoPro further objects to this Topic as
15 vague, overbroad, and not providing sufficient particularity for GoPro to be able to meaningfully
16 investigate and respond. Subject to its specific objections and GoPro's General Objections
17 incorporated herein, GoPro responds that it is willing to meet and confer to discuss the scope of this
18 Topic.

19
20
21 Dated: August 28, 2017

KILPATRICK TOWNSEND & STOCKTON LLP

22 By: _Erwin Z. Cena_
Erwin L. Cena

23
24 Mehrnaz Boroumand Smith (SBN 197271)
mboroumand@kilpatricktownsend.com
25 Ryan Bricker (SBN 269100)
rbricker@kilpatricktownsend.comB
26 Byron Chin (SBN. 259846)
bchin@kilpatricktownsend.com
27 Two Embarcadero Center, Suite 1900
San Francisco, California 94111
28 Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Megan M. Chung (SBN 232044)
mchung@kilpatricktownsend.com
Erwin L. Cena (SBN 272960)
ecena@kilpatricktownsend.com
12730 High Bluff Drive, Suite 400
San Diego, California 92130
Telephone:    (858) 350-6100
Facsimile:    (858) 350-6111

Attorneys for Plaintiff
GOPRO, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I, Margaret Chapman, declare:

I am employed in the City and County of San Diego, California; I am over the age of eighteen years and not a party to the within action; my business address is Kilpatrick Townsend & Stockton LLP, 12730 High Bluff Dr., Suite 400, San Diego, California 92130.

On the date set forth below, I served a true and accurate copy of the foregoing document entitled **GOPRO'S OBJECTIONS & RESPONSES TO 360HEROS' NOTICE OF 30(b)(6) DEPOSITION** on the parties in this action, as follows:

Attorneys for Defendant 360HEROS, INC.:

> David A. Gauntlett
> James A. Lowe
> GAUNTLETT & ASSOCIATES
> 18400 Von Karman, Suite 300
> Irvine, California 92612
> Telephone: (949) 553-1010
> Facsimile: (949) 553-2050
> Email: info @gauntlettlaw.com
> jal@gauntlettlaw.com

☑ [By E-Mail] I caused said document to be sent by electronic transmission to the e-mail addresses indicated for the parties listed above.

☑ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document at my place of business, by placing a true copy thereof, enclosed in sealed envelope with postage thereon fully prepaid, addressed as set forth above, for collection and mailing with the United States Postal Service where said envelope would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressees.

☐ [By Hand Delivery] I directed each envelope to the parties so designated on the service list to be delivered by courier this date.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 28, 2017, at San Diego, California.

Margaret Chapman

GOPRO'S OBJECTIONS & RESPONSES TO 360HEROS'NOTICE OF RULE 30(b)(6)
DEPOSITION
Case No. 3:16-cv-01944-SI

**EXHIBIT 289**

1  KILPATRICK TOWNSEND & STOCKTON LLP
   MEHRNAZ BOROUMAND SMITH (SBN 197271)
2  RYAN BRICKER (SBN 269100)
   BYRON R. CHIN (SBN 259846)
3  Two Embarcadero Center, Suite 1900
   San Francisco, California 94111
4  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
5  Email:    mboroumand@kilpatricktownsend.com
              rbricker@kilpatricktownsend.com
6             bchin@kilpatricktownsend.com

7  KILPATRICK TOWNSEND & STOCKTON LLP
   MEGAN M. CHUNG (SBN 232044)
8  ERWIN L. CENA (SBN 272960)
   12730 High Bluff Drive, Suite 400
9  San Diego, California 92130
   Telephone: (858) 350-6100
10 Facsimile: (858) 350-6111
   Email:    mchung@kilpatricktownsend.com
11            ecena@kilpatricktownsend.com

12 Attorneys for Plaintiff
   GOPRO, INC.

13
                    UNITED STATES DISTRICT COURT
14
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
15
                      SAN FRANCISCO DIVISION
16

17 GOPRO, INC., a Delaware corporation,          Case No. 3:16-cv-01944-SI

18              Plaintiff,                        GOPRO'S AMENDED OBJECTIONS
                                                 AND RESPONSES TO 360HEROS'
19       v.                                      NOTICE OF RULE 30(b)(6) DEPOSITION

20 360HEROS, INC., a Delaware corporation,
                                                 Honorable Susan Illston
21              Defendant.                        Complaint filed April 13, 2016

22

23       Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff GoPro, Inc.

24 ("GoPro"), by and through its attorneys, provides its Amended Objections and Responses to

25 Defendant 360HEROS' ("360Heros") Notice of Rule 30(b)(6) Deposition to Plaintiff GoPro, Inc.

26                            **General Objections**

27       1.     GoPro objects to 360Heros' Notice of Deposition to the extent it seeks to schedule

28 depositions without meeting and conferring in good faith (*see* L.R. 30-1) with GoPro's counsel

regarding the scope of the topics and timing of such depositions. GoPro will provide witnesses for deposition, subject to its objections and the agreed-upon topics, and at a time that is mutually agreeable to the parties.

2.      GoPro objects to 360Heros' Notice of Deposition to the extent it seeks information that is not in the possession, custody, or control of GoPro.

3.      GoPro objects to 360Heros' Notice of Deposition to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other privilege.

4.      GoPro objects to the extent the noticed topics seek information prematurely, including, but not limited to, seeking expert opinions, particularly because since the deadline for serving expert reports is not until January 2018. (Dkt. 74.) GoPro will provide expert invalidity reports and make its experts available for depositions in accordance with the timeline ordered by the Court for expert discovery. *Id.*

5.      GoPro objects to the extent the Topics do not provide a timeframe, let alone a reasonable timeframe, and are therefore overbroad, rendering it difficult, if not impossible, for GoPro to meaningfully investigate and identify possible witnesses.

6.      GoPro objects to the extent the Topics provided by 360Heros are subsequently modified from the Topics served by 360Heros on August 11, 2017, and thus would require additional meet-and-confers on the timing and scope of the modified Topics and would further require additional time by GoPro to identify additional custodians. GoPro reserves the right to amend its Objections and Responses based on the outcome of these meet-and-confers.

7.      To the extent GoPro is unable to identify a custodian because it is unaware, based on its current investigation, of any witnesses who have knowledge of the subject matter of the Topic, GoPro reserves the right to identify one or more witnesses for that Topic should its ongoing investigation uncover an appropriate witness(es).

/ / /

/ / /

/ / /

## Specific Objections and Responses

**Topic No. 3:**

Factual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S Third Claim for Copyright Infringement.

**Amended Objections and Response to Topic No. 3:**

GoPro objects to this Topic to the extent it seeks a legal conclusion regarding "[f]actual bases and evidence supporting Plaintiff's allegations in its COMPLAINT'S Third Claim for Copyright Infringement." Subject to its specific objections and GoPro's General Objections incorporated herein, GoPro will identify one or more witnesses to testify concerning GoPro's copyrighted works that are the subject of this case, as well as how GoPro produces and uses its product promotion material and the limitations that GoPro puts on third-party use of that material.

**Topic No. 9:**

Factual bases and evidence supporting Plaintiff's denial that GoPro's infringement of U.S. Patent No. 9,152,019 is willful.

**Amended Objections and Response to Topic No. 9:**

GoPro objects to this Topic since 360Heros has not made any factual allegations supporting willful infringement of the '019 Patent in its Countercomplaint or in its Infringement Contentions served on October 21, 2016. In those Infringement Contentions, 360Heros identified acts before the issuance of the '019 Patent and acts allegedly involving trademarks and copyrights. GoPro objects to this Topic as it requires GoPro to prove a negative of a claim for which 360Heros has not provided the basis for the allegation. GoPro further objects to this Topic to the extent it seeks a legal conclusion regarding "[f]actual bases and evidence supporting Plaintiff's denial that GoPro's infringement of U.S. Patent No. 9,152,019 is willful." GoPro further objects to the extent the Topic improperly shifts the burden to GoPro to prove 360Heros' allegation that GoPro willfully infringes claims of the '019 patent and to the extent it demonstrates that 360Heros did not have a basis under Federal Rule of Civil Procedure 11 to allege that GoPro willfully infringes claims.

As a result of its specific objections and GoPro's General Objections incorporated herein, GoPro will identify one or more witnesses regarding the factual basis of GoPro's non-infringement

of the '019 patent (*see* Objections and Responses to Topic No. 8) and GoPro's first awareness of the '019 patent and the published patent application for the '019 patent.

**Topic No. 12:**

The Accused Instrumentalities identified in this action, the ODYSSEY and the ABYSS rigs.

**Amended Objections and Response to Topic No. 12:**

GoPro objects to this Topic as vague and ambiguous as to the term "Accused Instrumentalities," to the extent it seeks information beyond the Odyssey and Abyss rigs. GoPro further objects to this Topic as overbroad in that it does not specify the nature of information sought about the Odyssey and Abyss rigs, and to the extent it is seeking irrelevant information that is not likely to lead to admissible evidence.

As a result of its specific objections and GoPro's General Objections incorporated herein, GoPro will identify one or more witnesses to testify concerning the general technical operation of the Odyssey and Abyss rigs.

**Topic No. 13:**

GoPro's distribution of the accused ODYSSEY and the ABYSS rigs, including all sales and loans of the ODYSSEY and the ABYSS rigs.

**Amended Objections and Response to Topic No. 13:**

GoPro objects to this Topic as vague and overbroad, and indefinite in the nature of the information it seeks about GoPro's distribution of its rigs. GoPro further objects to this Topic to the extent it seeks a legal conclusion regarding "distribution" and "sales and loans." As a result of its specific objections and GoPro's General Objections incorporated herein, GoPro will identify one or more witnesses to testify generally concerning GoPro's sales of the Odyssey and Abyss rigs, as well as any non-sale loans or other distributions of the rigs, to the extent that any have occurred.

**Topic No. 14:**

GoPro's relationship with Google for the ODYSSEY rig and the ABYSS rig.

**Amended Objections and Response to Topic No. 14:**

GoPro objects to this Topic as vague and ambiguous as to the phrase "relationship … for the ODYSSEY rig and the ABYSS rig." GoPro objects to this Topic to the extent it calls for a legal

conclusion regarding any "relationship" that GoPro may have with a non-party to this litigation, Google. GoPro further objects to this Topic to the extent it seeks information that is irrelevant to this case and unlikely to lead to the discovery of admissible evidence, including information about software pertaining to GoPro's rigs.

As a result of its specific objections and GoPro's General Objections incorporated herein, GoPro will identify one or more witnesses to testify about Google's role as a customer of any Odyssey or Abyss.

**Topic No. 17:**

Communications regarding the ODYSSEY rig with representatives of Defendant 360Heros, Inc.

**Objections and Response to Topic No. 17:**

GoPro objects to this Topic as vague, calling for a legal conclusion, and calling for specula-tion regarding "representatives of Defendant 360Heros, Inc." GoPro further objects to this Request to the extent it seeks information equally available to 360Heros, and thus creates unnecessary burden and expense on GoPro where such burden or expense is unlikely to outweigh any potential benefit. GoPro is unaware of any communications between its employees with "representatives of Defendant 360Heros" regarding the Odyssey and therefore is unable to and will not identify a corporate witness to testify on this Topic.

**Topic No. 20:**

Plaintiff GoPro's Disclosures.

**Amended Objections and Response to Topic No. 20:**

GoPro objects to this Topic as vague, overbroad, harassing, and not providing reasonable particularity to afford GoPro an opportunity to reasonably investigate and identify relevant wit-nesses, if any. GoPro further objects to the extent this Topic seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine. As a result of its objections, GoPro will not identify a corporate deponent under Rule 30(b)(6) for this Topic.

**Topic No. 21:**

Plaintiff GoPro's relationship with Joergen Geerds and Freedom360.

**Amended Objections and Response to Topic No. 21:**

GoPro objects to this Topic as vague and overbroad regarding any "relationship" that GoPro may have with non-parties to this litigation, Joergen Geerds and Freedom 360. GoPro further objects to this Topic to the extent it seeks information irrelevant and unlikely to lead to the discovery of admissible evidence. GoPro further objects to the extent this Topic seeks information that is protected by the attorney work product doctrine. As a result of its specific objections and GoPro's General Objections incorporated herein, GoPro will identify one or more witnesses to testify as to any contractual or other formal relationship or lack thereof between GoPro and either Joergen Geerds or Freedom360.

**Topic No. 28:**

The authentication of documents and things responsive to Defendant's Interrogatories and Defendant's Requests for Production including but not limited to their description, creation, location, author, custodian and whether they were produced and kept in the ordinary course of business.

**Amended Objections and Response to Topic No. 28:**

GoPro objects to this Topic to the extent it seeks information protected by the attorney-client privilege and the attorney work product doctrine. GoPro objects to the extent this Topic calls for a legal conclusion regarding the "authentication of documents and things responsive to Defendant's Interrogatories and Defendant's Requests for Production." GoPro further objects to this Topic as vague, overbroad, and not providing sufficient particularity for GoPro to be able to meaningfully investigate and respond, particularly since GoPro has produced in excess of 16,000 pages of documents in this litigation. As a result of its objections, GoPro will not identify a corporate witness for this Topic under Rule 30(b)(6).

Dated: September 8, 2017                    KILPATRICK TOWNSEND & STOCKTON LLP


By:_____
                                                            Ryan Bricker

Attorneys for Plaintiff
GOPRO, INC.

# PROOF OF SERVICE

I, Ryan Bricker, declare:

I am employed in the City and County of San Diego, California; I am over the age of eighteen years and not a party to the within action; my business address is Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center, Suite 1900, San Francisco, California 94111.

On the date set forth below, I served a true and accurate copy of the foregoing document entitled **GOPRO'S AMENDED OBJECTIONS AND RESPONSES TO 360HEROS' NOTICE OF RULE 30(b)(6) DEPOSITION** on the parties in this action, as follows:

<u>Attorneys for Defendant 360HEROS, INC.</u>:

> David A. Gauntlett
> James A. Lowe
> GAUNTLETT & ASSOCIATES
> 18400 Von Karman, Suite 300
> Irvine, California 92612
> Telephone: (949) 553-1010
> Facsimile: (949) 553-2050
> Email:     info @gauntlettlaw.com
>            jal@gauntlettlaw.com

☑ [<u>By E-Mail</u>] I sent said document by electronic transmission to the e-mail addresses indicated for the parties listed above.

☑ [<u>By First Class Mail</u>] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document at my place of business, by causing a true copy thereof, enclosed in sealed envelope with first class postage thereon fully prepaid, addressed as set forth above, to be placed for collection and mailing with the United States Postal Service where said envelope would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [<u>By Overnight Courier</u>] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressees.

☐ [<u>By Hand Delivery</u>] I directed each envelope to the parties so designated on the service list to be delivered by courier this date.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 8, 2017, at San Diego, California.

_____
Ryan Bricker

70132967V.1

**EXHIBIT 290**

KILPATRICK TOWNSEND & STOCKTON LLP
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
RYAN BRICKER (State Bar No. 269100)
BYRON R. CHIN (State Bar No. 259846)
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email:     mboroumand@kilpatricktownsend.com
           rbricker@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
MEGAN M. CHUNG (State Bar No. 232044)
ERWIN L. CENA (State Bar No. 272960)
12730 High Bluff Drive, Suite 400
San Diego, California 92130
Telephone: (858) 350-6100
Facsimile: (858) 350-6111
Email:     mchung@kilpatricktownsend.com
           ecena@kilpatricktownsend.com

Attorneys for Plaintiff
GOPRO, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GOPRO, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>360HEROS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:16-cv-01944-SI<br><br>**PLAINTIFF'S FIRST AMENDED INITIAL DISCLOSURES**<br><br><br>Honorable Susan Illston<br>Complaint filed April 13, 2016 |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff GoPro, Inc. ("GoPro")

submits the following Amended Initial Disclosures.

These Amended Initial Disclosures are preliminary in nature, based upon information

reasonably available to GoPro at the time of the disclosure. GoPro bases these disclosures on its

current knowledge, understanding, and belief as to facts and information available on the date of

these disclosures. GoPro's investigation and discovery in this matter are ongoing. GoPro reserves

the right to amend and/or supplement these Initial Disclosures as pertinent facts become known in

the future, as contemplated by Federal Rules of Civil Procedure 26(e) and 37(c). GoPro further expressly reserves all objections, including those based on privilege and the appropriate scope of discovery.

## I. Individuals Likely to Have Discoverable Information That GoPro May Use to Support Its Claims and Defenses

The following is a list of persons likely to have discoverable information that GoPro may use to support its claims and defenses. GoPro anticipates that it may discover additional persons, including third-party witnesses, with knowledge of discoverable information. GoPro reserves the right to amend and/or supplement this disclosure if additional individuals become known who are likely to become witnesses but are not otherwise disclosed in the discovery process. GoPro also identifies witnesses identified in 360Heros' disclosures pursuant to Federal Rule of Civil Procedure 26(a).

Several of the following individuals are current employees of GoPro who can be contacted through the undersigned counsel.

| Name/Contact | Subject |
|---|---|
| Justin Wilkenfeld<br>GoPro employee<br>c/o Kilpatrick Townsend & Stockton LLP | Knowledge of GoPro's brand and business; GoPro's efforts to market, advertise, and publicize its camera and rig products, including under the HERO trademark; the strength of the HERO trademark; advertising spent for GoPro's products; market research and distribution channels for GoPro's products; the impact of 360Heros' trademark infringement, unfair competition, and copyright infringement.<br><br>Knowledge of GoPro produced content, including GoPro's copyrighted product photography. |
| Alexandre Jenny<br>GoPro employee<br>c/o Kilpatrick Townsend & Stockton LLP | Knowledge of 360Heros and communications between Kolor and 360Heros, including, but not limited to, communications relating to the NDA agreement between Kolor and 360Heros.<br>General knowledge of marketing, advertising, and publicity efforts related to the ABYSS trademark and rig.<br>General knowledge of sales of the ABYSS rig.<br>General knowledge of the design and development of the ABYSS rig. |
| Michael Kintner<br>Founder/CEO of 360Heros | Adoption of the 360HEROS and 360ABYSS marks; products and/or services offered, or to be offered, in connection with the 360HEROS and 360ABYSS marks; manner and use, or planned use, of the 360HEROS and 360ABYSS marks, including by customers, partners, and licensees; marketing and/or advertising |

| Name/Contact | Subject |
|---|---|
| | of products and/or services offered, or to be offered, in connection with the 360HEROS and 360ABYSS marks; customers of the products and/or services offered, or to be offered, in connection with the 360HEROS and 360ABYSS marks; first use date of the 360HEROS and 360ABYSS marks; first use date of the 360HEROS and 360ABYSS marks in interstate commerce; awareness of the 360HEROS and 360ABYSS marks; knowledge of the goods and services offered in connection with the 360HEROS and 360ABYSS marks. |
| | Awareness of the HERO and ABYSS trademarks. |
| | Use of GoPro's copyrighted content. |
| | 360Heros' efforts to associate itself with GoPro. |
| | The purported design, development, and manufacture of the ABYSS360 rig, and the application for U.S. Patent No. 9,152,019 (the '019 patent), including issues related to conception, reduction to practice, diligence, and prior art for that patent.<br>Mr. Kintner may also have information relevant to GoPro's affirmative defenses of invalidity, prosecution history estoppel, and unclean hands, including inequitable conduct. |
| Ingrid Cotoros<br>GoPro employee<br>c/o Kilpatrick Townsend &<br>  Stockton LLP | Knowledge of design and development of the Odyssey rig. |
| Jonathan Thorn<br>GoPro employee<br>c/o Kilpatrick Townsend &<br>  Stockton LLP | Knowledge of marketing and offers for sale of the Odyssey rig. |
| Alisa Leung<br>GoPro employee<br>c/o Kilpatrick Townsend &<br>  Stockton LLP | Financial information regarding the Odyssey and Abyss rigs. |
| Peter Bilinski<br>Barclay Damon LLP<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York  13202 | Prosecution of Application No. 14/072,656, prior art relevant to the '019 patent, ownership of rights to the '019 patent.<br>Mr. Kintner may also have information relevant to unclean hands, including inequitable conduct, by 360Heros and/or Mr. Kintner. |
| Joergen Geerds<br>c/o Michael Andri<br>Andri Consulting<br>2240 North Interstate Avenue<br>Suite 270<br>Portland, Oregon  97227<br>Michael@andriconsulting.com | Prior art relevant to the '019 patent.  Mr. Geerds may also have information relevant to unclean hands, including inequitable conduct, by 360Heros and/or Mr. Kintner. |

/ / /

## II.    Documents That GoPro May Use to Support Its Claims and Defenses

GoPro may use the following categories of documents (including electronically stored information) and tangible things (hereinafter "documents") that are in its possession, custody, or control to support its claims or defenses in this action.  The documents are located at GoPro's offices and/or at the offices of its attorneys.  GoPro expressly reserves the right to include additional document categories identified by 360Heros in connection with its disclosures and discovery responses. No documents will be produced with this disclosure, due to the ongoing search for documents and the necessity of entering into an agreement protecting confidentiality of certain categories of documents.  Further, GoPro will not produce documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from discovery.  In general, pertinent documents fall into categories as follows:

- Copies of GoPro's United States trademark filings and submissions to the United States Patent and Trademark Office;
- Documents related to the use, promotion, advertising, public recognition, protection, and enforcement of the HERO trademark;
- Documents related to the use, promotion, advertising, public recognition, protection, and enforcement of the ABYSS trademark;
- Documents related to the efforts and investment in the growth of consumer recognition of the HERO and ABYSS trademarks;
- Documents relating to GoPro's product photography, video product tutorials, and marketing collateral, including GoPro's copyrighted content identified in paragraphs 35-36 of the Complaint;
- Pertinent copyright registrations;
- Documents related to 360Heros' use of GoPro's copyrighted content;
- Documents related to 360Heros' use of GoPro's HERO and ABYSS trademarks;
- Documents related to 360Heros' adoption and use of the 360HEROS and 360ABYSS marks;

/ / /

- Documents related to the target consumers and distribution channels for GoPro and 360Heros' respective products and services;
- Documents concerning U.S. Patent No. 9,152,019, including the patent, its file history, related patents and patent applications, and prior art;
- Documents sufficient to show the design, development, manufacture, marketing, and sale of the Odyssey rig product;
- Documents sufficient to show the design, development, manufacture, marketing, and sale of the ABYSS rig product; and
- Documents relating to damages GoPro has suffered as a result of 360Heros' conduct.

## III. Computation of Damages/Documents Upon Which Computation Is Based

Pursuant to 15 U.S.C. § 1117(a), GoPro is entitled to 360Heros, Inc.'s profits and to compensatory damages, including its own lost profits, the cost of corrective advertising, and damage to GoPro's goodwill.

Pursuant to sections 504(b) and 504(c) of the Copyright Act, 17 U.S.C. § 504(b)-(c), GoPro is entitled to recover from 360Heros the damages it has sustained and will sustain, including statutory damages, and any profits obtained by 360Heros as a result of or attributable to the infringement.

GoPro will also seek recovery of its attorneys' fees. Given that discovery with respect to damages is ongoing and expert discovery has not yet occurred, GoPro is unable to compute damages at this time. GoPro may also seek recovery of extraordinary damages if discovery warrants it.

GoPro reserves the right to amend and/or supplement this disclosure or to provide discovery as additional information becomes available.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IV. Insurance Policies**

360Heros produced insurance agreements in this matter at 360H-02634, 360H-02657, and 360H-02681. Otherwise, GoPro is unaware of any potentially applicable policy of insurance covering all or a portion of the claims at issue.

Dated: April 26, 2017

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:_____
                     Ryan T. Bricker

Attorneys for Plaintiff
GOPRO, INC.

**PROOF OF SERVICE**

I, Robert Brown, declare:

I am employed in the City and County of San Francisco, California; I am over the age of eighteen years and not a party to the within action; my business address is Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center, Suite 1900, San Francisco, California 94111.

On the date set forth below, I served a true and accurate copy of the foregoing document entitled PLAINTIFF'S FIRST AMENDED INITIAL DISCLOSURES on the parties in this action, as follows:

Attorneys for Defendant 360HEROS, INC.:

> David A. Gauntlett
> James A. Lowe
> GAUNTLETT & ASSOCIATES
> 18400 Von Karman, Suite 300
> Irvine, California 92612
> Telephone: (949) 553-1010
> Facsimile: (949) 553-2050
> Email: info @gauntlettlaw.com
> jal@gauntlettlaw.com

☑ [By E-Mail] I caused said document to be sent by electronic transmission to the e-mail addresses indicated for the parties listed above.

☑ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document at my place of business, by placing a true copy thereof, enclosed in sealed envelope with postage thereon fully prepaid, addressed as set forth above, for collection and mailing with the United States Postal Service where said envelope would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressees.

☐ [By Hand Delivery] I directed each envelope to the parties so designated on the service list to be delivered by courier this date.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 26, 2017, at San Francisco, California.

> *Robert Brown*
> _____
> Robert Brown

69040910V.1

PLAINTIFF'S FIRST AMENDED INITIAL DISCLOSURES
Case No. 3:16-cv-01944-SI

EXHIBIT 325

**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:    (949) 553-1010
Facsimile:    (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com

Attorneys for Defendant
360HEROS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GOPRO, INC., a Delaware corporation, | ) ) | Case No.: 16-cv-01944-SI |
| Plaintiff, | ) ) | **EXHIBIT 325: VIDEO** |
| vs. | ) ) ) | |
| 360HEROS, INC., a Delaware corporation, | ) ) | |
| Defendant. | ) ) ) ) ) | |

## MANUAL FILING NOTIFICATION

Regarding:  EXHIBIT 325 to the DECLARATION OF JAMES A. LOWE

This filing is in physical form only, and it is being maintained in the case file in the Clerk's office.

If you are a participant on this case, this filing will be served in hard-copy directly.

For information on retrieving this filing directly from the court, please see the court's main web site

at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not e-filed for the following reason:

**Non-graphical/Textual Computer File:** A Removable USB Drive containing a video of the GoPro ABYSS rig previously produced by GoPro at Bates No. GP 2555.

Dated: October 6, 2017

**GAUNTLETT & ASSOCIATES**

By:    */s/ James A. Lowe*
          David A. Gauntlett
          James A. Lowe

Attorneys for Defendant,
360HEROS, INC.

EXHIBIT 356

# ODYSSEY INFRINGEMENT



32 Center support body

Receptacles 50

40 Support arms



32 Center support body (structure bounded by the drawn in circle)

Latching feature 56

Open-ended enclosure and Receiving cavity 54

Support arms 40



Receptacle 50

Latching feature 56 (portal for camera lens)



Camera 20

Camera attachment (Bacpac)



Camera 20

Camera attachment (Bacpac) latched to Camera 20

AM11:05 AUG/22/2017

360H-16953

Camera(s) 20 in Receptacle(s) 50

Latching feature 56

Latching feature 56 (portal for camera lens)



Camera(s) 20 in Receptacle(s) 50

Common center apex 60



Cameras 20 in a predetermined orientation

30 Support

AM10:49 AUG/22/2017

360H-16947

# ODYSSEY - USING GOPRO'S DOCUMENTS



Bottom View, Center support body 32

40 Support arms

40 Support arms

Bottom View, Camera 20 and Open-ended enclosure and Receiving cavity 54

GP (360) 00015915

## FROM GOPRO – CENA EXHIBIT E



Receptacle 50

Open-ended enclosure and Receiving cavity 54

Latching feature 56

GP (360) 00015942

**FROM GOPRO – CENA EXHIBIT KK**

EXHIBIT 357

# ABYSS INFRINGEMENT



30 Support, Support body, Center support body



40 Support arms

40 Support arms



30 Support, Support body, Center support body

40 Support arms

Camera 20



Open-ended enclosure 54

40 Support arms

Receptacle 50
(with the four posts for
the camera 20)



360H-17025



Latching feature 56

Open-ended enclosure 54



Camera 20

Receptacle 50 with the lens portal to receive and hold the camera 20

PM 1:52 AUG/22/2017

360H-17010

Camera 20



Latching feature 56, structure for securement and release

Open-ended enclosure 54, open structure to hold or retain (framed by the drawn in lines)



Camera 20

EXHIBIT 358



**KILPATRICK
TOWNSEND**

ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP

www.kilpatricktownsend.com

December 2, 2016

***Via U.S. Mail***

David A. Gauntlett
James A. Lowe
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, California 92612

Re: *GoPro, Inc. v. 360Heros, Inc.*
Our File No. 097955-1008311

Counsel:

Please find the enclosed disc containing GoPro production documents Bates numbered GP (360) 00000001 – GP (360) 00002636 in the above referenced matter.

Documents produced pursuant to Patent L.R. 3-4(a) can be found at the following Bates ranges: GP (360) 00002508 – GP (360) 00002529, and GP (360) 00002555. Some of this material has been designated, "Highly Confidential-Attorneys' Eyes Only" pursuant to the default N.D. Cal. Patent Local Rule 2-2 Interim Model Protective Order which automatically applies the Protective Order unless the Court enters a different protective order. The remainder of the document production includes prior art pursuant to Patent L.R. 3-4(b).

Very truly yours,

Louis J. Ferrari
Case Manager

LJF/Encl.

63190901 v1

**EXHIBIT 359**

1   **GAUNTLETT & ASSOCIATES**
    David A. Gauntlett (SBN 96399)
2   James A. Lowe (SBN 214383)
    18400 Von Karman, Suite 300
3   Irvine, California 92612
    Telephone:    (949) 553-1010
4   Facsimile:    (949) 553-2050
    info@gauntlettlaw.com
5   jal@gauntlettlaw.com

6   Attorneys for Defendant
    360HEROS, INC.

7

8

9               **UNITED STATES DISTRICT COURT**

10          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12  GOPRO, INC., a Delaware corporation,      )   Case No.: 16-cv-01944-SI
                                              )
13                  Plaintiff,                )   **EXHIBIT 359: VIDEO**
                                              )
14          vs.                               )
                                              )
15  360HEROS, INC., a Delaware corporation,   )
                                              )
16                  Defendant.                )
                                              )
17                                            )
                                              )
18                                            )
                                              )
19  _____ )

20

21              **MANUAL FILING NOTIFICATION**

22  Regarding:  EXHIBIT 359 to the DECLARATION OF JAMES A. LOWE

23  This filing is in physical form only, and it is being maintained in the case file in the Clerk's office.

24  If you are a participant on this case, this filing will be served in hard-copy directly.

25

26  For information on retrieving this filing directly from the court, please see the court's main web site

27  at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

28

This filing was not e-filed for the following reason:

**Non-graphical/Textual Computer File:** A Removable USB Drive containing a video of the GoPro ODYSSEY rig previously produced by 360Heros, Inc. at Bates No. 360H 17055.

Dated: October 6, 2017

**GAUNTLETT & ASSOCIATES**

By:     /s/ James A. Lowe
      David A. Gauntlett
      James A. Lowe

Attorneys for Defendant,
360HEROS, INC.

EXHIBIT 360

1           UNITED STATES DISTRICT COURT

2      FOR THE NORTHERN DISTRICT OF CALIFORNIA

3              ---o0o---

4

5

6

    GOPRO, INC., a Delaware      )
7   corporation,              )
                           )
8              Plaintiff,   )
                           )  Case No.
9      vs.               )  16-cv-01944-SI
                           )
10  360HEROS, INC., a Delaware   )
    corporation,              )
11                      )
              Defendant.   )
12                      )

13

14

15                ---o0o---

16

17        TUESDAY, OCTOBER 3, 2017

18      DEPOSITION OF ALEXANDRE JENNY

    CONFIDENTIAL TRANSCRIPT ATTORNEYS' EYES ONLY
19                ---o0o---

20

21

22

23

24

REPORTER: BALINDA DUNLAP, CSR 10710, RPR, CRR, RMR

25

ROUGH DRAFT                    2

1                    A P P E A R A N C E S

2                         ---o0o---

3

FOR THE PLAINTIFF:

4

       KILPATRICK TOWNSEND

5       12730 High Bluff Drive, Suite 400
       San Diego, California  92130

6       BY: MEGAN CHUNG, ESQ.
       (858) 350-6144

7       mchung@kilpatricktownsend.com

8

FOR THE DEFENDANT:

9

       GAUNTLETT & ASSOCIATES

10      18400 Von Karman, Suite 300
       Irvine, California  92612

11      BY: EDWARD C. SCHEWE, ESQ.
       (949) 553-1010

12      ecs@gauntlettlaw.com

13

14

15

16

1    have Mr. Kintner come in.

2            Were you involved in the production of

3    this video shown in Exhibit 325?

4        A.    Nope.

5        Q.    I will proceed with it.  You recognize          12:31:43

6    that product shown there in Exhibit 325 is what?

7        A.    The Abyss rig.

8            (Playing video.)

9        Q.    BY MR. SCHEWE:  Is that true, to create

10   360 degree videos, a true statement?              12:32:13

11       A.    Yes.

12           Playing video.

13

14       Q.    BY MR. SCHEWE:  Are those statements true

15   about being compatible with the GoPro hero cameras?   12:32:34

16           MS. CHUNG:  Objection; misstates the video

17   record.

18           THE WITNESS:  It is compatible with the

19   Hero 3, 3 plus and 4.

20       Q.    BY MR. SCHEWE:  And there is a frame          12:32:53

21   there; isn't that correct?

22        MS. CHUNG:  Objection; form.

23        THE WITNESS:  What do you mean by frame?

24        Playing video.

25                                                    12:33:22

ROUGH DRAFT                98

1        Q.    BY MR. SCHEWE:  The mention thereof a

2   frame made of an a diced aluminum; is that a true

3   statement?

4        A.    It is the body, yes.

5        Q.    It is a frame?                         12:33:37

6            MS. CHUNG:  Objection; form.

7            THE WITNESS:  I don't know what is the

8   name of this part of the hardware.  I call it the

9   body.  You say it is the frame.  I don't know which

10  is the truth there is on the true definition of     12:33:49

11  that.

12       Q.    BY MR. SCHEWE:  His statement is true,

13  though, when he calls something a frame?

14           MS. CHUNG:  Objection; form.

15           THE WITNESS:  It says in the video it is   12:34:03

16  frame body or any type of definition of the same

17    aluminum housing.

18          Playing video.

19

20    Q.   BY MR. SCHEWE:  In this video, at the 53    12:34:58

21    second mark, you see that's the Kolor Abyss, you

22    recognize that at the 53 second mark?

23    A.   That's correct.

24    Q.   Are those portals sitting inside that

25    dome; is that correct, those are openings?         12:35:12


                    ROUGH DRAFT              99



1           MS. CHUNG:  Objection; form.

2           THE WITNESS:  These are the domes.

3     Q.   BY MR. SCHEWE:  But then those domes look

4     to be two openings?

5     A.   Two holes, yeah.                              12:35:24

6     Q.   What are those two holes for?

7     A.   One hole is to have the lens of the GoPro

8     to go through, and the second hole is to be able to

9     see the LCD screen.

10    Q.   The first hole was specifically designed    12:35:44

13      THE WITNESS:  Yes, onto the dome.

14      (Playing video.)

15      Q.   BY MR. SCHEWE:  Now, we are seeing about      12:42:15

16  the 211 mark in this exhibit, the camera there is

17  between you call four posts or four screws.  What

18  do you call those silver items?

19      A.   Four piece of metal.  I don't know the

20  name.                                              12:42:37

21      Q.   Why are those pieces of metal arranged as

22  they are on the Abyss, why is that?

23      A.   That's to held the camera into the

24  locations.

25      (Playing video.)                              12:43:07


ROUGH DRAFT              104



1      Q.   BY MR. SCHEWE:  About the 2:23 mark, 2:24

2  mark, can you identify what's shown there.  Looks

3  like we are seeing the openings.  Can you identify

4  that?

5      A.   We see the two factor, the two holes in    12:43:34

6  the dome, one display the LCD and the second one is

7  we see the lenses of the GoPro going through.

Page 127

17    Q.    What is shown there in Exhibit 328?

18    A.    The picture is showing the Abyss rig fully

19    mounted.

20    Q.    The domes are shown there also?          01:46:58

21    A.    We see at least three domes.

22    Q.    And the domes extend outwardly from the

23    body?

24          MS. CHUNG:  Objection; form.  Objection to

25    the extent seeking expert opinion.             01:47:14


                    ROUGH DRAFT              112


1           THE WITNESS:  Partially.

2              (Reporter marked Exhibit No. 329 for

3               identification.)

4     Q.    BY MR. SCHEWE:  I hand you the next

5     exhibit, Exhibit 329.  Please review that.     01:47:46

6           Mr. Jenny, have you seen this document

7     previous, Exhibit 329?

8     A.    I never saw that picture before.

9     Q.    What is shown in Exhibit 329?

10    A.    We see on that picture the back part of    01:48:53

11    the dome that holds the GoPro camera.

10      Q.   BY MR. SCHEWE:  I hand you next Exhibit        02:09:54

11   335 and ask you to review that, please.

12          Have you seen this document previously?

13      A.   I never saw that picture before.

14      Q.   Can you identify what's shown in that

15   Exhibit 335, please?                                  02:10:32

16      A.   It's a part of the Odyssey.

17      Q.   You see the surfaces that are flattened

18   toward the exterior portion of that rig?

19          MS. CHUNG:  Objection; form.

20          THE WITNESS:  I don't see what you are        02:10:54

21   talking about.

22      Q.   BY MR. SCHEWE:  Near the wedge shapes, the

23   numbered 8, 9, 10, 11?

24      A.   Yes, I saw that.

25      Q.   In between the wedge shapes say 9 and 10,     02:11:05


                    ROUGH DRAFT                    122

↑


1   you go up the document there's a flat surface

2   there, looks like an opening.  Do you know why that

3   surface is flattened like that?

4          MS. CHUNG:  Objection; foundation; form.
                    **Page 149**

5          THE WITNESS:  It is part of the design,          02:11:26

6    yes.

7          Q.    BY MR. SCHEWE:  Design for what?

8          A.    For the rig.

9          Q.    Is that where the camera goes?

10         A.    That's what -- I think so, yep.          02:11:41

11         Q.    So it is designed to sit up against the

12    camera; isn't that right?

13         MS. CHUNG:  Objection; foundation, form.

14         THE WITNESS:  It's the location where the

15    camera goes, yeah.          02:11:58

16         MR. SCHEWE:  I'll get Mike back in here.

17              (Reporter marked Exhibit No. 336 for

18               identification.)

19         Q.    BY MR. SCHEWE:  I'll hand you the next

20    exhibit, Exhibit 336.  I have a few questions for          02:13:36

21    you on that document, Exhibit 336, titled the

22    "defendant's amended notice of deposition and

23    request for production of documents to Alexandre

24    Jenny."

25         Have you seen this document, Exhibit 336,          02:14:31

ROUGH DRAFT                    123

Page 150