KILPATRICK TOWNSEND & STOCKTON LLP
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
RYAN BRICKER (State Bar No. 269100)
BYRON R. CHIN (State Bar No. 259846)
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: mboroumand@kilpatricktownsend.com
        rbricker@kilpatricktownsend.com
        bchin@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
MEGAN M. CHUNG (State Bar No. 232044)
ERWIN L. CENA (State Bar No. 272960)
12730 High Bluff Drive, Suite 400
San Diego, California 92130
Telephone: (858) 350-6100
Facsimile: (858) 350-6111
Email: mchung@kilpatricktownsend.com
        ecena@kilpatricktownsend.com

Attorneys for Plaintiff
GOPRO, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>360HEROS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 16-1944 (SI)<br><br>**PLAINTIFF GOPRO, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:       November 3, 2017<br>Time:       9:00 a.m.<br>Ctrm.:      1, 17th Floor<br>            Hon. Susan Illston |

**REDACTED VERSION SOUGHT TO
BE FILED UNDER SEAL**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................... 1

II. 360HEROS FAILS TO RAISE ANY ISSUE OF FACT TO AVOID
SUMMARY JUDGMENT OF ITS INFRINGEMENT OF GOPRO'S
COPYRIGHTED PHOTOS ........................................................................ 1

    A.    The Assignments from Dow and Dralle are Valid ................................ 2

    B.    GoPro's Product Photos are Copyrightable and the Copyrights it
Asserts Against 360Heros' for Infringement by Identical Copying are
Enforceable .......................................................................................... 4

III. 360HEROS FAILS TO RAISE ANY GENUINE ISSUE OF FACT TO
AVOID SUMMARY JUDGMENT ON ITS LACK OF STANDING ......... 5

    A.    360Heros Bears the Burden of Proving Standing ................................ 6

    B.    360Heros Lacked Standing Under The 2013 Non-Exclusive License ... 6

    C.    The Patent Application Data Sheet is Not a Written Assignment ......... 8

IV. 360HEROS' UNSUPPORTED AND VAGUE ALLEGATIONS DO NOT
CREATE ANY ISSUE OF FACT TO AVOID SUMMARY JUDGMENT OF
NON-INFRINGEMENT OF THE '019 PATENT ...................................... 10

    A.    360Heros Did Not Submit Evidence to Support Its Infringement
Arguments For Each and Every Limitation .......................................... 10

    B.    Even 360Heros' New Infringement Theories Show that the Accused
Rigs Cannot Meet One or More Limitations of the Asserted Claims ..... 12

        1.    The Abyss Rig Does Not Have a "Receptacle Defined by An
Open-Ended Enclosure" .......................................................... 12

        2.    The Abyss Rig Also Does Not Have an "Open-Ended
Enclosure" ............................................................................. 12

        3.    The Abyss Rig Also Does Not Have Receptacles "Disposed
Radially About the Exterior" ................................................... 13

        4.    The Odyssey Rig Has No "Support Arms" ............................... 13

        5.    The Odyssey Rig Does Not Have "Receptacles" ..................... 14

        6.    The Odyssey Rig Also Does Not Have a "Latching Feature"
Located on the "Receptacles," "Open-Ended Enclosure" or
"Receiving Cavity" ................................................................. 15

        7.    The Odyssey Rig Does Not Have Receptacles "Disposed
Radially About the Exterior" of Support ................................. 15

V. CONCLUSION ......................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
    625 F.3d 1359 (Fed. Cir. 2010) ........................................................6, 8

*Advanced Video Techs. LLC v. HTC Corp.*,
    No. 15 CIV. 4626 (CM), 2016 WL 3434819 (S.D.N.Y. June 14, 2016) ........................8

*Aerotel, Ltd. v. Radiant Telecom Inc.*,
    569 F. Supp. 2d 387 (S.D.N.Y. 2008) ........................................................6

*AIU Ins. Co. v. Superior Court*,
    51 Cal. 3d 807 (1990) ........................................................2

*Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*,
    604 F.3d 1354 (Fed. Cir. 2010) ........................................................7, 8

*Balsam Brands Inc. v. Cinmar, LLC*,
    No. 15-CV-04829-WHO, 2015 WL 7015417 (N.D. Cal. Nov. 12, 2015) ........................8

*Bank of the West v. Superior Court*,
    2 Cal. 4th 1254 (1992) ........................................................2

*Bd. Of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
    563 U.S. 776 (2011) ........................................................6

*Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*,
    616 F.3d 1249 (Fed. Cir. 2010) ........................................................14

*Carl Zeiss Vision Int'l GmbH v. Signet Armorlite, Inc.*,
    No. 07CV0894 DMS (POR), 2008 WL 11333617 (S.D. Cal. Dec. 12, 2008) ........................8

*Cycle Shack, Inc v. Harley-Davidson Motor Co., Inc.*,
    2014 WL 6810081 (Cal. Ct. App. Dec. 3, 2014) ........................................................2, 3

*Diamond Coating Techs., LLC v. Hyundai Motor Am.*,
    823 F.3d 615, 618 (Fed. Cir. 2016) ........................................................6, 7

*Engel Indus., Inc. v. Lockformer Co.*,
    96 F.3d 1398 (Fed. Cir. 1996) ........................................................14

*Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*,
    122 F.3d 1211 (9th Cir. 1997) ........................................................4

*Ets-Hokin v. Skyy Spirits, Inc.*,
    225 F.3d 1068 (9th Cir. 2000) ........................................................5

*Ets-Hokin v. Skyy Spirits, Inc.*,
    323 F.3d 763 (9th Cir. 2003) ...................................................................................5

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
    499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) ......................................4

*Gaus v. Conair Corp.*,
    363 F.3d 1284 (Fed. Cir. 2004) ............................................................................14

*Green v. California Court Apartments LLC*,
    321 Fed. Appx. 589 (9th Cir. 2009) .......................................................................1

*Herrington v. Elliot-Blakeslee*,
    No. 2:13-CV-0948-AC, 2016 WL 1420976 (D. Or. Apr. 11, 2016) ......................11

*Hughes Aircraft Co. v. Nat'l Semiconductor Corp.*,
    857 F. Supp. 691 (N.D. Cal. 1994) .........................................................................1

*Inlandboatmens Union of the Pac. v. Dutra Grp.*,
    279 F.3d 1075 (9th Cir. 2002) ................................................................................3

*Ins. Co. of State of Pennsylvania v. Don Siegel Constr., Inc.*,
    2006 WL 1667175 (N.J. Super. Ct. June 19, 2006) ...............................................3

*Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*,
    589 F.3d 1179 (Fed. Cir. 2009) ............................................................................10

*Jordan v. Paul Fin., LLC*,
    No. C 07-04496 SI, 2009 WL 192888 (N.D. Cal. Jan. 27, 2009) ...........................1

*L.A. Printex Indus., Inc. v. Target Corp.*,
    No. CV 06-05179 RSWL, 2008 WL 11334168, at *4 (C.D. Cal. Apr. 21, 2008) .........4

*Mars, Inc. v. Coin Acceptors, Inc.*,
    527 F.3d 1359 (Fed. Cir. 2008) ..............................................................................8

*Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.*,
    No. C 10-00129 JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010) .....................8

*Nielsen Constr. Co. v. Int'l Iron Prods.*,
    18 Cal. App. 4th 863 (1993) ...................................................................................2

*Pixion, Inc. v. Citrix Sys., Inc.*,
    887 F. Supp. 2d 881 (N.D. Cal. 2012), *aff'd*, 500 F. App'x 954 (Fed. Cir. 2013) .........10

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
    No. 11-820 ADM/JSM, 2012 WL 928214 (D. Minn. Mar. 19, 2012) ......................9

*Simmons Bedding Co. v. Leggett & Platt, Inc.*,
    No. 11-cv-232-wmc, 2012 WL 11909449 (W.D. Wis. Mar. 27, 2012) ....................7

*Smith v. Jackson*,
    84 F.3d 1213 (9th Cir. 1996) ............................................................................................4

*Speedplay, Inc. v. Bebop, Inc.*,
    211 F.3d 1245 (Fed. Cir. 2000) .........................................................................................7

*Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc.*
    620 F.3d 1305 (Fed. Cir. 2010), *abrogated on other grounds*, 136 S. Ct. 1923
    (2016) ...................................................................................................................................8

*Top Victory Elecs. v. Hitachi Ltd.*,
    No. C 10-01579 CRB, 2010 WL 4722482 (N.D. Cal. Nov. 15, 2010) ...........................8

*Tyco Thermal Controls, LLC v. Redwood Industrials, LLC.*, No. C 06-7164 SBA,
    2012 WL 12920197 (N.D. Cal. June 29, 2012).........................................................12, 13

*Urantia Found. v. Maaherra*,
    114 F.3d 955 (9th Cir. 1997) ............................................................................................4

*Voter Verified, Inc. v. Premier Election Sols., Inc.*,
    698 F.3d 1374 (Fed. Cir. 2012) .......................................................................................11

*W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*,
    198 F. Supp. 3d 366 (D. Del. 2016) ................................................................................10

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ........................................................................................12

**Statutes**

17 U.S.C. § 204 ............................................................................................................................2

17 U.S.C. § 410(c) .......................................................................................................................4

**Other Authorities**

14 Cal. Jur. 3d Contracts § 148 ...................................................................................................2

Federal Rule of Civil Procedure 26(a)(2)(B).............................................................................11

Federal Rule of Civil Procedure 56 .............................................................................................1

Federal Rule of Civil Procedure 56(c)(4)...................................................................................11

Federal Rule of Civil Procedure 56(d) ...................................................................................1, 11

Local Rule 7-4(b).........................................................................................................................1

## I. INTRODUCTION

Federal Rule of Civil Procedure 56 provides for summary judgment "at any time" on claims that lack merit. To defeat GoPro's summary judgment motion, 360Heros has the burden to present specific facts that show a genuine issue of material fact for trial. It has failed to meet that burden. 360Heros chose not to submit any expert or fact witness declarations in support of its Opposition. Likewise, 360Heros has not submitted or referenced any relevant document or testimony—either currently of record or expected via discovery—that would raise a genuine issue of fact about copyright infringement, lack of patent standing, or relating to the alleged infringement of the Odyssey and Abyss rigs. Instead, 360Heros spends 55 pages[1] making conclusory, at times nonsensical, arguments without evidentiary support in its Opposition and Rule 56(d) Motion.[2] Where, as here, a non-moving party like 360Heros fails to provide evidence to create a genuine issue for trial, summary judgment must be entered. *Hughes Aircraft Co. v. Nat'l Semiconductor Corp.,* 857 F. Supp. 691, 699 (N.D. Cal. 1994) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986) (summary judgment appropriate where nonmoving party fails to designate "specific facts showing that there is a genuine issue for trial").

## II. 360HEROS FAILS TO RAISE ANY ISSUE OF FACT TO AVOID SUMMARY JUDGMENT OF ITS INFRINGEMENT OF GOPRO'S COPYRIGHTED PHOTOS

In an attempt to avoid summary judgment on GoPro's copyright claims, 360Heros concocts two baseless arguments. First, it argues that assignments of the photos at issue to GoPro were not valid, and second, that the product photos are not copyrightable. Tellingly, 360Heros never once

---

[1] GoPro will address 360Heros' 56(d) motion—which itself is woefully inadequate and in any event violates the Court's rules—in a separate opposition. GoPro's Opposition will be filed no later than deadline set forth in Civil Local Rules.

[2] Additionally, 360Heros violates the already-expanded page limit (*see* Dkt. No. 74 and Local Rule 7-4(b)) by submitting additional attorney argument through its counsel's declaration, including seven pages of argument in the declaration itself and new patent infringement theories in a twenty-one page exhibit. *See* Dkt. 105-1 and Exs. 356-357. While the new theories affirm GoPro's position that its products cannot infringe the '019 Patent, this circumvention of the Court's page limit is inappropriate and the declaration should be stricken. *Jordan v. Paul Fin., LLC,* No. C 07-04496 SI, 2009 WL 192888, at *7 (N.D. Cal. Jan. 27, 2009) (striking "addendum" to forty-page opposition); *Green v. California Court Apartments LLC,* 321 Fed. Appx. 589, 591 (9th Cir. 2009) (upholding decision to strike a brief filed with pages exceeding the limit). Accordingly, GoPro hereby respectfully requests that the Court strike the Lowe Declaration. (Dkt. 105-1).

denies that it copied GoPro's photos verbatim, without authorization. Its arguments misstate the law and fail to point to any evidence, discoverable fact, or other proof that would allow it to avoid a finding that it intentionally infringed GoPro's copyrights. [3]

**A.     The Assignments from Dow and Dralle are Valid**

In arguing that Carter Dow's assignment to GoPro was ineffective, 360Heros ignores or misstates basic contract and copyright law. 17 U.S.C. § 204 requires that assignments be in writing and signed. 360Heros does not dispute that the assignment is in writing and signed by Dow. Instead, it argues that, despite Dow having dated the agreement in the signature block, the assignment is ineffective because of a blank "effective date" field earlier in the agreement. 360Heros' argument fails against California's settled law on interpretation of a contract's effective date: "[A] written agreement is 'executed' when all parties sign the agreement." 14 Cal. Jur. 3d Contracts § 148; *see also Nielsen Constr. Co. v. Int'l Iron Prods.,* 18 Cal. App. 4th 863, 869 (1993).

Both signatories to the assignment from Dow to GoPro dated the agreement April 4, 2016. Thus the assignment was effective as of that date. Dkt. No. 105-1 at Exs. 281 and 282. The assignment does not set forth a condition precedent to execution or effectiveness of the agreement. Even if the Court were to look past that basic rule by considering the blank "effective date" line, the result would be the same: there is no way to interpret the contract, as written, to have any effect other than assigning copyright to GoPro as of April 4, 2016. *See Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992) (citing Civ. Code, § 1636) ("The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties."); *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 821-822 (1990) ("[I]ntent is to be inferred, if possible, solely from the written provisions of the contract.").

In *Cycle Shack, Inc v. Harley-Davidson Motor Co., Inc.,* 2014 WL 6810081, at *4 (Cal. Ct. App. Dec. 3, 2014)[4], the California Court of Appeal rejected the exact same argument 360Heros

---

[3] It is also worth noting that 360Heros' pleadings do not include an affirmative defense for copyright invalidity, which is the only basis on which it opposes summary judgment.

[4] The *Cycle Shack* opinion is unpublished but summarized here because its analysis and holding apply directly to 360Heros' speculative, conclusory argument. The Court need not rely on any authority beyond *Nelson* and *AIU Ins.*, cited above, in determining that 360Heros has failed to raise any genuine

makes here. The plaintiff, in that case, argued that a contract including an arbitration clause was ineffective because the effective date field was left blank. The Court of Appeal noted that the parties' signatures were dated, and held that the contract had become effective as of that date. "When the parties have entered into an agreement and evidenced their intent to be bound by the agreement, the contract is enforceable notwithstanding an omission in one of the terms of the agreement." *Id.* (citing *Patel v. Liebermensch,* 45 Cal. 4th 344, 352 (2008)).

360Heros cites two cases to argue that the blank effective date field in Dow's contract somehow impacts the agreement. Yet, neither case supports its argument. The first, *Inlandboatmens Union of the Pac. v. Dutra Grp.,* 279 F.3d 1075, 1082-83 (9th Cir. 2002), stands for the notion that it is possible to backdate a contract using an effective date field. In the second, *Ins. Co. of State of Pennsylvania v. Don Siegel Constr., Inc.,* 2006 WL 1667175, at *1 (N.J. Super. Ct. June 19, 2006), the Superior Court of New Jersey declined to find an enforceable contract for water distribution improvements where the contract lacked all material terms except price, including omission of the start date for the work, the end date for the work, and the completion date from which liquidated damages would be determined, along with the effective date. 360Heros' argument and inapposite authority do not create a material issue of fact as to GoPro's ownership of copyright by assignment.

Indeed, 360Heros does not point to any issue of fact or discovery that would question the validity or effectiveness of the assignment.[5] Instead, 360Heros attempts to call into question the "joint work" status of GoPro's product photos. This argument has no bearing on the outcome of GoPro's claims. Even assuming 360Heros is right that Dow is the author of the work and Dralle of a derivative work, their valid, effective assignments still mean that GoPro is the owner of the copyright rights at

---

issue of fact about the validity of Dow's assignment to GoPro.

[5] Apparently recognizing that there is no evidence in the record that could raise a genuine issue of fact on GoPro's copyright claim, 360Heros echoes its 56(d) motion in its opposition, stating twice that it intends to depose GoPro's 30(b)(6) witness about copyright issues. Dkt. 105 at 13 and 21. The argument fails in both contexts. First, forthcoming deposition is not a "specific facts showing that there is a genuine issue for trial." Moreover, 360Heros never explains how deposing a GoPro witness would generate testimony that bears on (a) an effective, unambiguous assignment that is capable of being interpreted within its four corners; (b) obviously copyrightable photographs; or (c) 360Heros' direct copying.

issue in this case. To the extent 360Heros is speculating that GoPro's designation of the photos as joint works might render them defective or invalid, its argument fails as a matter of law. "The case law is overwhelming that inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions." *Urantia Found. v. Maaherra,* 114 F.3d 955, 963 (9th Cir. 1997); *see also L.A. Printex Indus., Inc. v. Target Corp.,* No. CV 06-05179 RSWL, 2008 WL 11334168, at *4 (C.D. Cal. Apr. 21, 2008) (granting summary judgment for the copyright owner on the issue of copyright validity, rejecting the defendant's argument that an alleged authorship mistake in the owner's registration created a triable issue of fact because the defendant provided no evidence that it relied on the certificates of registration to its detriment).

### B. GoPro's Product Photos are Copyrightable and the Copyrights it Asserts Against 360Heros' for Infringement by Identical Copying are Enforceable

360Heros' attack on the copyrightability of GoPro's photos is also futile. Under federal copyright law, a certificate of registration from the U.S. Copyright Office entitles the owner to a "rebuttable presumption of originality" in the works at issue. *Smith v. Jackson*, 84 F.3d 1213, 1219 (9th Cir. 1996) (quoting *North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992)); 17 U.S.C. § 410(c). "[T]he registration of a copyright certificate constitutes prima facie evidence of the validity of a copyright in a judicial proceeding commenced within five years of the copyright's first publication. A certificate of copyright registration, therefore, shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights." *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1220–21 (9th Cir. 1997) (internal citations and quotations omitted).

Facing the burden of proving invalidity of GoPro's copyrights – or at least a genuine issue of fact of their validity – 360Heros ignores Ninth Circuit precedent that advertising photos are copyrightable, and that direct, verbatim copying cannot be shielded by the doctrines of merger and *scenes a faire*. As the Ninth Circuit explained in its analysis of the "minimal degree of creativity" standard set out in *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991):

In assessing the "creative spark" of a photograph, we are reminded of Judge Learned Hand's comment that "no photograph, however simple, can be unaffected by the personal influence of the author." *Jewelers' Circular Pub. Co. v. Keystone Pub. Co.*, 274 F. 932, 934 (S.D.N.Y.1921). This approach, according to a leading treatise in the copyright area, "has become the prevailing view," and as a result, "almost any[ ] photograph may claim the necessary originality to support a copyright merely by virtue of the photographers' [sic] personal choice of subject matter, angle of photograph, lighting, and determination of the precise time when the photograph is to be taken." 1 Melvin B. Nimmer & David Nimmer, *Nimmer On Copyright* § 2.08[E][1], at 2–130 (1999). This circuit is among the majority of courts to have adopted this view.

*Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076–77 (9th Cir. 2000).

For each GoPro image, 360Heros argues that the image lacks sufficient originality to be copyrightable, citing the doctrines of merger and *scenes a faire*. Under Ninth Circuit law, these doctrines are defenses to infringement, not limitations on copyrightability. *Ets-Hokin,* 225 F.3d at 1082. Moreover, Courts within this Circuit recognize that <u>neither doctrine</u> provides a defense to <u>direct, verbatim reproductions of photographs</u>. *Ets-Hokin v. Skyy Spirits, Inc.,* 323 F.3d 763, 766 (9th Cir. 2003) (citing *Apple Computer Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1439 (9th Cir. 1994) ("When the range of protectable expression is narrow, the appropriate standard for illicit copying is virtual identity.")). Even if its arguments are viewed in a light most favorable to 360Heros, it still fails to avoid the inevitable finding of infringement. Even assuming both merger and *scenes a faire* apply to limit the scope of GoPro's copyrights, GoPro still would own rights – however narrow – that protect against the very kind of identical or virtually identical copying in which 360Heros has engaged.

In reality, GoPro's photos reflect a spectrum of creative choices, including (without limitation) the positioning and angle of the products, shadowing, lens glare, addition of ribbon/bow around the Hero® camera, and crisply-lit product facades that contrast against the photos' backgrounds. They easily meet and exceed the originality requirement in the Ninth Circuit. 360Heros' arguments about originality, merger and *scenes a faire* do not raise any genuine issue of fact.

## III.  360HEROS FAILS TO RAISE ANY GENUINE ISSUE OF FACT TO AVOID SUMMARY JUDGMENT ON ITS LACK OF STANDING

In its Opposition, 360Heros fails to provide any new facts that establish a written

assignment—as required by law to show standing—from Mr. Kintner to 360Heros prior to filing its Counterclaim. Unable to raise a genuine issue of material fact, 360Heros attempts to shift the burden of proof improperly to GoPro and mischaracterizes the 2013 License, 2015 Patent Application, the 2016 Assignment and the law on standing. Its efforts are futile.

## A. 360Heros Bears the Burden of Proving Standing

As a preliminary matter, 360Heros misstates the law when it contends that standing is an invalidity defense on which GoPro bears the burden of proof, and that as a patentee, 360Heros is "the presumptive legal title holder." Dkt. 105 at 2-3. The Federal Circuit, however, has held that patent standing is a threshold Article III, subject matter jurisdiction issue for which the alleged patent owner has the burden of proof. *See Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (the alleged patent owner has the burden of "demonstrat[ing] that it held enforceable title to the patent at the inception of the lawsuit"). And the Supreme Court has explained that "[t]he presumptive owner of the property right in a patentable invention is *the single human inventor*." *Bd. Of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 563 U.S. 776, 785 (2011) (emphasis added, citation omitted).[6] Thus, 360Heros cannot be the presumptive owner of the '019 Patent and 360Heros bears the burden of proof of showing an assignment before the lawsuit commenced.

## B. 360Heros Lacked Standing Under The 2013 Non-Exclusive License

The party asserting infringement has the burden of producing a written instrument transferring "the entire exclusive right" to the patent. *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 618 (Fed. Cir. 2016). No such assignment existed when 360Heros filed its counterclaim. And no matter how much 360Heros contorts the 2013 License, that agreement does not transfer the entire exclusive right to the '019 Patent (*see* Dkt. 105 at 13-14); nor is it a "virtual assignment."

360Heros acknowledges that the 2013 License could only confer standing to 360Heros "[a]s a virtual assignee" if it made "an assignment of all substantial rights" to 360Heros. Dkt. 105 at 3. The

---

[6] This Supreme Court holding contradicts, and therefore abrogates 360Heros' cited *Aerotel* district court opinion to the extent it stands for the proposition that being deemed a "patentee" demonstrates title. *See* Dkt. 105 at 3 (citing *Aerotel, Ltd. v. Radiant Telecom Inc.*, 569 F. Supp. 2d 387, 392 (S.D.N.Y. 2008).

undisputed facts show that the 2013 License made no such assignment. First, the Federal Circuit has held that "the exclusive right to make, use, and sell … is *vitally important*" and necessary to establish standing. *Diamond*, 823 F.3d at 619 (emphasis in original, quoting *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010). Section 2.1 of the 2013 License, demonstrates that 360Heros lacked this exclusive right, as 360Heros was only given ██████

████████████████████████████████████████████████████████████

Dkt. 91-4 (Ex. CC) at 360H-15148. Further, nothing in the license forbids Mr. Kintner from selling patented products. Thus, the plain terms of the 2013 License contradict 360Heros' characterization that the license is "non-exclusive…in name only." Dkt. 105 at 4.

Second, as a separate, but also mandatory requirement, a license *cannot* qualify as a virtual assignment if "the licensor retains a [non-illusory] right to sue accused infringers." *Mann*, 604 F.3d at 1361; *accord Diamond*, 823 F.3d at 620. Section 3.2 of the 2013 License provides ████████████

████████████████████████████████████████████████████████████

████████████████████ Dkt. 91-4 (Ex. CC) at 360H-15148 (emphasis added). Nothing in license supports 360Heros' conclusory statement that Mr. Kintner was deprived of his personal right to sue at any time after the 60 days. *See* Dkt. 105 at 5.[7] Thus, no virtual assignment occurred.

Lastly, there is no merit to 360Heros' contention that the 2013 License is effectively exclusive because Mr. Kintner "has never licensed anyone else to use the patent." Dkt. 105 at 4. 360Heros' only support for this proposition is *Simmons Bedding Co. v. Leggett & Platt, Inc.*, No. 11-cv-232-wmc, 2012 WL 11909449 (W.D. Wis. Mar. 27, 2012). However, *Simmons Bedding* is inapposite. The court improperly looked at the Seventh Circuit law on indispensable parties rather than the Federal Circuit law on standing. *Id.* at *9. Additionally, *Simmons* is inconsistent with the decisions of this Court and the Federal Circuit, which have consistently rejected the notion that "any company related to a patent owner could be treated as an exclusive licensee, so long as the patent owner allows only that company to

---

[7] Unlike the exclusive license in *Speedplay* (relied upon by 360Heros) that gave the licensee the "*sole right* to enforce the Licensed Patents," the 2013 License lacks any language that explicitly deprives Mr. Kintner of his right to file suit. *Cf. Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1251 (Fed. Cir. 2000) (emphasis added).

practice the patent, regardless of any actual agreement as to exclusivity." *Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc.* 620 F.3d 1305, 1318 (Fed. Cir. 2010), *abrogated on other grounds*, 136 S. Ct. 1923 (2016).[8]  Accordingly, the terms of the 2013 License confirm that 360Heros was only a non-exclusive licensee without standing to assert the '019 Patent.[9]

### C.    The Patent Application Data Sheet is Not a Written Assignment

Stretching even further, 360Heros contends that the Application Data Sheet ("ADS") in the '019 Patent file history is a "written assignment." Dkt. 105 at 8.  This argument contradicts established case law, defies logic and is unsupported by any evidence, including declarations from either Mr. Kintner or his prosecution attorney, Mr. Bilinski.

First, courts have roundly rejected attempts by parties to retroactively fix standing by characterizing PTO filings as "assignments," holding that these documents are, at most, notices of assignment.  *See, e.g.*, *Advanced Video Techs. LLC v. HTC Corp.*, No. 15 CIV. 4626 (CM), 2016 WL 3434819, at *7 (S.D.N.Y. June 14, 2016) (declaration submitted to PTO by one co-inventor stating that another co-inventor had "agreed to assign this invention" was not an assignment); *Top Victory*, 2010 WL 4722482, at *2 (filed notice of assignment to PTO "does [not] speak to the validity of the underlying assignment" because "[t]he underlying contract assigning the patents is the critical document"); *Carl Zeiss Vision Int'l GmbH v. Signet Armorlite, Inc.*, No. 07CV0894 DMS (POR), 2008 WL 11333617, at *3 (S.D. Cal. Dec. 12, 2008) (disregarding "Notice of Assignment" document filed with PTO); *see also Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1371 n. 3 (Fed. Cir. 2008)

---

[8] *Accord Balsam Brands Inc. v. Cinmar, LLC,* No. 15-CV-04829-WHO, 2015 WL 7015417, at *3 (N.D. Cal. Nov. 12, 2015) ("Standing alone, the facts that Balsam Hill LLC is a subsidiary of Balsam Brands Inc., and that the 'Balsam Hill family' is the only group of entities that practices the patented technology, is not enough to establish an exclusive licensing agreement.'"); *Top Victory Elecs. v. Hitachi Ltd.*, No. C 10-01579 CRB, 2010 WL 4722482, at *3 (N.D. Cal. Nov. 15, 2010) ("That a corporate parent's subsidiary owns a patent is not enough to establish that the parent has rights in the subsidiary's patents."); *Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.*, No. C 10-00129 JSW, 2010 WL 1691862, at *3 (N.D. Cal. Apr. 23, 2010).

[9] 360Heros cites *Mann* in contending that Mr. Kintner may be retroactively joined to fix standing. Dkt. 105 at 7.  *Mann*, however held that joinder was only proper "[w]hen there is an exclusive license agreement" unlike the 2013 License.  *Mann*, 604 F.3d 1360.  Further, joinder may not be used to retroactively cure standing because an "amendment to add [Mr. Kintner]…cannot cure this jurisdictional defect."  *Newmatic*, 2010 WL 1691862, at *3; *see also Abraxis*, 625 F.3d at 1364.

(holding title of "Confirmation Agreement" suggested "the agreement was meant primarily to acknowledge an understanding of an earlier agreement, rather than to transfer ownership of property").[10]

Second, the facts here clearly reflect that the ADS was not an assignment or a notice of assignment. The transmittal cover page contains a field for "Application Data Sheet," and a *separate* field to be checked if "Assignment Papers" accompany the ADS and other application papers. Dkt. 51-3 at Ex. 208 (360H-00300, 00302). Mr. Kintner, through his counsel, did not check the separate field indicating that there were accompanying assignment papers. *Id.* at 360H-00300. Additionally it does not make logical sense that the transmittal cover would contain the separate field for "Assignment Papers" if the ADS itself was an assignment document. Furthermore, the ADS' express statement that "[p]roviding assignment information in this section *does not substitute for compliance* with any requirement…to have an assignment recorded by the Office" again highlights the fact that the ADS itself cannot be an assignment. (*Id.* at 360H-00304 (emphasis added).) Tellingly, Mr. Kintner expressly assigned for the first time his "entire right, title and interest" in the '019 Patent to 360Heros in October 2016. Dkt. 91-3 (Ex. AA). There would be no need for such an assignment had it previously existed.

Third, 360Heros argues that naming 360Heros as the assignee on the ADS establishes that Mr. Kintner, or Mr. Bilinski on his behalf, assigned rights in the '019 Patent to 360Heros. Yet nothing in the file history or in this case indicates that Mr. Bilinski was authorized to license any, much less all, substantive patent rights to 360Heros on behalf of Mr. Kintner.[11] And although 360Heros argues that Mr. Kintner purportedly had the intent to assign his patent rights through the ADS, it is telling that

---

[10] 360Heros' cited case *Schwendimann v. Arkwright Advanced Coating, Inc.* also did not find an effective assignment in a PTO document. No. 11-820 ADM/JSM, 2012 WL 928214 (D. Minn. Mar. 19, 2012). Although the Court held that hand-written alterations on a copy of a patent application (which are absent from the ADS in this case) could be a written instrument, it did not find an effective assignment because there was "no evidence from which to infer mutual assent." *See id.* at *4-7.

[11] The PTO defines "assignment" as "a transfer by a party of all *or part of* its right, title and interest in a patent…." 37 C.F.R. § 3.1 (emphasis added). Accordingly, the fact that 360Heros was listed as an "assignee" in the ADS does not establish that it received the entire right, title and interest which is required for standing. 360Heros has provided no evidence to establish that the "assignee" designation reflects anything more than the partial transfer of rights resulting from the 2013 License.

1    neither Mr. Kintner nor Mr. Bilinski filed a declaration in support of this argument.  Moreover, as

2    previously discussed, Federal Circuit case law establishes that intent is insufficient and that a written

3    assignment is necessary.

4        As set forth above, the undisputed facts demonstrates there was no written instrument

5    conferring standing to 360Heros when it asserted its Counterclaim for patent infringement.

6    **IV.**    **360HEROS' UNSUPPORTED AND VAGUE ALLEGATIONS DO NOT CREATE ANY**

7        **ISSUE OF FACT TO AVOID SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '019 PATENT**

8        There are no factual disputes about the mechanical design of the accused rigs.  Thus, GoPro

9    only needs to show that one limitation is missing from the rigs, while 360Heros must provide a factual

10    basis, and not conclusory opinions or attorney arguments such that "a reasonable juror would not be

11    able to determine that those allegedly infringing components are actually present." *Intellectual Sci. &*

12    *Tech., Inc. v. Sony Elecs., Inc.*, 589 F.3d 1179, 1185 (Fed. Cir. 2009).  360Heros' Opposition is

13    striking because it has fourteen pages of attorney argument and claim charts, and twenty additional

14    pages of newly annotated photos by 360Heros in Exhibits 356 and 357 in support of its <u>new</u>

15    infringement theories—all without any evidence or support from an expert.  *See* Dkt. 105 at 23-37;

16    Dkt. 105-1 at Exs. 356, 357.

17        **A.**    **360Heros Did Not Submit Evidence to Support Its Infringement Arguments For**

18        **Each and Every Limitation**

19        360Heros spends pages 22 through the top of 37 in its Opposition advancing attorney

20    argument, then admits on page 40 that "[a]ttorney argument is not evidence."  Dkt. 105 at 40.

21    "Without adequate factual basis, [] conclusory opinions fail to move beyond opaque identification that

22    is insufficient to raise a material question of fact." *Pixion, Inc. v. Citrix Sys., Inc.*, 887 F. Supp. 2d

23    881, 890 (N.D. Cal. 2012), *aff'd*, 500 F. App'x 954 (Fed. Cir. 2013) (internal quotes omitted).

24    360Heros did not submit any expert or witness declaration or deposition testimony to support each and

25    every limitation of the asserted claims against the Abyss and the Odyssey rigs.[12]  Instead, 360Heros

26

27    _____

[12] 360Heros only cites to Mr. Jenny's deposition testimony for "the body" and "extend outwardly" limitations for the Abyss rig and for the "receptacle" or an "open-ended enclosure" limitations for the Odyssey rig.  Dkt. 105 at 38.  There is no support for all of the other limitations in the asserted claims.

28

contends the Odyssey user manual and videos for the Abyss and Odyssey rigs by themselves somehow show infringement. Yet those documents do not discuss or identify the claim limitations of the '019 Patent. Hence, 360Heros annotates photos of those GoPro rigs to explain where the claim limitations are allegedly found. Again those annotations are not facts; they are unsupported by any expert or witness declaration and thus cannot create a genuine issue of fact.

In an end run around the enlarged page limit, 360Heros contends in its separate Rule 56(d) motion that it needs the deposition testimony of Ingrid Cotoros and GoPro's expert Dr. Pratt. However, 360Heros does not specify what testimony it needs from Dr. Cotoros. This is a literal infringement case; "support arms," for example, exist in the rigs or they do not. 360Heros has inspected the accused rigs, including disassembling the rigs, and thus has the information it needs. By choosing not to offer any evidence, including an expert declaration, in support of its Opposition 360Heros waived its opportunity to raise any genuine issue of fact.

360Heros also argues that Dr. Pratt's declaration should be disregarded or that 360Heros needs to depose Dr. Pratt to ask him about the "basis of his interpretation" of the claim limitations. First, 360Heros has never sought to depose Dr. Pratt. 360Heros' inaction does not justify a Rule 56(d) finding. Second, 360Heros' argument that the current schedule for expert reports somehow precludes Dr. Pratt's declaration is incorrect and undermined by its own actions. 360Heros submitted a declaration from its technical expert Dr. Randall King earlier in this case prior to expert discovery. Moreover, Federal Rule of Civil Procedure 56(c)(4) clearly provides that parties may submit an "affidavit or declaration" as long as it is based on "on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Dr. Pratt's declaration meets these requirements, as well as the expert disclosure requirements of Rule 26(a)(2)(B). *See* Dkt. 91-7. 360Heros does not contest that the declaration contains the required information. Thus, there is no reason to disregard the declaration. *See Voter Verified, Inc. v. Premier Election Sols., Inc.*, 698 F.3d 1374, 1384 (Fed. Cir. 2012) (rejecting patentee's objections to admission of three expert declarations in support of defendant's motion for summary judgment); *Herrington v. Elliot-Blakeslee*, No. 2:13-CV-0948-AC, 2016 WL 1420976, at *3 (D. Or. Apr. 11, 2016) (denying motion to strike expert declaration on summary judgment).

360Heros' reliance on *Yeti by Molly* and *Tyco Thermal Controls* is grossly misplaced. *Yeti by Molly* involved untimely disclosure of a rebuttal damages expert report 28 days before trial, which was well after the deadline for the report. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105, 1107 (9th Cir. 2001). *Tyco Thermal Controls* involved a motion *in limine* to exclude testimony at trial of two experts who were never disclosed during the deadlines for expert disclosures or reports. *Tyco Thermal Controls, LLC v. Redwood Industrials, LLC.*, No. C 06-7164 SBA, 2012 WL 12920197, at *2 (N.D. Cal. June 29, 2012). These cases are factually distinguishable. GoPro provided Dr. Pratt's declaration in advance of the deadlines for expert reports. 360Heros fails to provide a case that precludes such expert declaration in support of summary judgment.

360Heros has not established any genuine issue of material fact. In contrast, GoPro has proffered evidence showing that its rigs do not infringe at least one, if not more, of the limitations of the '019 Patent. Thus, GoPro's summary judgment motion for non-infringement should be granted.

**B.     Even 360Heros' New Infringement Theories Show that the Accused Rigs Cannot Meet One or More Limitations of the Asserted Claims**

Even if the new infringement theories provided solely by 360Heros' counsel are considered, those new theories show that the Abyss and Odyssey rigs cannot infringe the asserted claims.

**1.     The Abyss Rig Does Not Have a "Receptacle Defined by An Open-Ended Enclosure"**

Both claims 1 and 15 require "receptacle[s] defining an open-ended enclosure" that retains the camera. Dkt. 91 at 24-25. 360Heros contends that the "receptacle" is the backside of the Dome 40. Now, as part of its new infringement analysis, it also contends "[t]he interior of each Dome 40 is an enclosure" with two holes that allows the Dome 40 to be "open-ended." Dkt. 105 at 22-23. As newly defined, 360Heros' "enclosure" is not located within the "receptacle" in the Abyss rig. This runs contrary to the claim language that requires a "receptacle *defined by* an open-ended enclosure." Thus, the Abyss rig cannot infringe claims 1 and 15.

**2.     The Abyss Rig Also Does Not Have an "Open-Ended Enclosure"**

Moreover, claim 1 requires that the "open-ended enclosure" retain the camera "*within* the defined enclosure." Claim 15 requires that the "open-ended enclosure" be "sized" to receive the "camera body." Thus, both claims require the enclosure to retain or receive the camera. 360Heros'

new area for "open-ended enclosure," however, is not where the camera is placed. 360Heros does not dispute that the cameras in the Abyss rig are within the metal support structure. *See* Dkt. 91 at 25-26; Dkt. 91-5 at GP(360)00017271 (Ex. OO), GP(360)00015974 (Ex. MM); *see also* Dkt. 105-1 at 128 (Ex. 357 at 360H-17004). Thus, even under 360Heros' new theory for "enclosure," these limitations are not met. This is a separate ground to affirm that the Abyss rig cannot infringe claims 1 and 15.

### 3. The Abyss Rig Also Does Not Have Receptacles "Disposed Radially About the Exterior"

Similarly, under 360Heros' theory, the Abyss rig does not have receptacles "disposed radially about the exterior of said support body" as required by claim 1. 360Heros contends for the first time that "the backside of each Dome 40 with the four camera posts and the two portals [i.e. holes]" is the alleged "receptacle." Dkt. 105 at 22, 24. 360Heros also contends that the metal cube-shaped structure of the Abyss is the "support body." *Id.* at 22-23. It is undisputed, however, that the backside of the Dome 40 lies within the metal cube structure. Hence, the "receptacle" is not located exterior to the "support frame" but inside it. *See* Dkt. 91 at 26 (showing picture of Cena Decl. Ex. OO); Dkt. 105-1 at 123 (showing configured Abyss where the Dome has been screwed into the metal frame). This is yet another basis to grant summary judgment of non-infringement of claim 1.

### 4. The Odyssey Rig Has No "Support Arms"

All claims require "support arms." The Court has construed "support arm" and "support body" to be "distinct components." Dkt. 66 at 6. Yet, 360Heros argues that the base plate can be both the "support arm" *i.e.* newly-defined area immediately adjacent to the triangular wedges (Dkt. 105-1 at 111), and the "support body" *i.e.* newly-defined area that includes all of the base plate except where the camera is located (*id.* at 110). 360Heros also argues that a portion of the same single base plate can be the "receptacle" too. In fact, 360Heros argues now that the "support arm" area is a subset of the "receptacle" area because the "receptacle" is "bounded by" the triangular wedges and the portion of the base plate with the "camera portal" in the Odyssey rig. Dkt. 105 at 28-29, 31, 33, and 35. Put differently, 360Heros' "support arm" does not extend outside of its "receptacle" area. 360Heros' latest arguments therefore confirm that the Odyssey rig has no separate "support arms."

"Where a claim lists elements separately, the clear implication of the claim language is that

those elements are distinct components of the patented invention."[13]  *Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1254 (Fed. Cir. 2010) (quotation omitted).  Thus, the same portion of the base plate cannot be both the "support arm" and the "receptacle."  *See Engel Indus., Inc. v. Lockformer Co.*, 96 F.3d 1398, 1404-05 (Fed. Cir. 1996) (concluding that where a claim provides for two separate elements, a "second portion" and a "return portion," these two elements "logically cannot be one and the same"); *Gaus v. Conair Corp.*, 363 F.3d 1284, 1290 (Fed. Cir. 2004) (rejecting one probe acting in concert with the electrical operating system can literally infringe where the claim requires the probe to be separate from the electrical operating system).  Consequently, the Odyssey rig does not infringe claims 1, 15, 22 and 30.

### 5. The Odyssey Rig Does Not Have "Receptacles"

All claims require "receptacles," which the Court construed as "structure(s) to *receive and hold a camera in place*."  Dkt. 66 at 10 (italics added).  As discussed above, 360Heros identifies "receptacle" as the area in between the wedges.  Dkt. 105 at 28.  360Heros does not include the BacPac as part of the "receptacle."  Thus, under 360Heros' new infringement theory, there is nothing behind the camera to hold the cameras in place.  As seen in the photo, there is an empty space between the camera and the positioning cam member.  Thus, the camera can move away from the lens hole towards the center of the rig.  Reply Declaration of John Pratt ¶ 3.  Moreover, as discussed in the Opening Brief, the lens holes do not hold the camera in place.  Dkt. 91 at 27; Dkt. 91-7 (Pratt Decl.) ¶ 29.  Hence, even under 360Heros' new theory, the Odyssey rig does not have receptacles, *i.e.* structures that receive and hold the camera in place, and thus cannot infringe claims 1, 15, 22 and 30.



---

[13] This is especially true when 360Heros amended then claim language "a support; a plurality of receptacles" to have the support include a "support arm" in order to distinguish prior art.  *See* Dkt. 91 at 32; Dkt. 51-3 ¶ 11; *see also Becton*, 616 F.3d at 1256.

**6. The Odyssey Rig Also Does Not Have a "Latching Feature" Located on the "Receptacles," "Open-Ended Enclosure" or "Receiving Cavity"**

Under 360Heros' latest infringement theory, the Odyssey does not have "latching features" that are located on the "receptacles," "open-ended enclosure" or "receiving cavity" as required by claims 1, 15 and 22. *See* '019 Patent claim 1 ("receptacles defining an open-ended enclosure *having* at least one latching feature"), claim 15 ("*configuring* each receptacle *with* a latching feature"), and claim 22 ("receptacles…defining a receiving cavity sized to accommodate a camera and *including* a latching feature"). 360Heros identifies the orange cam members or camera lens holes as the "latching feature." Dkt. 105 at 28; Dkt. 105-1 at 110-111. However, under 360Heros' own theory, the orange levers are located inside the support body. Dkt. 105-1 at 110. Thus, they are not located where required by claims 1, 15 and 22. In addition, as explained in the Opening Brief, and undisputed by 360Heros, the camera lens holes are larger than the lens of the cameras and thus do not secure the camera. *See* Dkt. 91 at 30, Dkt. 91-7 ¶¶ 27, 29, 35. The lens holes therefore cannot be a structural element for securement and release of the camera, which is Court's construction for "latching feature." Consequently, the Odyssey rig cannot infringe claims 1, 15 and 22.

**7. The Odyssey Rig Does Not Have Receptacles "Disposed Radially About the Exterior" of Support**

Claims 22 and 30 require the receptacle to be "disposed radially about the exterior" of the "supporting frame" or "support." 360Heros contends that the "supporting frame" and "support" is the entire housing of the Odyssey rig. Dkt. 105 at 27 ("Support, supporting frame. ODYSSEY rig structure 30") (bolding removed), 33 ("supporting frame [rig structure 30]"), 35 ("support [rig structure 30]"); Dkt. 105-1 at 117 (annotation of "30 support" pointing to the entire Odyssey rig). Thus, the receptacle is not "exterior" of the housing, but interior of it. This is a separate ground to find non-infringement of claims 22 and 30.

**V. CONCLUSION**

For all the foregoing reasons, GoPro respectfully requests that the Court grant its motion for summary judgment.

DATED: October 13, 2017

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By  */s/ Mehrnaz Boroumand Smith*
     Mehrnaz Boroumand Smith

     Attorneys for Plaintiff
     GOPRO, INC.

70256768V.1