1 | **GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
2 | James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
3 | Irvine, California 92612
Telephone:     (949) 553-1010
4 | Facsimile:     (949) 553-2050
info@gauntlettlaw.com
5 | jal@gauntlettlaw.com

6 | Attorneys for Defendant and Counterclaimant,
360HEROS, INC.

7

8

9 | UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | GOPRO, INC., a Delaware corporation,     )     Case No.: 16-cv-01944-SI
                                           )
13 |                         Plaintiff,     )     Honorable Susan Illston
                                           )
14 |          vs.                           )
                                           )
15 |                                        )     **360HEROS' OBJECTION TO GOPRO'S**
      360HEROS, INC., a Delaware corporation, )   **REPLY EVIDENCE**
16 |                                        )
                         Defendant.        )     Date: November 3, 2017
17 |                                        )     Time: 9:00 AM
                                           )     Ctrm: 1, 17th Floor
18 |                                        )
                                           )
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    OBJECTION TO REPLY DECLARATION OF JOHN PRATT ...................................... 1

II.   PRATT DECL. 2 IS NEW EVIDENCE FROM AN UNDISCLOSED EXPERT ............ 1

    A.    GoPro Submits Additional Inadmissible Evidence............................................. 1

    B.    John Pratt Has Still Not Been Disclosed As an Expert Witness As Required.......................................................................................................... 1

    C.    John Pratt Expert Testimony Proffered Without a Prior Expert Report............. 2

    D.    360Heros Was Barred From Deposing Pratt and Using a Rebuttal Expert ......... 2

    E.    GoPro's Additional Use of Evidence From Pratt Prejudicial And Inadmissible......................................................................................................... 3

    F.    GoPro's Unreasonable Failure to Designate And Failure To Provide A Report................................................................................................................... 4

III.  CONCLUSION ............................................................................................................ 5

## I. OBJECTION TO REPLY DECLARATION OF JOHN PRATT

Defendant 360Heros, Inc. objects to the new evidence submitted in Plaintiff GoPro, Inc.'s Reply in Support of its Motion for Summary Judgment. [ECF 108-3, "Reply"] Civil Local Rule 7-3(d)(1) permits this objection: "If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence[.]" GoPro's Reply relies upon a new declaration from undisclosed expert John Pratt [ECF 109, "Reply Declaration of John Pratt"]. 360Heros objected to the earlier declaration of John Pratt supporting GoPro's MSJ for the same reasons as discussed here.

The Reply Declaration of John Pratt [ECF 109:2] ("Pratt Decl. 2") asserts new factual evidence referenced for the first time in the Reply [ECF 108-3:19], including different assertions regarding receptacles in the Odyssey rig from those in his previous Declaration and he includes a new photograph of the Odyssey for the first time. [ECF 109:5] Mr. Pratt now claims a new understanding about the receptacles ("I understand now that …") [ECF 109:2, ¶¶ 3-4] upon which GoPro relies.

## II. PRATT DECL. 2 IS NEW EVIDENCE FROM AN UNDISCLOSED EXPERT

### A. GoPro Submits Additional Inadmissible Evidence

Despite 360Heros' objection [ECF 105:49] to the original declaration of John Pratt [ECF 91-7] in support of GoPro's MSJ, GoPro has "doubled down" in its submission of inadmissible evidence and has submitted a second declaration of John Pratt [ECF 109] supporting its Reply with new expert testimony from Pratt and even revised opinions different from what he testified to previously. John Pratt remains an undisclosed expert witness who has not previously provided the expert report required by F.R.Civ.P. 26 and this Court's Order. Consequently, 360Heros is prohibited from deposing him about his opinions (even if there were not time constraints in responding to the motion) and, because of the same restrictions, is unable to provide expert rebuttal testimony. Because of GoPro's deliberate failure to comply with the Federal Rules governing expert testimony, the Pratt Decl. 2 is inadmissible as evidence in this case.

### B. John Pratt Has Still Not Been Disclosed As an Expert Witness As Required

Because John Pratt is a witness who has "been retained by GoPro as a technical expert to

assist it in this litigation," GoPro was required to disclose him as an expert and to provide an expert report so that 360Heros could depose and provide rebuttal evidence. This is required both by this Court's Order [ECF 74-1] and F.R.Civ.P. 26(a)(2)(A)-(B). Despite ample time and its own choice of when to file the Motion for Summary Judgment, GoPro did not disclose John Pratt in its First Amended Initial Disclosures on April 26, 2017, its latest disclosure. Nor has GoPro expressly disclosed him as an expert witness as the Rules require.

### C.     John Pratt Expert Testimony Proffered Without a Prior Expert Report

No expert report has ever been provided from John Pratt. GoPro cannot credibly claim that the Declaration of John Pratt meets the requirements of a F.R.Civ.P. 26(a)(2)(B) expert report because it does not satisfy the rule's requirements. That declaration's limited information does not, for example, contain "a complete statement of all opinions the witness will express and the basis and reasons for them[.]" F.R.Civ.P. 26(a)(2)(B)(i). The Pratt declaration claims to "reserve" "the right to amend or update this declaration" and then Mr. Pratt actually does advance a new position on receptacles in the Pratt Decl. 2. This conduct shows the explicit contradiction of the requirement for "a complete statement of all opinions…"

Similarly, Mr. Pratt's consideration of new "facts or data" and the attachment of a previously unseen Exhibit to Pratt Decl. 2 shows that his previous declaration does not comply with F.R.Civ.P. 26(a)(2)(B)(i)-(iii)'s requirements for inclusion of "the facts or data considered by the witness" or "any exhibits that will be used to summarize or support" said "**complete** statement of **all** opinions the witness will express."

Finally, a bare assertion that the expert witness is "being compensated by GoPro" does not fulfill the requirement of "a statement of the **compensation to be paid**" in F.R.Civ.P. 26(a)(2)(B)(vi). The Declaration of John Pratt was not a required expert report.

### D.     360Heros Was Barred From Deposing Pratt and Using a Rebuttal Expert

GoPro's further use of John Pratt as a still undisclosed expert witness for new factual evidence regarding the Odyssey receptacles without submitting him to deposition or rebuttal reports exacerbates the prejudice to 360Heros. Without expert disclosure and an expert report, 360Heros is expressly prohibited by F.R.Civ.P. 26(a)(2)(B) from deposing Pratt until "after the report is

provided." Additionally, the time between the September 15, 2017 first appearance of Pratt to testify in GoPro's MSJ and the deadline for the Opposition to GoPro's Motion for Summary Judgment on October 6, 2017 left inadequate time to pursue a deposition of Pratt, even if it were allowed.

360Heros' inability to depose expert Pratt further prevents it from designating its own expert to provide a rebuttal report under F.R.Civ.P. 26(a)(2)(D)(ii) ("[I]f the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) . . . [the disclosures must be made] within 30 days **after the other party's disclosure.**") (emphasis added). Even if 360Heros rushed to put together a competing expert declaration within the allowable time period between the filing of the MSJ and the filing of the Opposition, use of a rebuttal expert would also be improper for the same reasons that GoPro's use of an undisclosed expert without an expert report was improper.

GoPro cannot credibly suggest that it would have agreed to any extension of time to permit reports and depositions in light of its aggressive objection to a mere one-week extension of time to respond to the MSJ. See ECF 97, 97-1, 97-2, and 97-3.

**E.     GoPro's Additional Use of Evidence From Pratt Prejudicial And Inadmissible**

The inability to depose undisclosed experts, as well as being forced to "address the opinions of [Plaintiff's] undisclosed experts for the first time on summary judgment," is considered prejudicial *Tyco Thermal Controls, Inc. v. Redwood Indus., LLC,* Nos. C 06-7164, C-10-1606, 2012 U.S. Dist. LEXIS 91598, at *6-7 (N.D. Cal. June 29, 2012). It has been considered "palpabl[y] prejudice[ial]" *United States ex rel. McLean v. Cty. of Santa Clara,* No. C05-01962, 2011 U.S. Dist. LEXIS 125713, at *69-70 (N.D. Cal. Oct. 31, 2011). Here, 360Heros was prohibited by Federal Rules and time from deposing Pratt and was forced to argue against undisclosed expert Pratt's opinions for the first time in its Opposition and now cannot even directly address those in the Reply.

The Pratt Decl, 2 is inadmissible and a violation of F.R.Civ.P.56(c)(4) because it does not "set out facts that would be admissible in evidence." Although the California Supreme Court did not consider F.R.Civ.P. 56(c)(4) directly in a recent analogous case, its analysis of Cal. Code Civ. Proc. § 437c, which requires that "affidavits and declarations submitted in summary judgment proceedings 'set forth admissible evidence[,]'" is closely analogous to F.R.Civ.P. 56(c)(4) since section 437c was

deliberately amended to make it "closer to its federal counterpart." *Perry v. Bakewell Hawthorne, LLC*, 2 Cal. 5th 536, 538, 542 (2017). In *Perry*, one party submitted declarations from undisclosed experts during a summary judgment proceeding, and objections by the other party to those declarations was sustained by the trial court and upheld by the Supreme Court. *Id.* at 538-39. Admissible evidence means that the evidence must be *"admissible at trial,"* but declarations by undisclosed experts contain "inadmissible evidence, excludable upon objection if the failure to disclose was unreasonable." *Id.* at 541-42 (emphasis in original). "A party may not raise a *triable* issue of fact at summary judgment by relying on evidence that would not be admissible at trial. *Id.* at 543 (emphasis in original). "[T]he admissibility of the expert's opinion can and must be determined before the summary judgment motion is resolved." *Id.* "[W]hen the court determines an expert opinion [in a declaration] is inadmissible because disclosure requirements were not met, the opinion must be excluded from consideration at summary judgment if an objection is raised." *Id.* at 538.

This same rationale is found in F.R.Civ.P. 37(c)(1) which expressly and automatically prohibits the use of evidence when Rule 26 requirements are not met ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence on a motion[.]**" (emphasis supplied)).

GoPro violated Rule 26 so it may not present evidence of John Pratt to support its MSJ.

**F.     GoPro's Unreasonable Failure to Designate And Failure To Provide A Report**

GoPro has no reasonable justification for its failure to disclose John Pratt as an expert witness or its failure to provide an expert report. As the initiator of the MSJ, GoPro chose when to file the MSJ, and there were no other pressing deadlines that would require the MSJ to be filed at the tie it was, prior to the close of fact and expert discovery. GoPro could have chosen to designate Pratt as an expert prior to their filing of the MSJ but chose not to nor have it attempted to cure this blatant violation of the Federal Rules.

GoPro seeks an improper procedural advantage and has caused 360JHeros substantial and unnecessary time and expense. GoPro deliberately chose in its Reply to continue relying on undisclosed expert testimony of John Pratt, including changes in his previous testimony. declaration despite being on notice of GoPro's disclosure violations, thus compounding the prejudice to

1  360Heros. GoPro's obvious and intentional violation of the Federal Rules and the Court Order

2  should not be rewarded.

3  **III.    CONCLUSION**

4          For the forgoing reasons, 360Heros objects to the new evidence supplied by undisclosed

5  expert John Pratt and requests that the Court disregard his Reply Declaration [ECF 108-3].

6

7  Dated: October 19, 2017                                    **GAUNTLETT & ASSOCIATES**

8
                                                   By:    /s/ James A. Lowe
9                                                          David A. Gauntlett
                                                          James A. Lowe
10
                                                          Attorneys for Defendant,
11                                                         360HEROS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28