UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC.,<br>        Plaintiff,<br>    v.<br>360HEROS, INC.,<br>        Defendant. | Case No. 16-cv-01944-SI<br><br>**ORDER RE DISCOVERY DISPUTE**<br>Re: Dkt. No. 98 |

The Court is in receipt of the parties' joint discovery letter. Dkt. No. 98. Defendant 360Heros, Inc. served a notice under Rule 30(b)(6), seeking witnesses from plaintiff GoPro, Inc. for 28 different topics. In the discovery letter, 360Heros seeks to compel GoPro to provide witnesses for ten topics outlined in defendant's Rule 30(b)(6) Deposition Notice. GoPro asserts that it has already provided witnesses for one of the disputed topics, and it objects to the remainder.

**A.    Topic 9**

Topic 9 seeks testimony regarding "[f]actual bases and evidence supporting Plaintiff's denial that GoPro's infringement of U.S. Patent No. 9,152,019 is willful." Dkt. No. 98 at 10. GoPro asserts that "this topic overlaps with other topics that seek the factual basis supporting GoPro's non-infringement argument and affirmative defensives (Nos. 6 and 8)," and that it already identified two witnesses—Alexander Jenny and Dr. Ingrid Cotoros—to testify about any non-duplicative information that might be relevant to Topic 9. Because 360Heros has not stated why these two witnesses are insufficient, the Court DENIES its request to compel production of a witness for Topic 9.

**B.     Topic 10**

Topic 10 seeks testimony regarding the "[f]actual bases and evidence supporting Plaintiff's Invalidity Contentions including, but not limited to, each ground of invalidity asserted by GoPro in this action." *Id.* at 10. 360Heros has not argued that the Invalidity Contentions are insufficient or offered a reason why this information should not be obtained through expert discovery instead. Therefore, the Court finds that this topic is not appropriate for a Rule 30(b)(6) deposition and DENIES the request to compel production of a witness for this topic.

**C.     Topic 17**

Topic 17 seeks testimony on "[c]ommunications regarding the ODYSSEY rig with representatives of Defendant 360Heros, Inc." *Id.* at 10. GoPro asserts that it has found no such communications and, therefore, cannot identify a witness. *Id.* at 5. 360Heros cites GoPro's First Amended Initial Disclosures to argue that GoPro employees must have knowledge of "design," "development," "marketing," and "offers for sale" of the Odyssey rig, as well as information on "prior art relevant to the '019 patent [and] . . . to unclean hands . . . by 360Heros and/or Mr. Kinter." *Id.* The Court agrees with GoPro that 360Heros now seeks information different from that requested by the deposition topic itself. As to the deposition topic itself, GoPro asserts that there are no such communications. Therefore, the Court DENIES 360Heros' request regarding this topic.

**D.     Topic 20**

Topic 20 seeks testimony on "Plaintiff GoPro's Disclosures." *Id.* at 11. GoPro objects that this topic is vague, overbroad, and seeks information protected by the attorney-client privilege and work product doctrine, among other things. *Id.* at 18. GoPro argues that this topic "asks GoPro to testify about selecting witnesses and documents to support its claims and defenses in this case," which it asserts is privileged. *Id.* at 4. 360Heros argues that it is not seeking privileged information, but rather the factual basis and evidence supporting GoPro's claims. *Id.* at 2. The

Court finds that this topic is overbroad and DENIES the request to compel production of a witness for this topic.

### E. Topics 22 – 24

Topic 22 seeks "[t]he factual bases and evidence from Joergen Geerds reflecting or evidencing alleged prior art for U.S. Patent No. 9,152,019." *Id.* at 11. Topic 23 seeks "[t]he factual bases and evidence from Joergen Geerds reflecting or evidencing the alleged invalidity of one or more claims of U.S. Patent No. 9,152,019." *Id.* Topic 24 seeks "[t]he factual bases and evidence from Joergen Geerds reflecting or evidencing GoPro's alleged infringement of one or more claims of U.S. Patent No. 9,152,019." *Id.* 360Heros argues that "it is interested in the facts to the extent that GoPro is reasonably believed to have such evidence, based upon information provided in its Initial Disclosures." *Id.* at 2. GoPro, on the other hand, asserts that these topics seek information that it does not possess and that it has already assigned witnesses to testify about its affirmative defenses, non-infringement argument, and relationship with non-party Geerds. *Id.* at 5 (citing Topics 6, 8, and 21). Because it appears that GoPro has already identified witnesses relevant to the issues of invalidity, infringement, and Geerds, the Court DENIES the request to compel production of witnesses for these topics.

### F. Topics 26 – 27

Topic 26 seeks testimony regarding "[t]he identification and production of documents and things responsive to Defendant's Interrogatories and Defendant's Requests for Production." *Id.* at 11. Topic 27 seeks testimony on "Plaintiff GoPro's Responses to Defendant's Interrogatories and Defendant's Requests for Production." *Id.* GoPro argues that these topics seek privileged information because attorneys were involved in drafting written discovery and identifying material for production. *Id.* at 4. It also argues that the topics are unduly burdensome because "they would expose a company representative to questioning about every single page of material produced by GoPro and every shred of information in its interrogatory responses." *Id.* 360Heros asserts that

3

GoPro's objections are boilerplate and unsupported. The Court finds that these topics are not appropriate for a Rule 30(b)(6) deposition and DENIES the request to compel the production of a witness for this topic.

**G. Topic 28**

Topic 28 seeks "[t]he authentication of documents and things responsive to Defendant's Interrogatories and Defendant's Requests for Production including but not limited to their description, creation, location, author, custodian and whether they were produced and kept in the ordinary course of business." *Id.* at 11. GoPro objects that this is overbroad, stating that it would be impossible to prepare witnesses to authenticate the entire scope of its production (over 16,000 pages). *Id.* 360Heros asserts that it is seeking factual support for GoPro's claims, which is proper for Rule 30(b)(6) depositions. *Id.* at 3. The Court finds this request overbroad and inappropriate for a Rule 30(b)(6) deposition. Therefore, it DENIES the request to compel production of a witness for this topic.

**IT IS SO ORDERED**.

Dated: October 25, 2017

SUSAN ILLSTON
United States District Judge