UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC., <br>     Plaintiff, <br>     v. <br> 360HEROS, INC., <br>     Defendant. | Case No. 16-cv-01944-SI <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION IN LIMINE; AND GRANTING PLAINTIFF'S MOTION FOR SANCTIONS** <br><br> Re: Dkt. Nos. 165, 173, 190 |

On March 23, 2018, the Court heard argument on plaintiff's motion for summary judgment (Dkt. No. 173), defendant's motion *in limine* (Dkt. No. 190), and plaintiff's motion for partial terminating sanctions (Dkt. No. 165). Having carefully considered the arguments of the parties and the papers submitted, the Court hereby GRANTS IN PART and DENIES IN PART the motions.

## I. Motion for Summary Judgment

Plaintiff moves for summary judgment of infringement by 360Heros of plaintiff's HERO mark. Plaintiff alleges four causes of action against 360Heros: federal trademark infringement, federal unfair competition, California unfair competition, and California common law trademark infringement. Dkt. No. 173.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on

file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)).

Plaintiff claims defendant willfully infringed GoPro's HERO mark by using "360Heros" in relation to defendant's products. Plaintiff seeks disgorgement of defendant's profits. Defendant argues plaintiff cannot prove a likelihood of confusion and that plaintiff acquiesced to defendant's

2

use of the mark.[1]

"The [Lanham] Act allows for civil liability against '[a]ny person who, on or in connection with any goods or services, ... uses in commerce any word, term, name, symbol, or device, or any combination thereof ..., which (A) is likely to cause confusion ... as to the origin, sponsorship, or approval' of the goods or services." *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002) (citing 15 U.S.C. 1125(a)(1)) (emphasis in original).

"To prevail on its Lanham Act trademark claim, a plaintiff 'must prove: (1) that it has a protectable ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.'" *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) (citation omitted). The parties do not dispute plaintiff's protectable ownership interest in the mark. Accordingly, the Court will analyze only the likelihood of confusion.

"The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Dreamwerks Production Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998). The 9th Circuit has developed eight factors to help determine the likelihood of confusion:

> (1) The strength of plaintiff's trademark; (2) the similarity of the marks; (3) the proximity or relatedness of the goods or services; (4) defendant's intent in selecting the mark; (5) evidence of actual confusion; (6) the marketing channels used; (7) the likelihood of expansion of product lines; and, (8) the degree of care consumers are likely to exercise.

*AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir.1979). "This multi-factor approach must be applied in a flexible fashion" and should not be used as a "rote checklist." *Rearden*, 683 F.3d at 1209. There is no particular number of factors required to be present for summary judgment to be warranted. *Entrepreneur*, 279 F.3d at 1141. "Although the *Sleekcraft* test plays an

---

[1] Plaintiff's claims for federal unfair competition and the related state law claims are, for purposes of this motion, dependent on the validity of its Lanham Act claims. Thus only the latter will be discussed here.

3

important role in the analysis of whether a likelihood of confusion exists, '[i]t is the totality of facts in a given case that is dispositive.'" *Id.* at 1140 (citation omitted).

Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena. *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1109 (9th Cir. 1999); *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1356 (9th Cir. 1985) ("For instance, trial courts disfavor deciding trademark cases in summary judgments because the ultimate issue is so inherently factual.").

The Court has analyzed the *Sleekcraft* factors and finds, at a minimum, that defendant raises material issues of fact as to numerous of the factors. The question of whether plaintiff's claim should succeed is a question for the jury. Accordingly, the Court DENIES plaintiff's motion for summary judgment.

## II. Defendant's Motion *in Limine*

Defendant has filed a motion *in limine* to exclude the testimony of Mr. Derek Duarte, plaintiff's forensic analysis expert. Dkt. No. 190. Defendant contends Mr. Duarte's testimony should be excluded because Mr. Duarte is unqualified and his proposed testimony is irrelevant. The Court finds, on the record before it, that Mr. Duarte is qualified to testify on these matters. Mr. Duarte is the President of BlackStone Discovery; he has overseen BlackStone's Digital Forensics division since 2014; and he has managed at least fifty forensic investigations involving Skype communications. Mr. Duarte is a licensed attorney in California and has completed coursework in programming and computer science. He is also a certified computer programmer. The Court finds Mr. Duarte's proposed testimony directly relevant to the authenticity of the disputed Skype conversation. Defendant's motion is DENIED. This denial is without prejudice to specific objections at trial.

### III. Plaintiff's Motion for Partial Terminating Sanctions

Plaintiff GoPro moves for terminating sanctions, or in the alternative, for evidentiary and instructional sanctions, on the grounds that defendant 360Heros' forged evidence related to the parties' dispute over plaintiff's ABYSS mark. According to plaintiff, in November of 2016, in response to plaintiff's investigation of defendant's prior use defense, defendant produced to plaintiff two emails (in a single PDF format) containing the transcript of two 2014 Skype conversations between 360Heros' Mr. Kintner and Alexandre Jenny, the founder of GoPro subsidiary Kolor. In the Skype conversations as produced by 360Heros, Mr. Kintner references "abyss" twice. On February 5, 2014, Mr. Kintner asks Mr. Jenny: "[W]hile looking we've got some auto stitching issues with our v2 underwater abyss gear, can we discuss?" On March 20, 2014, Mr. Kintner asks Mr. Jenny: "Do you have a second to discuss our v2 underwater abyss?"

At his deposition, Mr. Kintner testified under oath that the PDF document was a true and correct copy of the Skype conversation. Mr. Kintner stated he had copied and pasted the Skype conversation between himself and Mr. Jenny into an email, and then sent it to himself. Mr. Kintner claimed the only alteration he made to the document was to highlight the two lines of conversation containing the word abyss. In response to GoPro's request for the Skype files in their native form, Mr. Kintner claims the original Skype conversation is no longer available to him.

As part of its investigation into 306Heros' claims, GoPro accessed equipment containing Mr. Jenny's end of the Skype conversation with Mr. Kintner. Mr. Jenny's Skype records did not contain the two highlighted lines referencing "abyss." To confirm their findings, GoPro retained BlackStone Discovery to conduct a forensic analysis. BlackStone accessed Mr. Jenny's Skype database and using Access Data FTK, a forensic imaging tool, determined that Mr. Jenny's imaged Skype database did not contain the two highlighted lines referencing abyss.

Defendant counters that BlackStone's results are unverifiable and unreliable because plaintiff's expert, Mr. Duarte, cannot verify that the data on Mr. Jenny's hard drive contains the same data as on the hard drive in 2014. According to defendant, it is more likely that Mr. Jenny modified the metadata associated with the file. Further, defendant argues that the document is

5

immaterial and irrelevant to its defense.

A terminating sanction, such as dismissal or default, is a harsh penalty and should only be imposed in extreme circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "[S]anctions are appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" F*air Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (quoting *United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988)).

A district court should also consider: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

The Court is not persuaded by defendant's explanation of the suspect document, and concludes on the present record that defendant deliberately altered it in an effort to strengthen its legal position with respect the ABYSS mark. GoPro argues it has been prejudiced because as part of its investigation into 360Heros' prior use defense, GoPro incurred various expenditures, including having to locate and hire an expert to forensically investigate the Skype chat. Sanctions less drastic than terminating sanctions are available to remedy any potential prejudice to GoPro. Accordingly, the Court finds that sanctions are warranted, and that the appropriate sanctions in this case are twofold: (1) an adverse inference instruction at trial, related to Mr. Kintner's conduct[2]; and (2) reimbursement to GoPro of the costs incurred in retaining Mr. Duarte, including expenses paid to Mr. Duarte and the cost of attorney time required to locate and retain Mr. Duarte.

---

[2] The jury will be instructed that it can infer from the fact that the Skype conversations differ that Mr. Kintner tampered with evidence and that Mr. Kintner has failed to account for the original data. The jury may consider and draw adverse inferences from these facts.

Plaintiff shall submit its statement of costs so incurred in a sworn document to be filed no later than April 13, 2018.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion for summary judgment, DENIES defendant's motion *in limine*, and GRANTS IN PART plaintiff's motion for sanctions.

**IT IS SO ORDERED**.

Dated: March 30, 2018

_____
SUSAN ILLSTON
United States District Judge