UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>360HEROS, INC.,<br><br>    Defendant. | Case No. 16-cv-01944-SI<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 228, 217, 207, 201, 200, 195, 193, 147, 129, 124 |

In support of their motions for summary judgment, motions to strike, and motions for sanctions, the parties submitted numerous administrative motions to file certain materials under seal. With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, or a motion "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp.,* LLC, 809 F.3d 1092, 1101 (9th Cir. 2016), the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotation marks omitted). Generally, however, when a party seeks to seal documents attached to a non-dispositive motion only tangentially related to the merits of a case, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *Ctr. for Auto Safety*, 809 F.3d at 1099 (9th Cir. 2016); Fed. R. Civ. P. 26(c).

1    The Court has reviewed each of the administrative motions and finds there to be good cause and compelling reasons to seal the majority of the requested materials. Accordingly, the Court GRANTS docket nos. 217, 207, 200, 195, and 124.

In docket nos. 129 and 147, 360Heros seeks to seal information because GoPro has designated that information confidential under the parties' protective order. *See* Dkt. Nos. 129, 147. Pursuant to Civil Local Rule 79-5(e), if a submitting party seeks "to file under seal a document designated as confidential by the opposing party . . . or a document containing information so designated by an opposing party," "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." N.D. Cal. L.R. 79-5(e). GoPro has not done so with respect to docket nos. 129, 147. Accordingly, the motions are DENIED.

As to docket nos. 193 and 201, the Court DENIES plaintiff's motions to seal and requests for sanctions. In docket no. 193, plaintiff contends defendant failed to file under seal materials marked Confidential or Highly-Confidential-Attorney's Eyes Only by plaintiff and related third-parties. Plaintiff asks the Court for administrative relief requiring 360Heros to re-file the motions under seal and also asks the Court to award plaintiff fees and costs incurred in addressing the violation. Defendant has filed an opposition to the motion and contends that while defendant failed to request sealing of four exhibits it corrected the error by filing a subsequent motion to seal (Dkt. No. 200). In addition, defendant contests whether the remaining exhibits in dispute warrant sealing. Defendant argues the exhibits are either documents of 360Heros or are otherwise public and not confidential. The Court finds that good cause has not been shown and DENIES the motion at docket no. 193. In docket no. 201, plaintiff supplements its prior motion to seal (Dkt. No. 193) and argues it has identified additional exhibits containing information that 360Heros improperly filed. Defendant opposes the motion. The Court finds that good cause has not been shown and DENIES the motion at docket no. 201.

Court further notes that plaintiff has sought to seal portions of the parties' March 23, 2018 hearing transcript. *See* Dkt. No. 228. This request is DENIED. Material that has been publicly

2

disclosed cannot be protected. *In re Google Inc. Gmail Litig.*., No. 13-MD-02430-LHK, 2014 WL 10537440, at *5 (N.D. Cal. Aug. 6, 2014). Here, the parties did not request the courtroom be closed. The Court will not allow an ex post facto redaction of statements made in open court in the transcript. *Id.*

**IT IS SO ORDERED**.

Dated: April 3, 2018

_____
SUSAN ILLSTON
United States District Judge