UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPRO, INC.,<br>        Plaintiff,<br>    v.<br>360HEROS, INC.,<br>        Defendant. | Case No. 16-cv-01944-SI<br><br>**ORDER RE: RECENTLY FILED MOTIONS AND ADMINISTRATIVE ISSUES**<br><br>Re: Dkt. Nos. 206, 218, 223, 227, 232, 235, 239, 241, 249 |

Now before the Court are various motions filed by the parties. The Court will address each of the motions, as well as various pending administrative issues.[1]

**1. Defendant's Motion for Partial Summary Judgment [Dkt. No. 218]**

On March 23, 2018, defendant filed a motion for partial summary judgment alleging plaintiff cannot prove: (1) copyright infringement damages; (2) trademark infringement or damages relating to the ABYSS mark; and (3) damages relating to infringement of the HERO mark. Dkt. No. 218.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catreet*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The

---

[1] Plaintiff's administrative motion at Dkt. No. 206 is DENIED as moot.

moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id*. at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence…will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving] party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge…ruling on a motion for summary judge…" *Id*. However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp*., 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c).

In support of its argument that plaintiff has no available remedy for copyright infringement, defendant argues, inter alia, that plaintiff has no evidence of lost profits or value of use to the infringer, and cannot establish damages based on defendant's profits. Dkt. No. 218. Plaintiff asserts a damages theory based on defendant's indirect profits measured by avoided costs -- in essence, that defendant 360Heros avoided costs, thereby increasing its profits, by using GoPro's marketing images instead of creating its own. The Court finds that there are material disputes of fact concerning plaintiff's claimed damages. Accordingly, defendant's partial motion for summary judgment as to copyright damages is DENIED.

As to defendant's remaining claims concerning trademark infringement and damages associated with the ABYSS and HERO marks, the Court has reviewed the record and arguments

2

presented at the hearing and finds, at a minimum, that plaintiff raises material issues of fact as to the allegations at hand. Because defendant has not shown there are no genuine issues of material fact regarding the ABYSS and HERO marks, the Court DENIES defendant's motion. [2]

**2. Plaintiff's Motion for Leave to Serve Reply Expert Report [Dkt. No. 227]**

On March 30, 2018, plaintiff filed a motion for leave to serve a reply expert report responding to defendant's rebuttal report. Dkt. No. 227. Plaintiff argues defendant's rebuttal report introduces evidence outside the scope of plaintiff's expert report, was filed on the rebuttal deadline (denying plaintiff an opportunity to respond), and fails to address or respond to plaintiff's report. (The Court ordered the parties to serve opening expert reports on February 8 and rebuttal reports on March 8; there was no provision for reply expert reports). Defendant opposes the motion and contends that its report rebuts plaintiff's likelihood of confusion contentions. Defendant also argues that allowing a reply would prejudice defendant by modifying the remaining case schedule.

The purpose of rebuttal is to "introduce facts and witnesses appropriate to deny, explain or discredit the facts and witnesses adduced by the opponent." *Meyer Mfg. Co. v. Telebrands Corp.*, No. 2:11-CV-03153-TLN, 2013 WL 3242209, at *3 (E.D. Cal. June 20, 2013). Having considered the arguments presented and the recently filed joint stipulation continuing the trial date, plaintiff's motion is GRANTED. Plaintiff is granted leave to serve the reply expert report of Dr. Carol Scott by May 31, 2018. Defendant may depose Dr. Scott within three weeks (3) of receiving the reply expert report. The reply and deposition are limited to the sole purpose of replying to defendant's rebuttal report. In addition, defendant may also submit a further rebuttal

---

[2] On March 27, 2018, plaintiff lodged an unauthorized post-hearing letter (Dkt. No. 216) in violation of Civil Local Rule 7-3(e), which provides that "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." That unauthorized submission will not be considered by the Court. Defendant's motion to strike (Dkt. No. 223) is GRANTED.

3

report. The deadline for defendant's rebuttal report is June 21, 2018.

### 3. Defendant's Motion for Leave to File a Motion for Reconsideration of Sanctions Order [Dkt. No. 239]

On April 11, 2018, defendant filed a motion for leave to file a motion for reconsideration of the Court's March 30, 2018 Order granting, in part, plaintiff's motion for sanctions. The Court has reviewed defendant 360Heros' Request for Leave to File a Motion for Reconsideration. Defendant has failed to demonstrate that a motion for reconsideration is appropriate under Civil Local Rule 7-9. Accordingly, defendant's motion is DENIED.

The Court notes, however, that motion for sanctions was decided on the written record presented to the Court to date, and the adverse-inference instruction is premised on that record. At trial, either party is free to present other or further evidence on this issue.

### 4. Administrative Motions to Seal [Dkt. Nos. 232, 235, 241, 249]

The parties have four pending motions to seal. One of the motions does not fully comply with the local rules. That motion is DENIED. Dkt. No. 235. Another motion to seal is opposed. Dkt. No. 249. That motion is DENIED. The remaining two motions to seal, Dkt. Nos. 232 and 241, are GRANTED.

Throughout the course of this litigation, the parties have filed upwards of twenty (20) motions to seal. This has resulted in a convoluted, disorganized record and raises concerns about overlap in the under seal documents. The parties are advised that should the parties seek to file future motions to seal, they are to file a jointly prepared chart that clearly and succinctly summarizes the documents sought to be sealed and the positions of the party as to each.

Specifically, each row of the chart should list the following information: (1) the document sought to be sealed, (2) the docket number of the redacted version of the document, (3) the docket number of the unredacted version of the document, (4) a pin citation portion of the document

4

sought to be sealed, (5) the party seeking sealing, (6) asserted grounds for sealing, (7) the party opposing sealing, and (8) asserted grounds for opposition. Each of the aforementioned categories should be a separate column of the chart. If the parties seek to seal multiple portions of the same document, each portion should be listed as a separate row in the chart.

**IT IS SO ORDERED**.

Dated: May 11, 2018

_____
SUSAN ILLSTON
United States District Judge